## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE
VITUNAC

Robert M. Gordon
    Plaintiff

v.

The Honorable Martin H. Colin
*In his official capacity and in his
personal capacity,*

Bruce S. Rosenwater, Esq.

Emily J. Gordon

    Defendants

CIV-RYSKAMP

# 06-80776

Civil Case Number: 06-

**VERIFIED
COMPLAINT and**

**DEMAND FOR A JURY TRIAL**

---

## COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL FRAUD AND MISREPRESENTATION; WRIT OF MANDAMUS; VIOLATION OF THE 14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA; AND VIOLATION OF ARTICLE I § 23 OF THE CONSTITUTION OF THE STATE OF FLORIDA

---

### NATURE OF ACTION

Plaintiff, Robert M. Gordon, *pro se*, brings this action to obtain redress for the deprivation and the unlawful acts of the Defendants individually and/or in concert with each other to deprive Plaintiff of his federally protected rights as hereafter alleged, for the intentional infliction of emotional distress, as well as for



declaratory and injunctive relief, including compensatory damages and punitive damages relief.

These claims are based on the wrongful acts of the defendants, individually and/or in concert with each other, through a series of ultra vires Florida State Court proceedings in January 2006, culminating in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power by (A) the issuance on February 13, 2006 of a ultra vires unlawful bodily commitment order and arrest warrant to have the Plaintiff arrested in the State of Maryland and brought to Florida (EXHIBIT 1); (B) the issuance on February 27, 2006 of a ultra vires unlawful amended bodily commitment order and arrest warrant to have the Plaintiff arrested in the State of Maryland and brought to Florida (EXHIBIT 2); and further the Plaintiff is under threat by the Defendants that another ultra vires bodily commitment order and arrest warrant will be issued for the arrest of the Plaintiff.

The issuance of these unlawful ultra vires bodily commitment orders and arrest warrants to have the Plaintiff arrested in the State of Maryland are designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights. The ultra vires conduct of the Defendants is well known to a reasonable person in that the Defendant The Honorable Martin H. Colin acted in a ministerial not a judicially neutral capacity, which acts were specific ministerial acts devoid of the exercise of judgment or discretion.

The Plaintiff's civil rights under the First, Fifth and Fourteenth Amendments are, but not limited to, (1) the Plaintiff's right to petition this Honorable Court for redress of grievances; (2) the Plaintiff's Constitutional rights protect him from being punished without due process of law; and (3) the Constitution explicitly binds the states with due process protections, and procedural due process places limits on the assertion of personal jurisdiction over a defendant to a lawsuit, limiting the locations where that defendant may be

hailed into court; and (4) the Constituition under Due Process places limitations on laws and legal proceedings in order to guarantee the Plaintiff fundamental fairness, justice, and liberty; and (5) the Defendants, in particular Defendant The Honorable Martin H. Colin who willfully obfuscated the meaning of the Fourteenth Amendment when rendering unlawful jurisprudence with the goal of advancing his own personal bias; and (6) the Constitution permits the Plaintiff to sue Defendant The Honorable Martin H. Colin as a state official acting in his individual capacity.

Further, Injunctive and declaratory relief is available to the Plaintiff. The Plaintiff has established (1) the fact of the violations, (2) the plaintiff has demonstrated the presence of continuing irreparable injury if the injunction does not issue, and (3) there is a lack of adequate remedy at law.

As to the issuance of a declaratory judgment, an actual substantial controversy exists, and the Plaintiff is under continuing threat of being arrested if he comes to Florida to plead and/or give testimony in this case before this Honorable Court or his pending case that is now under appeal before The Florida Fourth District Court of Appeal, Case No. 4D06-1008, which constitutes (A) sufficient immediacy and reality to warrant the issuance of a declaratory judgment, (B) it is an actual continuing controversy, rather than a hypothetical or contingent one; and (C) it creates a definite threat of future injury.

The claims upon which relief is requested are: Declaratory Relief, Deprivation of Constitutional Rights and Privileges (42 U.S.C. § 1983), Intentional Infliction of Emotional Distress, Intentional Fraud and Misrepresentation, Injunctive Relief, Writ of Mandamus, Violation of the 14th Amendment of The Constitution of The United States Of America; and Violation of Article I § 23 of The Constitution of The State of Florida.

## JURISDICTION

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution of the United States.

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the plaintiff by the First, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

3.     Plaintiff's claims for declaratory relief and compensatory damages are sought under authority of 28 U.S.C. §§ 2201, 2202.

4.     Plaintiff seeks permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5.     This Court is authorized by the All Writs Act, 28 U.S.C. § 1651(a) to issue a Writ of Mandamus.

6.     Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 in that any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Plaintiff's claims for attorneys' fees and costs are predicated upon 42

U.S.C. § 1988, which authorize the award of attorneys' fees and costs to

prevailing parties pursuant to

42 U.S.C. § 1983.

## **VENUE**

8.     Venue is properly laid in this Court since all of the events leading to this

cause of action occurred in West Palm Beach, Florida.

9.     All defendants are also residents of Palm Beach County, Florida.  As the

claims arose there, 28 U.S.C. § 13 permits that venue be laid in this District.

## **THE PARTIES**

10.    Plaintiff, Robert M. Gordon (hereinafter referred to as Plaintiff) is a citizen

of the State of Maryland since 1989.

11.    Defendant The Honorable Martin H. Colin is a citizen of the State of

Florida, and has been and is currently the Circuit Court Judge in the Fifteenth

Judicial Circuit Court in and for Palm Beach Count in the state of Florida at all

times relevant to the claims raised herein.

12.     Defendant Bruce S. Rosenwater, Esq. (hereinafter referred to as Defendant Rosenwater) is a citizen of the State of Florida, has been and continues to be counsel for Emily J. Gordon and is a member of the Florida Bar.

13.     Defendant Emily J. Gordon (hereinafter referred to as Defendant Emily Gordon) is a citizen of the State of Florida, and is gainfully employed and is self-purported to be in good health.

14.     The Plaintiff is in compliance with Fed. Rule Civ. Proc. Rule 11.  The Plaintiff obtained a legal degree over 33 years ago, but has never been a member of the bar, and has never practiced law.  In this action the Plaintiff is not represented by an attorney and therefore complies with the terms of Rule 11.

15.     In fact, the very nature of the claims and defendants actions has made it impossible for the Plaintiff to afford or let alone find an attorney to represent him in this action.  The parties and claims are too politically charged and carry extreme personal risk of retaliation for an attorney and his client.  Perhaps the Plaintiff's continued search for representation will be successful.


## STATEMENT OF THE FACTS


16.     In 1990, Plaintiff, Robert M. Gordon and Defendant Emily Gordon, Emily J. Gordon, were divorced in Palm Beach County, Florida.

17.     At the time of the divorce Defendant Emily Gordon was a Florida resident and Plaintiff was a Maryland resident. The parties' marriage was dissolved and

Plaintiff was ordered to pay permanent periodic alimony of $500.00 a month. (EXHIBIT 3 - Divorce Decree by the Fifteenth Judicial Circuit Court of Florida, Case Number 501990DR000774XXDIFD). Monthly payments were to continue until Defendant Emily Gordon remarried or either party died.

18.    At the time of dissolution there was one adult child.  That child has continued in good health, is independent, economically self-supporting, and living apart from his parents.

19.    On October 3, 1990, Defendant Emily Gordon sought to enforce the Florida judgment in Maryland (EXHIBIT 4).

20.    On November 12, 1992, the Florida Final Judgment of Dissolution of Marriage was enrolled (domesticated) as a Maryland Order (EXHIBIT 5).

21.    For nearly the next twelve (12) years, Plaintiff and Defendant Emily Gordon litigated any and all issues involving their former marriage in Maryland as evidenced by the Maryland Court Docket Entries (EXHIBIT 6), and over 800 pages of evidentiary documents.

22.    Such litigation efforts included, but were not limited to, Defendant Emily Gordon's petition to enforce a foreign judgment what became a Maryland Judgment which she acknowledge in ¶ 2, and attempts to hold Plaintiff in contempt (EXHIBIT 7); Plaintiff's motions to modify alimony (EXHIBIT 6 page 6 Num/Seq 0008000 Document Filed 03/03/97); and numerous other actions. The parties continued to litigate all issues in Maryland through December 2003, when once again a Maryland Order (EXHIBIT 9) Dismissing Defendant Emily Gordon's Motion to Enforce Contempt and Incarcerate (EXHIBIT 8).

23.    Having brought the action in Maryland, Defendant Emily Gordon did not challenge the jurisdiction of the Maryland court to modify alimony.

24.    Defendant Emily Gordon had definitively waived personal and subject matter jurisdiction to the Courts of Maryland. Through non-assertion, and her

participation in this litigation in the Maryland Courts starting in 1990. She did

not challenge the Maryland court's jurisdiction.

25.    Counsel represented both Plaintiff and Defendant Emily Gordon, when she

enrolled, incorporated, and domesticated their "Order and Final Judgment of

Dissolution of Marriage" in Maryland.

26.    In the ensuing years that followed, the Defendant Emily Gordon answered

pleadings, made numerous court appearances, called witnesses, and raised no

objection to Maryland's jurisdiction.

27.    On January 27, 2000, Plaintiff filed a petition in Maryland to decrease
and/or to terminate alimony (EXHIBIT 10).

28.    On June 19, 2000, the Maryland court heard the motion to modify and
petition for contempt (EXHIBIT 6 Page 7 Num/Seq. 0032000 Filed 06/19/00)

29.    On June 21, 2000, the Maryland court reduced Plaintiff's alimony
obligation to $250.00 a month (EXHIBIT 11).

30.    The parties continued to litigate in Maryland through 2003, and on

December 18, 2003, the Circuit Court for Baltimore County, Maryland once

again entered an Order dismissing yet another of Defendant Emily Gordon's

Petitions for Contempt and Incarceration (EXHIBIT 9). The Court concluded that

there had been no change in the Plaintiff's financial situation since the last

hearing in that Court.

31.    Over the years Defendant Emily Gordon had filed numerous contempt

petitions in Maryland based on her wishful thinking and utter speculation with

the intent to have the Plaintiff incarcerated for non-payment of alimony, which

the Maryland Court after careful review of the evidentiary material decided that

incarceration was not an option the Court would consider.

32.    However, dissatisfied with the results of her litigation efforts and her obsession to have Plaintiff incarcerated, Defendant Emily Gordon abandoned Maryland after 12 years of litigation there and sought the same relief in Florida.

33.    On October 8, 2004, Defendant Emily Gordon filed a motion in the Circuit Court of Palm Beach County, Florida, which sought to hold Plaintiff in contempt for failing to pay alimony arrearages with no mention of the years of litigation in Maryland or the Maryland Modification Order (EXHIBIT 12).

34.    Plaintiff moved to dismiss the contempt motion and sought sanctions on the ground that Defendant Emily Gordon was forum shopping and had failed to advise the Florida court that the initial alimony award of $500.00 a month had been reduced to $250.00 a month by the Maryland court in June of 2000, which Motion was denied by the Defendant The Honorable Martin H. Colin on January 11, 2006  (EXHIBIT 13). The Maryland ruling on Plaintiff's motion to modify and Defendant Emily Gordon's contempt petition was attached to the motion (EXHIBIT 11).

35.    On or about January 11, 2006, The Defendants committed ultra vires acts of deceit, deception, misrepresentation, and fraud under color of state law.

36.    On or about January 11, 2006, the defendants through a Florida State Court proceeding that culminating in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights as heretofore set out.

37.    The ultra vires conduct of the Defendants is well known to a reasonable person in that the Defendant The Honorable Martin H. Colin acted in a ministerial not a judicially neutral capacity.

38.    In the judicial proceedings on January 11, 2006 before Defendant The Honorable Martin H. Colin, the presiding judge, the Defendants orchestrated the following:  (1) the Plaintiff agreed through his counsel to a telephonic deposition which was opposed by Defendant Rosenwater; (2) It was then agreed by

Plaintiff's counsel and Defendant Emily Gordon, acting through her counsel,
Defendant Rosenwater, that the Defendant would agree not to depose the Plaintiff
if the Plaintiff would not appear at the forthcoming hearing before the  Defendant
The Honorable Martin H. Colin on January 30, 2006 (EXHIBIT 19 - PAGE 7
Page Break Line 10 Line 11 to PAGE 8 Page Break Line 11 Line 14).

39.     This agreement was made in the Hearing before the Defendant The
Honorable Martin H. Colin whose acceptance in this matter was a clear de facto
acceptance that the Plaintiff's non-appearance would not place the Plaintiff in
jeopardy of being arrested as set forth in a warning on the summons that was
served on the Plaintiff on November 8, 2004 at his residence in Maryland.

40.     The warning stated, "Failure to appear at the hearing may result in the
court issuing a Writ of Bodily Attachment for your arrest. If you are arrested, you
may be held in jail up to 48 hours before a hearing is held."

41.     The Plaintiff under mutual agreement with the Defendants was not
going to appear at the January 30, 2006 hearing; and because of the
agreement was not violating the summons and nor its ominous arrest
warning.

42.     In addition, the Plaintiff was in fact represented by counsel at the January
30, 2006, hearing.

43.     In a deposition on January 24, 2006, the Defendant Emily Gordon,
admitted under oath that she has no new knowledge of the Plaintiff's financial
situation since her last contempt petition in Maryland, which was adjudicated and
dismissed in favor of the Plaintiff

(EXHIBIT 14 – PAGE 40 Page Break Line 25 lines 4 to PAGE 41 Line 18),

> **Q.  (*Plaintiff's Attorney*) "What evidence, what hard evidence
> other than your speculation and your belief ………. do you
> intend to bring to the hearing on Monday to prove that Mr.
> Gordon (*Plaintiff*) has the current and present ability to pay you
> anything? ………**

**Q.  So as we sit here today, you're telling me you** (*Defendant Emily Gordon*) **cannot prove that he** (*Plaintiff*) **has the ability to pay you?"**

**A.  (***Defendant Emily Gordon***) "No, I can't prove it."**
**[EMPHASIS ADDED]**

44.    The Plaintiff's counsel offered into evidence on January 23, 2006, the Plaintiff's notarized financial statement (EXHIBIT 15).

45.    On or about January 30, 2006 Defendant The Honorable Martin H. Colin, acting in his ministerial, not neutral adjudicator capacity, in concert with the other defendants did knowingly, willfully, wantonly, and with malice enter an ultra vires contempt order and two (2) ultra vires bodily commitment orders and did issue arrest warrants to have the Plaintiff arrested in the State of Maryland and brought to Florida.

46.    At the January 30th hearing, the Plaintiff's counsel informed the Defendants that he had offered into evidence on January 23, 2006, the Plaintiff's notarized financial, which was sufficient for any reasonable person to establish the plaintiff's present ability or inability to comply with an Order for the payment of alimony to Defendant Emily Gordon and/or to establish the plaintiff's present ability or inability to pay a purge amount in the event the Plaintiff was found in Contempt.

47.    The Plaintiff's notarized financial statement overcomes any presumption in law that the Plaintiff had the present ability to pay alimony and/or a purge payment in this case. The Defendant The Honorable Martin H. Colin ignored this crucial and compelling evidence with flagrant disregard. The evidence was proper and had not been challenged by the Defendants.

48.    Further, the Plaintiff's notarized financial statement dispelled the presumption of his ability to pay by demonstrating that, due to circumstances beyond the plaintiff's control, which intervened since the time the order directing

him to pay was entered, he no longer has the ability to meet his support obligations

49.    At all times relevant to the case, the Plaintiff continued his objection to the jurisdiction of the Circuit Court for Palm Beach County, Florida, which objections were denied by Defendant The Honorable Martin H. Colin, and which is now under appeal before The Florida Fourth District Court of Appeal, Case No. 4D06-1008.

50.    The Plaintiff admitted into evidence the years of Maryland rulings and a Maryland Order modifying the Plaintiff's alimony obligation, as well as, filed, motions opposing Florida's claim to subject matter jurisdiction.

51.    In addition, the Plaintiff's attorney filed in the alternative a motion for Florida to take recognition of the Maryland Modification Order, all of which the Defendant The Honorable Martin H. Colin denied.

52.    Defendant The Honorable Martin H. Colin ignored the Plaintiff's notarized financial statement although he acknowledged he had the Plaintiff's notarized financial statement and that it was properly entered into evidence.

53.    Defendant Emily Gordon offered no evidence into the record before or during the January 30th hearing that would contradict the Plaintiff's Notarized Financial Affidavit.

54.    During the January 30, 2006 hearing, Defendant Emily J. Gordon, by and through counsel Defendant Rosenwater, before Defendant The Honorable Martin H. Colin, moved for and was granted a contempt order against the Plaintiff for alleged alimony non-payment totally ignoring the Maryland Modification Orders and the Maryland Courts calculation of alimony arrearage, and based the contempt judgment on the basis of the 1990 Florida Divorce Decree.

55.    Defendant The Honorable Martin H. Colin based on nothing evidentiary and therefore entirely on sheer speculation and totally ignoring the Plaintiff's financial affidavit that had been properly submitted into evidence, concluded that

Plaintiff has had and continues to have the ability to make alimony payments without any factual basis for his findings.  Further, the Defendant The Honorable Martin H. Colin completely rejected all the other evidence presented, including but not limited to, the Maryland Modification Order and other Maryland Rulings on this same issue, and over 800 Court Certified pages from the Maryland proceedings that included years of tax returns and other financial evidentiary material that completely dispels the Defendant Emily Gordon's speculation that the Plaintiff has the present or had the past ability to make alimony payments.

56.     On or about January 30, 2006, the Defendants through a Florida State Court proceeding that culminating in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights.

57.     The ultra vires conduct of the Defendants is well known to a reasonable person in that the court acted in a ministerial not a judicially neutral capacity.

58.     Defendant The Honorable Martin H. Colin issued the order at the January 30, 2006 hearing that provided, in pertinent part, that (Exhibit 18 – PAGE 10 Page Break Line 0014 Line 12 to PAGE 11 Page Break Line 0015 Line 7):

**THE COURT:  On the motion for contempt, it's granted to the extent that the Court finds that the Former Husband is in arrears in the amount of $96,864.45 and that was as of, I don't have the date, of January 1, 2006.  The Former Husband has failed to present any evidence, competent evidence, to overcome the burden to show he that lacks the financial ability to pay. Therefore, the Court presumes he has the financial ability to pay.  The Former Wife has no evidence to indicate that the Former Husband, if a purge payment is set, has the ability to pay that purge payment and identify the source.  The Court is**

**going to award $96,864.45 as of today's date, the 31st of**

**January, 2006 with statutory interest. The Court is also going to**

**order that a hearing -- is necessary to determine his ability to**

**pay the purge amount.  So the Court is going to issue a, by**

**recommendation of counsel, a writ of bodily attachment.**

59.     The Florida contempt order issued by the Defendant The Honorable Martin

H. Colin stated that a Writ of Bodily Attachment would be issued for the arrest of

the Plaintiff in Maryland **that is in excess of its jurisdiction and illegal** and

which is well known to the judiciary and officers of the court. (§ 61.11(2)(a)-(c)

Florida Statutes (2002) and Sanders v. Laird 865 So. 2d 649,651 (Florida 2d

DCA 2004) and **(EXHIBIT 16 --*Gordon v Gordon*, Case Number: 4D06-952,**

**(Fla. 4th DCA 2006).**

60.     Defendant The Honorable Martin H. Colin erred in his conclusion that the

Plaintiff has the current financial ability to pay in that he completely ignored the

voluminous Maryland Court records that was over 800 pages of documents and

evidentiary material, which the Plaintiff's trial attorney had made several

attempts to enter them into the record (Exhibit 18 – January 30, 2006 Hearing –

PAGE 9 Page Break Line 0012 Line 2 to PAGE 10 Page Break Line 0014 Line

10).

61.     The evidence was replete in the Maryland Court's 12 years of evidentiary

proceedings (The Circuit Court for Baltimore County Case No.03-C-90-263605)

that show the Plaintiff has lived for many years only on his social security

benefits and today continues to live on his social security benefits.

62.     The Social Security benefits as stated in the Plaintiff's notarized financial

statement that was entered into evidence by the Plaintiff's counsel, which

Defendant The Honorable Martin H. Colin recklessly and deliberately ignored.

63.     Defendant The Honorable Martin H. Colin rebuked Plaintiff's trial

counsel's attempt to have the Court give recognition to the 12 years of records

from the Maryland Court, which established evidence that the Plaintiff's income was his social security benefits, and it also established the Defendant Emily Gordon's sources of income and retirement plans.

64.    On February 13, 2006, the Florida circuit court after trial entered an order holding Plaintiff in contempt.  It gave no effect whatsoever to a prior Maryland order reducing the monthly alimony payment to $250.00 a month and the Maryland dismissal of previous contempt petitions.

65.    In addition, the Plaintiff Emily Gordon through her counsel Defendant Rosenwater recommended to the Defendant The Honorable Martin H. Colin to issue a Writ of Bodily Attachment to arrest Plaintiff outside the State of Florida and to arrest the Plaintiff in the State of Maryland **[Emphasis added]**.

66.    Ignoring the aforementioned irrefutable facts, the Defendant The Honorable Martin H. Colin made the following unreasonable, unfounded, irrational, preposterous ruling (EXHIBIT 18 – PAGE 11 Page Break Line 005 Lines 3 to 7):

> **" the Court is also going to order that a hearing -- is necessary to determine his [ *Plaintiff* ] ability to pay the purge amount.  So the Court is going to issue a, by recommendation of counsel, a writ of bodily attachment." [ Emphasis Added ]**

67.    The illegal conduct of the Defendants in Ordering the arrest of the Plaintiff in Maryland has deprived the Plaintiff the exercise of his civil rights, i.e. First Amendment right of association with family, friends, and professional colleagues in Maryland, Fifth Amendment, right to travel in, around and out of Maryland, and Fourteenth Amendment due process and equal protection rights.

> " [W]here the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the

sovereign has forbidden. His actions are ultra vires his authority and therefore may be made the object of specific relief. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 690 (1949)

68.     On February 9, 2006 the Plaintiff acting *Pro Se* filed a Notice of Appeal on the Non-Final Order issued by the Defendant The Honorable Martin H. Colin dismissing the Plaintiff's Motion, filed by his then former trial counsel, for Dismissal on the grounds of Subject Matter Jurisdiction and Sanctions.

69.     On February 13, 2006 the Defendant The Honorable Martin H. Colin issued a Contempt Order against the Plaintiff (EXHIBIT 17) and a Writ of Bodily Attachment was issued by the Defendant The Honorable Martin H. Colin, which ordered the Sheriffs of the State of Maryland to arrest Plaintiff at his residence in Maryland and bring Plaintiff to Palm Beach County, Florida so that the circuit court can determine Plaintiff's ability to pay alimony (EXHIBIT 1).

70.     Then again on February 27, 2006 the Defendant The Honorable Martin H. Colin issued an Amended Writ of Bodily Attachment, which orders the Sheriffs of the State of Florida to arrest Plaintiff in Maryland and bring him back to Palm Beach County, Florida. (EXHIBIT 2)

71.     **Both of The Writs of Bodily Attachment were ruled improper and reversed by the Fourth District Court of Appeals based upon then known law prior to the entry of the trial court order. (EXHIBIT 16 --*Gordon v Gordon*, Case Number: 4D06-952, (Fla. 4th DCA 2006)).**

72.     Further, the Defendant The Honorable Martin H. Colin was well informed and knowledgeable of the requirements in the issuance of a Writ of Bodily Attachment to arrest the Plaintiff in the State of Maryland.  The law was well known to any reasonable person that a Florida Court cannot issue a Writ of Bodily Attachment to have the Plaintiff arrested in another state.

73.     Further, any reasonable persons, in particular the Defendants knew that if

the Plaintiff was arrested in Maryland it would take up to or more than thirty (30) days to have him extradited to Palm Beach County, Florida which incarceration is excessive, extreme, unreasonable, harmful to the Plaintiff, and prohibited by Florida Law. The provisions of both the Writ of Bodily Attachment to arrest the Plaintiff at his residence in Maryland and the Amended Writ of Bodily Attachment to arrest the Plaintiff at his residence in Maryland as ordered by the Defendant The Honorable Martin H. Colin at the request of the Defendant Emily Gordon through her counsel the Defendant Rosenwater was unlawful.

74.    The Plaintiff justifiably relied on the false representations made by the Defendants and was defrauded by Defendants, and as a direct result suffered damages.

75.    On or about April 10, 2006, Defendant Emily Gordon informed the Plaintiff that another Writ of Bodily Attachment will be obtained by Defendants, Gordon and Rosenwater; and that another arrest warrant will be issued by an Order of Defendant The Honorable Martin H. Colin if the Plaintiff puts one foot in Florida.

76.    The defendants actions have created a unique defacto means of witness intimidation under color of state law to the detriment of the Plaintiff in order that the Plaintiff continues to be in fear of being arrested if he comes to Florida (1) to plead or give testimony in this federal case now before this Honorable Court, The United States District Court Southern District of Florida; (2) to plead or give testimony in his current appeal on the question of jurisdiction now before The Florida Fourth District Court of Appeal, Case No. 4D06-1008; or (3) in defending or giving testimony in the current case before The 15th Judicial Circuit of Palm Beach County, Case No. 501990DR000774XXDIFD.

77.    Further, the Defendants made false, malicious and willful misrepresentations to the Plaintiff.

78.    Further the Defendants intentionally made the misrepresentations and omissions in bad faith and the Plaintiff has suffered by virtue of the knowingly, intentional, malicious willful, wanton, and with malice conduct of Defendants

79.    Further, the Litigation Privilege does not bar claims against these Defendants. Litigation privilege cannot apply when a client, their attorney, and the Judge willfully and knowingly violates a state statute and/or a federal statute that results in deprivation of the civil rights of a litigant.

80.    The claims at issue here are federal civil rights and a federal tort claim. In this lawsuit the complaint is specific that the conduct of the defendants was not permitted by law nor was it required. The Defendants cannot claim litigation privilege or immunity when the conduct at issue is not permitted by law.

81.    The complaint is specific, i.e. the Defendant's willful and knowing violation of 28 U.S.C.§1343(a); 28 U.S.C.§1983; and Deprivation of civil rights under the First, Fifth and Fourteenth Amendments was the direct cause of injury to the Plaintiff. The proceedings in the complaint were ultra vires and illegal.

82.    The defendants should not be protected but held liable for their flagrant abuse of judicial arrest powers exercised against the Plaintiff.

> "We are deeply troubled that circuit courts continue to illegally incarcerate people for civil contempt in the face not only of ample case law, but also a rule which clearly delineates the procedures that should be followed in order to ensure that the due process rights of alleged contemnors are protected. As the Supreme Court noted when issuing a public reprimand to a judge found to have improperly exercised his contempt powers, '[a]lthough the contempt power is an extremely important power for the judiciary, it is also a very awesome power and is one that should never be abused.' See In re Inquiry Concerning Perry, 641 So. 2d 366, 368 (Fla. 1994). We therefore once again repeat our admonishment that there are dangers not only to litigants but to trial judges as well when contempt powers are abused. See Conley v. Cannon, 708 So. 2d 306 (Fla. 2d DCA 1998); Blalock v. Rice, 707 So. 2d 738 (Fla. 2d DCA 1997)." Bresch v Henderson, 761 So. 2d 449, (Fla. 2nd DCA 2000)

83.    The Defendant The Honorable Martin H. Colin cannot hide behind judicial immunity because he was not acting within his capacity as a judicial officer during the course of these judicial proceedings. Judicial immunity is overcome when a judicial officer is not acting within his or her capacity, or when the judicial officer acts completely without any jurisdiction.

84.    The fact that the issuance of these unlawful bodily commitment orders and arrest warrants to have the Plaintiff arrested in the State of Maryland were issued

during the course of judicial proceedings does not give the Defendant The Honorable Martin C. Colin judicial immunity.

85.    The ultra vires conduct of the Defendants is well known to a reasonable person in that the Defendant The Honorable Martin C. Colin acted in a ministerial not a judicially neutral capacity, which acts were specific ministerial acts devoid of the exercise of judgment or discretion.

86.    The Defendant The Honorable Martin C. Colin was not acting within his discretionary authority and the Defendant The Honorable Martin C. Colin clearly violated established law as demonstrated by the fact that Both of The Writs of Bodily Attachment were ruled improper and reversed by the Fourth District Court of Appeals based upon then known law prior to the entry of the trial court order. (EXHIBIT 16 --*Gordon v Gordon*, Case Number: 4D06-952, (Fla. 4th DCA 2006).

87.    The Defendant The Honorable Martin C. Colin has no shield against these claims made against him in his individual capacities.  The Defendant The Honorable Martin C. Colin's acts were so obviously wrong, in the light of pre-existing statutory and case law.

88.    In Malley v. Briggs the Court states that a qualified immunity defense does not provide protection to the "plainly incompetent or those who knowingly violate the law." (Malley v. Briggs, 475 U.S. 335, 341-43, 106 S.Ct. 1092, 1096-97, 89 L.Ed.2d 271 (1986)).

89.    The Defendant The Honorable Martin C. Colin cannot claim Eleventh Amendment immunity from the instant action, as the Defendant The Honorable Martin C. Colin was not acting within his judicial capacity in issuing these unlawful bodily commitment orders and arrest warrants to have the Plaintiff arrested in the State of Maryland.

90.    The ultra vires conduct of the Defendant is well known to a reasonable person, in that the Defendant The Honorable Martin C. Colin, acted in a

ministerial not a judicially neutral capacity, which acts were specific ministerial acts devoid of the exercise of judgment or discretion.

91.     The Plaintiff is <u>not</u> barred from raising said issues in this Court by the <u>Rooker-Feidman</u> doctrine, because the Defendant The Honorable Martin C. Colin was not acting within his discretionary authority and the Defendant The Honorable Martin C. Colin clearly violated established law as both of The Writs of Bodily Attachment were ruled improper and reversed by the Fourth District Court of Appeals based upon then known law prior to the entry of the trial court order. (EXHIBIT 16 --*Gordon v Gordon*, Case Number: 4D06-952, (Fla. 4th DCA 2006), thereby this Honorable Court is not being called on to review the state court decision, as it was already reviewed and ruled on by the state appellate court in the Court's issuance of a Mandate prohibiting the issuance of those unlawful ultra vires bodily commitment orders and arrest warrants to have the Plaintiff arrested in the State of Maryland.

## COUNT I
## <u>DECLARATORY RELIEF</u>

92.     The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

93.     The Plaintiff is entitled to the protections of the First, Fifth, and Fourteenth Amendments of the United States Constitution liberty interests, particularly the right of association, right to travel, right to due process and equal protection.

94.     The Defendants, individually and collectively, deprived and continue to deprive by threats of incarceration the Plaintiff's Constitutional protection under the First, Fifth, and Fourteenth Amendments of the U. S. Constitution liberty interests, particularly the right of association, right to travel, right to due process and equal protection by their individual and collective acts resulting in the

issuance on February 13, 2006 of a Writ of Bodily Attachment that was issued by the circuit court, which ordered the Sheriffs of the State of Maryland to arrest Plaintiff at his residence in Maryland and bring Plaintiff to Palm Beach County, Florida so that the circuit court can determine Plaintiff's ability to pay alimony. Then again on February 27, 2006 an Amended Writ of Bodily Attachment, which orders the Sheriffs of the State of Florida to arrest Plaintiff in Maryland and bring him back to Palm Beach County, Florida.

95.    The Defendants through Florida State Court proceedings and Orders that culminated in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights.

96.    The ultra vires conduct of the Defendants is well known to a reasonable person in that the Defendant The Honorable Martin H. Colin acted in a ministerial not a judicially neutral capacity; and Defendant Rosenwater and/or Defendant The Honorable Martin H. Colin cannot hide behind judicial immunity for reasons more fully set forth above in this complaint.

97.    The Plaintiff seeks Declaratory Relief Upon Which Relief May Be Granted in order that he may have his Constitutional Rights of association, right to travel, right to due process and equal protection without the fear of incarceration.

98.    At all times relevant (1) the Defendants acted recklessly and intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

99. By virtue of the knowingly, intentional, malicious willful, wanton, and with malice conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

WHEREFORE, the Plaintiff respectfully requests that This Honorable Court to:

     A.     Issue a writ of mandamus to order Defendant the Honorable Martin H. Colin of the Fifteenth Judicial Court of Florida to immediately vacate the ultra vires contempt order and further to Order the Circuit Court for Palm Beach County to refrain and halt the issuances any further Writs of Bodily Attachment to arrest the Plaintiff arising out of the case before The 15th Judicial Circuit of Palm Beach County, Case No. 501990DR000774XXDIFD, and

     B.     Award of reasonable attorney fees and costs incurred to effect this action pursuant to 42 U.S.C. § 1988, and

     C.     Such other and further relief as is warranted and appropriate.

## COUNT II
## DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES
### (42 U.S.C. § 1983)

100. The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

101. Plaintiff is entitled to the due process of law under the First, Fifth and Fourteenth Amendments of the United States Constitution.

102. Defendant The Honorable Martin H. Colin, acting under color of state law in his ministerial capacity, officially and personally, contrary to then known law knowingly and willfully entered two improper extra jurisdictional ultra vires orders depriving the plaintiff of his Fourteenth amendment due process rights.

103.   The law, as evidenced by the Florida Fourth District Court of Appeals rulings on the two improper orders, was well settled and know to a reasonable person and to the Florida Judiciary, and in particular to the Defendant The Honorable Martin H. Colin, at the time.

104.   All Defendants, acting under color of state law, acted to deprive the plaintiff of his First Amendment right of association, Fifth Amendment right to travel and Fourteenth Amendment due process right by participating in the ultra vires hearing on January 30, 2006 communicating ultra vires on matters of law to the detriment of the Plaintiff to effect on or about January 30, 2006, February 13, 2006, and again on February 21, 2006 ultra vires contempt, bodily commitment orders, and arrest warrants for the plaintiff's arrest in Maryland.

105.   Such conduct, under color of state law, has resulted in the Plaintiff's loss of civil rights.

106.   All Defendants, individually and/or in concert with each other, under color of state law, by violating 28 U.S.C.§1343 (a); 28 U.S.C.§1983; and the protection afforded under the  First, Fifth and Fourteenth amendment caused the Plaintiff the deprivation of his civil rights.

107.   The law on the issuance of arrest warrants to arrest a person in a sister state on a civil contempt was well settled and known to a reasonable person, the Florida Judiciary, and Florida state attorneys at the time of the ultra vires conduct and abuse of judicial arrest power effecting the civil rights violations noted herein.

108.   All Defendants knowingly, under color of state law, with deliberate indifference, via the improvident abuse of judicial arrest power, and deprivation of due process and liberty interest when they initiated and continued ultra vires state court proceedings to deprive the Plaintiff of his civil rights.

109.   The conduct of all Defendants, under color of state law, to deprive the Plaintiff of his liberty interest and due process rights under the First, Fifth and Fourteenth Amendments is actionable under 42 U.S.C. § 1983; and Defendant

Rosenwater and/or Defendant The Honorable Martin H. Colin cannot hide behind judicial immunity for reasons more fully set forth above in this complaint.

110.   The shield of litigation privilege is available to attorneys who act within the scope of the law, <u>not</u> to attorneys whose conduct is illegal.

111.   Here the conduct of the Defendant Emily Gordon and her counsel Defendant Rosenwater was unlawful.  They participated in the state court proceedings on January 11, 2006 and January 30,2006 and were fully aware of the twelve years of Maryland litigation and Modification Order (EXHIBIT 19). The Defendant's, Emily Gordon and her counsel Defendant Rosenwater, goal was to affect an incarceration order against the Plaintiff.

112.   These Defendants in effect became agents of the state official, Defendant The Honorable Martin H. Colin when they willingly, participated in ultra vires proceedings on the legal effects of 28 U.S.C.§1343(a); 28 U.S.C.§1983; and Deprivation of civil rights under the First, Fifth and Fourteenth Amendments. The Defendants participated in the crafting of the Writs of Bodily Attachment in a fashion to misrepresent the legal effects of 28 U.S.C.§1343(a); 28 U.S.C.§1983; and Deprivation of civil rights under the First, Fifth and Fourteenth Amendments. All this is pled in this complaint.

113.   At all times relevant (1) the Defendants acted recklessly and intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

114.   By virtue of the knowingly, intentional, malicious, willfull, wanton, and with malice conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

115.   As a direct, natural, proximate and foreseeable consequence of the foregoing, the Plaintiff has suffered damages, which he is entitled to recovery,

including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorney fees.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, as follows:

    A.    Compensatory damages in an amount in excess of $100,000;

    B.    Consequential damages in an amount in excess of $100.000;

    C.    Punitive and/or exemplary damages in an amount in excess of $1,000,000;

    D.    Interest, costs and attorney fees; and

    E.    Such other and further relief as is warranted and appropriate.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

116.   The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

117.   The conduct of all Defendants was odious, perverse, and outrageous, to relish in the delight of repeated ultra vires conduct to deprive the Plaintiff his freedom and to utterly disregard and flaunt voluminous federal law denying them the authority to which they exercised self aggrandizement of jurisdiction.

118.   Not content with misuse use of the judicial process to inflict two known illegal contempt arrest orders against the Plaintiff, Defendants Gordon, Rosenwater and The Honorable Martin H. Colin, in concert with the other Defendants further aggravated the former damage to the Plaintiff through their ultra vires conduct and improvident abuse of their arrest power to, without authority, solicited the assistance of the Maryland Sheriffs and the Palm Beach County Sheriff's Department to effect the personal incarceration of the Plaintiff.

119. The Defendants through Florida State Court proceedings and Orders that culminated in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights.

120. The ultra vires conduct of the Defendants is well known to a reasonable person in that the court acted in a ministerial not a judicially neutral capacity; and Defendant Rosenwater and/or Defendant The Honorable Martin H. Colin cannot hide behind judicial immunity for reasons more fully set forth above in this complaint.

122. All Defendants, willfully, wantonly, and with reckless abandon, lacking authority, and being fully aware of the damage such conduct would inflict on the personal and professional reputation of the Plaintiff, as well as, the emotion distress such conduct would inflict proceeded to improperly wield and abuse their arrest power.

123. As a result of the conduct of all Defendants noted above the Plaintiff has suffered severe emotional and psychological distress relating to fear of imprisonment, loss of emotional bonding with his children and grandchildren, loss of personal and professional reputation and loss of present and future professional opportunities.

124. The Plaintiff alleges that the intentional issuance on February 13, 2006 of a Writ of Bodily Attachment that was issued by the circuit court, which ordered the Sheriffs of the State of Maryland to arrest Plaintiff at his residence in Maryland and bring Plaintiff to Palm Beach County, Florida so that the circuit court can determine Plaintiff's ability to pay alimony.

125. Then again on February 27, 2006 an Amended Writ of Bodily Attachment, which orders the Sheriffs of the State of Florida to arrest Plaintiff in Maryland and bring him back to Palm Beach County, Florida.

126. The Defendants actions clearly amount to a de facto act of witness

intimidation, which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. As a result of the Defendants actions and continued threats, the Plaintiff has and continues to be under the threat of arrest if he enters the State of Florida to (1) plead or testify as a witness in this case now before this Honorable Court, The United States District Court Southern District of Florida; (2) to plead or testify his current appeal on jurisdictional issues now before The Florida Fourth District Court of Appeal; or (3) to plead or testify as a witness in the current case before The 15th Judicial Circuit of Palm Beach County, as he was informed by Defendant Emily Gordon that another Writ of Bodily Attachment would be obtained by Defendants, Emily Gordon and Rosenwater, and will be issued by an Order of Defendant The Honorable Martin H. Colin.

127.   The defendants acted recklessly and intentionally; the defendants' conduct was extreme and outrageous; the defendants' conduct caused the plaintiff emotional distress; and the plaintiff's emotional distress was severe.

128.   The Intentional Infliction of Emotional Distress Elements are Sufficiently Pled in this complaint and meets all elements of the tort of intentional infliction of emotional distress.

129.   The Defendants knew or should have known their intended behavior would cause the Plaintiff to suffer emotional distress.

130.   There can be little doubt that the fear of arrest, the fear of confinement in jail, the fear of loss of reputation, the fear of future loss of employment opportunity would cause emotion distress in anyone, and in particular the Plaintiff.

131.   At all times relevant (1) the Defendants acted recklessly and intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional

distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

132.    The Plaintiff alleges the conduct of the Defendants fullfills the Intentional Infliction of Emotional Distress Elements. The complaint states the Defendants were on notice that the Plaintiff would not attend the state court contempt hearing but would be represented by counsel under an agreement between the Plaintiff and the Defendants. To pursue an ultra vires hearing to imprison the Plaintiff after all the Defendants agreed that the Plaintiff did not have to attend the hearing is outrageous, goes beyond all bounds of decency, is odious, and utterly intolerable in a civilized community.

133.    At all times relevant (1) the Defendants acted recklessly and intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

134.    By virtue of the knowingly, intentional, malicious willful, wanton, and with malice conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

135.    As a direct, natural, proximate and foreseeable consequence of the foregoing, the Plaintiff has suffered damages which he is entitled to recovery, including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorney fees.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, as follows:

    A.    Compensatory damages in an amount in excess of $100,000;

    B.    Consequential damages in an amount in excess of $100.000;

    C.    Punitive and/or exemplary damages in an amount in excess of $1,000,000;

    D.    Interest, costs and attorney fees; and

    E.    Such other and further relief as is warranted and appropriate.

## COUNT IV
## INTENTIONAL FRAUD AND MISREPRESENTATION

136.  The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

137.  The Plaintiff justifiably relied on the false representations made by the Defendants and was defrauded by Defendants, and as a direct result suffered damages.

138.  As a direct, contributory and proximate result of the Defendants' fraudulent conduct, the Plaintiff sustained economic loss, emotional and psychological stress.

139.  Defendants individually and/or in concert with each other acted in such a manner as to deceive and fraudulently induce the Plaintiff not to give oral testimony or make his appearance at the aforementioned hearing on January 30, 2006.

140.  In furtherance of the scheme to defraud, Defendants made false, malicious and willful misrepresentations to the Plaintiff.

141. Defendants made the misrepresentations and omission of material fact with full knowledge of the falsity thereof and/or with reckless disregard for the truth.

142. Defendants intentionally made the misrepresentations and omissions in bad faith.

143. The Defendants through Florida State Court proceedings and Orders that culminated in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights.

144. The ultra vires conduct of the Defendants is well known to a reasonable person in that the court acted in a ministerial not a judicially neutral capacity; and Defendant Rosenwater and/or Defendant The Honorable Martin H. Colin cannot hide behind judicial immunity for reasons more fully set forth above in this complaint.

145. At all times relevant (1) the Defendants acted recklessly and intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

146. By virtue of the knowingly, intentional, malicious, willful, wanton, and with malice conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

147. As a direct, natural, proximate and foreseeable consequence of the foregoing, the Plaintiff has suffered damages which he is entitled to recovery, including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorney fees.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, as follows:

      A.     Compensatory damages in an amount in excess of $100,000;

      B.     Consequential damages in an amount in excess of $100.000;

      C.     Punitive and/or exemplary damages in an amount in excess of $1,000,000;

      D.     Interest, costs and attorney fees; and

      F.     Such other and further relief as is warranted and appropriate.

By virtue of the intentional, malicious and bad faith conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

As a direct, natural, proximate and foreseeable consequence of the foregoing, the Plaintiff has suffered damages which he is entitled to recovery, including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorney fees.

## COUNT V
## INJUNCTIVE RELIEF

148.   The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

149.   The Plaintiff has and continues to be subject to the threat of another ultra vires arrest warrant that denies him his liberty interest and constitutional rights of association, travel and due process, inter alia.

150.   The Plaintiff has and continues to be under the threat of arrest in that Defendant Emily Gordon has threatened the Plaintiff that she and Defendant Rosenwater will obtain a warrant for the arrest of the Plaintiff from Defendant The Honorable Martin H. Colin if the Plaintiff enters the State of Florida to (1) to

plead or give testimony this case now before this honorable court, The United States District Court Southern District of Florida; (2) to plead or give testimony in his current appeal on the question of jurisdiction now before The Florida Fourth District Court of Appeal, Case No. 4D06-1008; or (3) to plead or give testimony the current case before The 15th Judicial Circuit of Palm Beach County, Case No. 501990DR000774XXDIFD, in that he was informed that another Writ of Bodily Attachment would be obtained by Defendants.

151.  The Plaintiff has no remedy in Florida law to vacate an ultra vires order entered without authority or jurisdiction.

152.  Defendants' conduct, based upon their prior conduct abusing their arrest power is likely to continue.

153.  The Plaintiff has and will continue to suffer irreparable harm through the deprivation of his liberty interest and First, Fifth and Fourteenth Amendment fundamental rights.

154.  The Plaintiff is most likely to prevail on the merits.

155.  The Plaintiff is entitled to temporary and permanent injunctive relief from the conduct of the defendants, which resulted in the deprivation of his civil rights.


## Injunctive Relief is Proper-Substantial Likelihood Plaintiff will Prevail

156.  There is substantial likelihood the Plaintiff will prevail on the merits. The public interest is best served if the constitutional rights of a citizen are protected as against the abuse of arrest power demonstrated twice by the Defendant The Honorable Martin H. Colin. To grant the injunction no harm will befall any of the defendants nor the public. On the other hand not to grant injunctive relief is to subject the Plaintiff to continued loss of his liberty interest, to expose him to continued ongoing loss of his physical freedom from incarceration and loss of federal fundamental constitutional rights as enumerated in the complaint.

157.   This complaint presents succinct factual detail of unlawful conduct of the defendants done under color of state law that the deprived the Plaintiff of federal constitutional right—and liberty interest, i.e. right to be free of incarceration based on ultra vires conduct of the defendants.  This complaint pleads these facts and proves the unlawful allegations.  There is no ambiguity of facts and law. There is no dispute as to the facts or the ultra vires conduct of the defendants. The defendants merely, and unpersuasively will argue whether their unlawful conduct exposes them to 41 U.S.C. §1983 liability.

158.   To not grant injunctive relief would be to deny proper equitable relief. There is every likelihood the Defendants will repeat their conduct.

159.   The Defendants through Florida State Court proceedings and Orders that culminated in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights.

160.   The ultra vires conduct of the Defendants is well known to a reasonable person in that the court acted in a ministerial not a judicially neutral capacity; and the Defendant Rosenwater and/or the Defendant The Honorable Martin H. Colin cannot hide behind judicial immunity for reasons more fully set forth above in this complaint.

161.   At all times relevant (1) the Defendants acted recklessly and intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

162.   By virtue of the knowingly, intentional, malicious willful, wanton, and with malice conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

163.   As a direct, natural, proximate and foreseeable consequence of the foregoing, the Plaintiff has suffered damages which he is entitled to recovery, including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorney fees.

WHEREFORE, the Plaintiff respectfully requests that This Honorable Court to:

A.   Enter a judgment for temporary and permanent injunctive relief quashing the contempt order against the Plaintiff issued by Defendant the Honorable Martin H. Colin of the Fifteenth Judicial Court of Florida, and

B.   Enter a judgment for temporary and permanent injunctive relief to halt the issuances any further Writs of Bodily Attachment to arrest the Plaintiff arising out of the case before The 15th Judicial Circuit of Palm Beach County, Case No. 501990DR000774XXDIFD, and

C.   Award of reasonable attorney fees and costs incurred to effect this action pursuant to 42 U.S.C. § 1988, and

D.   Such other and further relief as is warranted and appropriate.

## COUNT VI
## WRIT OF MANDAMUS

164.   The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

165.   This Court is authorized by the All Writs Act, 28 U.S.C. § 1651(a) to issue a Writ of Mandamus to the Fifteenth Judicial Circuit Court of Florida to quash its

ultra vires August 27, 2004 contempt/ commitment order and to quash the state arrest warrant in effect against the Plaintiff.

166.   The Plaintiff has no other remedy at law.

## Statement of Relief Sought

167.   A writ of mandamus to order Defendant the Honorable Martin H. Colin of the Fifteenth Judicial Court of Florida to immediately vacate his ultra vires contempt order and to refrain from issuing any further Writs of Bodily Attachment for the arrest of the Plaintiff in any state of the United States and its territories.

## Reason the Writ Shall be Issued

168.   The law is well settled.  The conduct of the Defendant to issue the contempt commitment order and arrest warrant was not discretionary.  The ultra vires communications, hearings and orders were effected without just cause.

WHEREFORE, the Plaintiff respectfully requests that This Honorable Court:

A.      Issue a writ of mandamus to order Defendant the Honorable Martin H. Colin of the Fifteenth Judicial Court of Florida to immediately vacate the ultra vires contempt order,

B.       Further to have the Circuit Court for Palm Beach County refrain and halt the issuances any further Writs of Bodily Attachment to arrest the Plaintiff arising out of the case before The 15th Judicial Circuit of Palm Beach County, Case No. 501990DR000774XXDIFD, and

C.       To award of reasonable attorney fees and costs incurred to effect this action pursuant to 42 U.S.C. § 1988.

D.       Such other and further relief as is warranted and appropriate.

## COUNT VII
## VIOLATION OF THE 14TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA

169.   The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

170.   The Defendants use of incarceration for civil Contempt enforcement for alimony arrearages is a violation of the 14th Amendment of the Constitution of the United States of America.

171.   Constitutional rights must be enforced by courts at a fundamental level. The role of judges is to guarantee and enforce the protection afforded by these basic rights. This is a judge's greatest calling and heaviest burden. It is an obligation they shoulder by their oath of office, binding themselves to enforce individual liberty.

172.   The Defendants collectively, and in particular, the Defendant The Honorable Martin H. Colin violated the 14th Amendment of the Constitution of the United States of America and his oath of office by his issuance of (1) a Writ of Bodily Attachment for the Sheriffs of Maryland to arrest the Plaintiff in the State of Maryland where the Plaintiff resides, and (2) Defendant Colin's issuance of the Amended Writ of Bodily Attachment for the Sheriffs of Palm Beach County to arrest the Plaintiff in the State of Maryland where the Plaintiff resides.

173.   The Defendants through Florida State Court proceedings and Orders that culminated in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights.

174.   The ultra vires conduct of the Defendants is well known to a reasonable person in that the court acted in a ministerial not a judicially neutral capacity; and Defendant Rosenwater and/or Defendant The Honorable Martin H. Colin cannot

hide behind judicial immunity for reasons more fully set forth above in this complaint.

175.    At all times relevant (1) the Defendants acted recklessly and intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

176.    By virtue of the knowingly, intentional, malicious willful, wanton, and with malice conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

177.    As a direct, natural, proximate and foreseeable consequence of the foregoing, the Plaintiff has suffered damages which he is entitled to recovery, including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorney fees.


WHEREFORE, the Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, as follows:

    A.    Compensatory damages in an amount in excess of $100,000;

    B.    Consequential damages in an amount in excess of $100.000;

    C.    Punitive and/or exemplary damages in an amount in excess of $1,000,000;

    D.    Interest, costs and attorney fees; and

    G.    Such other and further relief as is warranted and appropriate.

# COUNT VIII
## INJUNCTIVE RELIEF
## VIOLATION OF ARTICLE I § 23
## OF THE CONSTITUTION OF THE STATE OF FLORIDA

178.   The Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 91 of this Complaint as if fully restated herein.

179.   The Defendants use of incarceration for civil Contempt enforcement for alimony arrearages is a violation of the civil contempt powers, because enforcement of alimony arrearage payments is impermissible because of Article I § 23 of The Constitution of the State of Florida and the ruling of Connor v. Southwest 668 So.2d 175 (Fla. 1995)

180.   The judicial rationale to use physical incarceration (civil contempt powers) as an enforcement tool for alimony arrearages are extinguished by the privacy amendment and Connor v. Southwest 668 So.2d 175 (Fla. 1995).  With the rationale for depriving a person of personal liberty no longer valid, incarceration (civil contempt powers) for enforcement of alimony payment arrearages is impermissible. Deprivation of personal liberty whether it be characterized as failing to comply with a court order, or deliberately failing to pay alimony is a distinction without a difference.  It is still loss of liberty based on an invalid statute whose grounds for incarceration (civil contempt powers) enforcement no longer exist.

181.   The Defendants collectively, and in particular, the Defendant The Honorable Martin H. Colin violated Article 1 § 23 of the Florida Constitution by his issuance of (1) a Writ of Bodily Attachment for the Sheriffs of Maryland to arrest the Plaintiff in the State of Maryland where the Plaintiff resides, and (2) Defendant Colin's issuance of the Amended Writ of Bodily Attachment for the Sheriffs of Palm Beach County to arrest the Plaintiff in the State of Maryland where the Plaintiff resides.

182.   There is substantial likelihood the Plaintiff will prevail on the merits.  The public interest is best served if the constitutional rights of a citizen are protected as against the abuse of arrest power demonstrated twice by the Defendant The Honorable Martin H. Colin.  To grant the injunction no harm will befall any of the defendants nor the public.  On the other hand not to grant injunctive relief is to subject the Plaintiff to continued loss of his liberty interest, to expose him to continued ongoing loss of his physical freedom from incarceration and loss of federal fundamental constitutional rights as enumerated in the complaint.

183.   This complaint presents succinct factual detail of unlawful conduct of the defendants done under color of state law that the deprived the Plaintiff of the State of Florida's constitutional right and liberty interest, i.e. right to be free of incarceration based on ultra vires conduct of the defendants.  This complaint pleads these facts and proves the unlawful allegations.  There is no ambiguity of facts and law. There is no dispute as to the facts or the ultra vires conduct of the defendants.  The defendants merely, and unpersuasively will argue whether their unlawful conduct exposes them to 41 U.S.C. §1983 liability.

184.   To not grant injunctive relief would be to deny proper equitable relief. There is every likelihood the Defendants will repeat their conduct.

185.   The Defendants through Florida State Court proceedings and Orders that culminated in ultra vires conduct exercising a flagrant and/or illegal abuse of judicial arrest power designed to improperly deny the Plaintiff his First, Fifth and Fourteenth Amendment civil rights.

186.   The ultra vires conduct of the Defendants is well known to a reasonable person in that the court acted in a ministerial not a judicially neutral capacity; and Defendant Rosenwater and/or Defendant The Honorable Martin H. Colin cannot hide behind judicial immunity for reasons more fully set forth above in this complaint.

187.   At all times relevant (1) the Defendants acted recklessly and intentionally;

(2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress is so severe that it has resulted in the Plaintiff suffering from emotional distress, chest pains, irritability, extreme anxiety, nervousness, sleep disturbances, depression, moodiness, tension headaches, heartburn, acid reflux syndrome, diarrhea, irritable bowel syndrome, fatigue, high blood pressure, and trouble thinking clearly.

188.   By virtue of the knowingly, intentional, malicious, willful, wanton, and with malice conduct of Defendants, the Plaintiff is entitled to recover punitive and/or exemplary damages.

189.   As a direct, natural, proximate and foreseeable consequence of the foregoing, the Plaintiff has suffered damages which he is entitled to recovery, including, but not limited to, compensatory damages, consequential damages, punitive and/or exemplary damages, interest, costs and attorney fees.


WHEREFORE, the Plaintiff respectfully requests that This Honorable Court to:

A.      Enter a judgment for temporary and permanent injunctive relief quashing the contempt order against the Plaintiff issued by Defendant the Honorable Martin H. Colin of the Fifteenth Judicial Court of Florida, and

B.      Enter a judgment for temporary and permanent injunctive relief to halt the issuances any further Writs of Bodily Attachment to arrest the Plaintiff arising out of the case before The 15th Judicial Circuit of Palm Beach County, Case No. 501990DR000774XXDIFD, and

C.      Award of reasonable attorney fees and costs incurred to effect this action pursuant to 42 U.S.C. § 1988, and

D.      Such other and further relief as is warranted and appropriate.

## JURY TRIAL DEMANDED

**Plaintiff demands a trial by jury on each of the counts.**

Respectfully submitted,

Dated this _8th_ day of August 2006

Robert M. Gordon, *pro se*
1906 Rambling Ridge Lane
Apt. T-1
Baltimore, Maryland 21209
Telephone:    410-484-2662
Fax Number:  410-484-3887
Email:  gordonusa@comcast.net

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on August _8th_, 2006

Robert M. Gordon, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on the _8th_ day of August 2006, I caused a true and accurate copy of the foregoing to be served in the manner specified on the following:

The Honorable Martin H. Colin
Fifteenth Judicial Circuit Court
Palm Beach County Courthouse
c/o Susan Ferrante, Trial Court Administrator
Main Judicial Complex
Room 5.2503
205 North Dixie Highway
West Palm Beach, Fl. 33401

Bruce S. Rosenwater, Esq.
As himself and as,
Attorney for Emily J. Gordon
1601 Forum Place, Suite 1200
West Palm Beach, FL. 33401

Siobhan Helene Shea, Esq.
as Attorney for Emily J. Gordon
18682 137th Trail North
Jupiter, FL. 33478

Emily J. Gordon
2561 Village Boulevard
Apt. 106
West Palm Beach, Florida 33409

Robert M. Gordon, *pro se*
1906 Rambling Ridge Lane
Apt. T-1
Baltimore, Maryland 21209
Telephone:   410-484-2662
Fax Number:  410-484-3887
Email:  gordonusa@comcast.net

# Appendex of Plaintiff's Exhibits

| PLAINTIFF<br>Robert M. Gordon | | VS. | DEFENDANT<br>Martin Colin, Bruce Rosenwater, Emily Gordon | | CASE NO. | |
|---|---|---|---|---|---|---|
| PLF.<br>NO. | DATE<br>OFFERED | | | DESCRIPTION OF EXHIBITS | | |
| 1 | August 8, 2006 | | | "Writ of Bodily Attachment" issued PB Circuit Court, Florida Feb. 13, 2006 | | |
| 2 | August 8, 2006 | | | "Amended Writ of Bodily Attachment" issued PB Circuit Court, Florida Feb. 27, 2006 | | |
| 3 | August 8, 2006 | | | "Final Judgment of Dissolution of Marriage" Florida July 23, 1990 | | |
| 4 | August 8, 2006 | | | "Petition to Enforce A Foreign Judgment" Maryland October 3, 1990 | | |
| 5 | August 8, 2006 | | | " Maryland Order enrolling Divorce Judgment into Maryland" November 16, 1992 | | |
| 6 | August 8, 2006 | | | "Docket Entries Circuit Court for Baltimore County, Maryland 1990 to December 29, 2003" | | |
| 7 | August 8, 2006 | | | "Petition for Contempt" filed in Maryland April 2000 | | |
| 8 | August 8, 2006 | | | "Motion to Enforce Contempt and Incarceration" filed in Maryland June 19, 2003 | | |
| 9 | August 8, 2006 | | | "Order" Dismissing Motion to Enforce Contempt and Incarceration filed December 29, 2003 | | |
| 10 | August 8, 2006 | | | "Petition to Decrease Alimony........................" filed in Maryland January 27, 2000 | | |
| 11 | August 8, 2006 | | | "Ruling on Motion to Modify and Petition for Contempt" filed in Maryland June 22, 2000 | | |
| 12 | August 8, 2006 | | | "Notice of Hearing & Motion for Civil Contempt issued Oct.15, 2004 PB Cty.Circuit Court | | |
| 13 | August 8, 2006 | | | "Order & Motion to Dismiss on Jurisdiction" filed PB Cty. Circuit Ct. January 11, 2006 | | |
| 14 | August 8, 2006 | | | "Deposition of Defendant Emily J. Gordon" taken January 24, 2006 | | |
| 15 | August 8, 2006 | | | " Plaintiff's (Robert Gordon) Family Law Financial Affidavit" filed January 23, 200616 | | |
| 16 | August 8, 2006 | | | "MANDATE issued by DCA Florida 4th District" quashing both Writs of Bodily Attachment | | |
| 17 | August 8, 2006 | | | "Order Granting Former Wif's Motion for Contempt" filed February 13, 2006 | | |
| 18 | August 8, 2006 | | | "Transcript of January 30th Hearing before The Honorable Martin Colin" | | |
| 19 | August 8, 2006 | | | "Transcript of January 11th Hearing before The Honorable Martin Colin" | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**EXHIBIT 1**

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

FAMILY DIVISION

CASE NO: 501990DR000774XXDIFD

IN RE: The Former Marriage Of

EMILY J. GORDON

      Former Wife,
and

ROBERT M. GORDON,

      Former Husband.
_____/

## WRIT OF BODILY ATTACHMENT

TO ALL SINGULAR THE SHERIFFS OF MARYLAND
You are hereby directed to take into custody:

NAME:     Robert M. Gordon
ADDRESS:  1906 Rambling Ridge Lane, Apt. T-1
            Baltimore, MD 21209
            Phone 410-484-2662 Fax 410-484-3887
            E-mail gordonusa@comcast.net

DATE OF BIRTH:          SOCIAL SECURITY NO:
RACE: Caucasian         SEX: Male
HEIGHT: 5' 10"          WEIGHT: Approx 225 - 240 lbs.
EYES: Blue              HAIR: Brown and bald on top
OTHER: See photo attached   DRIVER LICENCE NO.  Unknown
                          VEHICLE: BMW 325I Tag #LKP165

And to bring this Former Husband before the Honorable Martin L. Colin, Palm Beach
County Courthouse, Court Room 6C, 205 North Dixie Highway, West Palm Beach, FL
33401, immediately upon arrest or as soon as possible after arrest for a hearing to determine

CERTIFIED COPY DELIVERED

Former Husband's ability to pay support at the time he appears before the Judge Colin. Service and execution of this writ may be made on any day of the week and at anytime of the night.  The office of Judge Martin L. Colin may be contacted at (561)-355-1565, to secure an exact time and date of hearing which shall be set on the next business day after Respondent is in custody.

The Sheriff executing this Writ or having custody of the Respondent may assess and collect from the Respondent the actual cost associates with the service of this Writ and the transportation of the Respondent to the Court as ordered herein, pursuant to Florida Statute § 6.111 (2)(a) F.S.

ORDERED this ___13___ day of February, 2006, Palm Beach County, Florida

Martin L. Colin
Circuit Judge

Copies furnished to:

Bruce S. Rosenwater, Esquire, Bruce S. Rosenwater & Associates, P.A., 1601 Forum Place, Suite 1200, West Palm Beach, FL 33401

Kenneth D. Lemoine, Esquire, Belkin & Lemoine, P.A., 712 North Olive Avenue, West Palm Beach, FL 33401

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office.
THIS 7th DAY OF _____, 2006
SHARON R. BOCK
CLERK & COMPTROLLER
By_____
DEPUTY CLERK



**EXHIBIT 2**

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

FAMILY DIVISION

CASE NO: 501990DR000774XXDIFD

IN RE: The Former Marriage Of

EMILY J. GORDON

     Former Wife,
and

ROBERT M. GORDON,

     Former Husband.

_____/

## AMENDED WRIT OF BODILY ATTACHMENT

TO ALL SINGULAR THE SHERIFFS OF FLORIDA
You are hereby directed to take into custody:

NAME:     Robert M. Gordon
ADDRESS:  1906 Rambling Ridge Lane, Apt. T-1
           Baltimore, MD 21209
           Phone 410-484-2662 Fax 410-484-3887
           E-mail gordonusa@comcast.net

DATE OF BIRTH:          SOCIAL SECURITY NO:
RACE: Caucasian         SEX: Male
HEIGHT: 5' 10"          WEIGHT: Approx 225 - 240 lbs.
EYES: Blue              HAIR: Brown and bald on top
OTHER: See photo attached   DRIVER LICENCE NO.  Unknown
                           VEHICLE: BMW 325I Tag #LKP165

And to bring this Former Husband before the Honorable Martin H.. Colin, Palm Beach
County Courthouse, Court Room 6C, 205 North Dixie Highway, West Palm Beach, FL
33401, immediately upon arrest or as soon as possible after arrest for a hearing to determine

"CERTIFIED COPY DELIVERED TO SHERIFF"

Former Husband's ability to pay support at the time he appears before the Judge Colin. Service and execution of this writ may be made on any day of the week and at anytime of the night. The office of Judge Martin L. Colin may be contacted at (561)-355-1565, to secure an exact time and date of hearing which shall be set on the next business day after Respondent is in custody.

The Sheriff executing this Writ or having custody of the Respondent may assess and collect from the Respondent the actual cost associates with the service of this Writ and the transportation of the Respondent to the Court as ordered herein, pursuant to Florida Statute § 6.111 (2)(a) F.S.

ORDERED this ___27___ day of February, 2006, Palm Beach County, Florida

Martin H. Colin
Circuit Judge

Copies furnished to:

Bruce S. Rosenwater, Esquire, Bruce S. Rosenwater & Associates, P.A., 1601 Forum Place, Suite 1200, West Palm Beach, FL 33401

Kenneth D. Lemoine, Esquire, Belkin & Lemoine, P.A., 712 North Olive Avenue, West Palm Beach, FL 33401



STATE OF FLORIDA · PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office.
THIS 7th DAY OF _____
SHARON R. BOCK
CLERK & COMPTROLLER
By_____
DEPUTY CLERK





JUL-25-1990 03:03pm 90-213973
ORB 6528 Pg 1503

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR PALM BEACH COUNTY.

CASE NO. CD 90 774 FD

IN RE:  THE MARRIAGE OF

ROBERT GORDON

                    Husband

and

EMILY GORDON

                    Wife



## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS ACTION was tried before the Court.  The Wife appeared
pro se and testified and the Husband appeared with counsel and
testified as did witnesses on his behalf.  On the evidence presented
the Court finds as follows:

This is a marriage of 22 years.  The parties were married on
November 10, 1968 and because of unhappy differences finally
separated on January 1, 1989.  The Wife is 49; the Husband is 50.
There are no minor children of this marriage.

The Wife is employed as a clerk with J.B. Hanauer & Co. and
has net monthly earnings of $1,161.00.

The Husband is employed as an insurance salesman and claims
to have net monthly earnings of $1,000.00.  Based upon the Husband's
lifestyle and based upon the history of his earnings (he has in the
past earned in excess of $100,000.00 per year) the Court finds his
testimony not credible.  The Court finds from the evidence that the
Husband can earn at least $3,000.00 net per month and that figure
will be imputed to him.  Although he has never practiced law he has

ORB   6528 Pg 1504

a J.D. and a B.A. degree.  He has extensive experience in the mortgage loan business.

The parties entered into a property settlement agreement (Husband's Exhibit 2) that was made in contemplation of a dissolution in 1983.  Subsequently, the parties reconciled and continued to live together until January, 1989.  The Court finds that the parties intended that the property settlement agreement be vacated.  Thus, it is not binding on the parties in this litigation.

The Husband owes the Wife $1,600.00 temporary support as of the date of this Final Judgment.  He is contempt of the Temporary Relief Order because he had the ability to make these payments and has failed to do so.

The Wife has paid the Husband's Internal Revenue Service obligations of $760.00.

The parties have no marital assets and have already divided their personal property.

The marriage is irretrievably broken.  Thereupon it is ORDERED AND ADJUDGED as follows:

1.  The marriage of the parties is dissolved.

2.  The Husband shall pay to the Wife as permanent periodic alimony the sum of $500.00 per month.  Said payments of permanent alimony shall commence on August 1, 1990 and shall continue monthly thereafter until the Wife remarries or either party dies, whichever shall first occur.  See Court's Exhibit A.

3.  The Husband is in contempt of this Court's Temporary Relief Order for failure to pay $1,600.00 temporary alimony.  He is hereby sentenced to incarceration in the Palm Beach County Jail for

6

ORB   6528 Pg 1505

such contempt.  He may purge himself of this contempt, however, and
avoid incarceration, by paying to the Wife within 30 days from the
date of this Final Judgment, the sum of $1,600.00.  If the Husband
fails to purge himself of this contempt then the Court will, upon
application of the Wife, set a commitment hearing.

4.   The Husband shall reimburse the Wife, within 30 days from
the date of this Final Judgment, the sum of $760.00.

DONE AND ORDERED, in Chambers, at West Palm Beach, Florida,
this 20TH day of July, 1990.

_____
HUBERT R. LINDSEY, CIRCUIT JUDGE

Copies furnished:
Michael L. Cohen, Esq., 1615 Forum Place, #1B, West Palm Beach, Fl
33401
Emily Gordon, 2701 Village Blvd., #301, West Palm Beach, Fl 33409

GORDON V CORDON
ORB  6528 Pg 1506

COURT'S EXHIBIT A

1.  All child support, alimony, or both, included in a
Final Judgment of Dissolution or any Modification or any other Order
requiring the payment of same shall be paid to the Domestic
Relations Department by cash, money order, cashier's check or
certified check.

2.  This payment shall be delivered to the Clerk of the
Circuit Court, Domestic Relations Department, Room 149, Palm Beach
County Courthouse, P. O. Drawer H, West Palm Beach, Florida 33402,
together with the applicable service charge which may apply from
time to time as determined by the Clerk of the Clerk of the Circuit
Court.

3.  THE PARTIES ARE ORDERED TO IMMEDIATELY ADVISE THE CLERK
OF THE CIRCUIT COURT OF ANY CHANGES IN THE DOMESTIC RELATIONS
AFFIDAVITS WHICH HAVE HERETOFORE BEEN FILED WITH THE COURT.

4.  With regards to the payment of alimony and/or child
support the following provisions shall apply:

    a.  CHILD SUPPORT:  (TEMPORARY/PERMANENT)
        When 6 or more children  $ _____
        When 5 children  $ _____
        When 4 children  $ _____
        When 3 children  $ _____
        When 2 children  $ _____
        When 1 child  $ _____

The aforesaid payments shall commence _____
and shall terminate by further order of Court or in accordance with
the law.

    b.  ALIMONY:
        (1) Temporary  $ _____
        (2) Rehabilitative
        (3) Permanent Periodic  $ 300.00 per month

    c.  SUPPORT ARREARAGES:  $ 1,600.00 payable within 30 days
                                 from date of Final Judgment
The aforesaid payments shall commence August 1, 1990
and shall terminate upon full payment.

5.  The aforesaid payments shall be made:

    Weekly: _____
    Every two weeks: _____
    Semi-monthly on the 1st and 15th of the month: _____
    Monthly:  xxxxxxxxxxxxxxxxx

6.  All the aforesaid payments shall be made in conformity
with paragraphs 1 and 2 of this Court's Exhibit A.

7.  The Court retains jurisdiction of the cause and the
parties thereto for the purpose of enforcement of the provisions for
the payment of alimony, child support or both as provided by Section
61.181 Florida Statutes.

COURT'S EXHIBIT A

PALM BEACH COUNTY · STATE OF FLORIDA
I hereby certify that the
foregoing is a true copy
of the record in my office

This _____ Day of August, 19 90

JOHN B. DUNKLE
Clerk Circuit Court

By Lillian Taylor
                    D C

FAM7
10/88

RECORD VERIFIED
PALM BEACH COUNTY, FLA
JOHN B. DUNKLE
CLERK CIRCUIT COURT

EMILY GORDON                    *        IN THE
2701 Village Blvd.
#301                            *
West Palm Beach, FL 33409
     Plaintiff                 *        CIRCUIT COURT

vs.                            *        FOR

Robert M. Gordon               *        BALTIMORE COUNTY
c/o Felinton
7213 Brooks Falls Terrace      *        69/361/90 ©SP 3605
Baltimore, MD  21209
     Defendant                 *

*    *    *    *    *    *    *    *    *    *    *    *

**EXHIBIT 4**

### PETITION TO ENFORCE A FOREIGN JUDGMENT

To the Honorable, The Judge of said court:

Emily Gordon, Plaintiff, by Melvyn J. Weinstock, and Weinstock, Stevan & Harris, P.A., her attorneys respectfully represents unto your Honor:

1. That the parties were married on November 10, 1968.

2. That pursuant to an Order of the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, the marriage of the parties was dissolved on July 20, 1990.

3. That the Florida courts Final Judgment of Dissolution of Marriage imposed certain monetary obligations upon the Defendant, and he has failed to comply with them.  A copy of the Final Judgment of Dissolution of Marriage is attached hereto and prayed to be made a part hereof exhibit 1.

4. That as of this date the Defendant, Robert M. Gordon is currently living at 7213 Brook Falls Terrace, Baltimore, Maryland 21209, and said address is located in Baltimore County.

*Private Process*        FILED OCT 3 1990

WHEREFORE, Plaintiff requests that this Honorable Court pass on order providing the Plaintiff, Emily Gordon enforcement of the judgment of the Circuit Court of Florida.

WEINSTOCK, STEVAN & HARRIS, P.A.

Melvyn J. Weinstock
Attorney for Plaintiff
345 North Charles Street
Baltimore, MD 21202
(301) 727-6700

EMILY GORDON,
Plaintiff

V.

ROBERT GORDON,
Defendant

IN THE

CIRCUIT COURT

FOR

BALTIMORE COUNTY

Case No. 90-CSP-3605

**EXHIBIT 5**

## ORDER

This matter having come before this Court for hearing on the ninth day of November 1992, it is this __*I 2*__ day of __*May*__, 1992, by the Circuit Court for Baltimore County,

ORDERED that the Final Judgment of Dissolution of Marriage entered in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on the 20th day of July 1990, is hereby enrolled as a Maryland Order; and it is further

ORDERED that the arrearage due and owing on that Florida Order as of November 1, 1992, is hereby determined to be fifteen thousand six hundred dollars ($15,600); and it is further

ORDERED that the Defendant, ROBERT GORDON, make payment of sixteen hundred dollars ($1600) toward said arrearage to the Plaintiff, EMILY GORDON, within 30 days; and it is further

ORDERED that the balance of said arrearage shall be paid at the rate of two hundred dollars ($200) per month until eliminated, said amount to be in addition to the already ordered support amount of five hundred dollars ($500) per month.

All subject to further Order of this Court.

True Copy Test
SUZANNE MENCH, Clerk

For _____
Deputy Clerk

_____
JUDGE

FILED NOV 1 6 1992

139

| | ATTORNEYS |
|---|---|
| | Sue-Ellen Hantman<br>5401 Twin Knolls Rd, Ste 10<br>Columbia, Md 21045<br>730-5997 |

EMILY GORDON

**EXHIBIT 6**

ROBERT M. GORDON

CIVIL ASSIGNMENT

11/7/96   FUTURE GRAND JURY

| | | COSTS | |
|---|---|---|---|
| 1) | Oct. 3, 1990  Petition to enforce a foreign judgment, with exhibits, fd.  Summons issued.  Copy of summons, petition sent to atty. for private process service. | CV SP | 903605 |
| | | CV CLK | 80.00 |
| 2) | Nov, 8, 1990  Order to re-issue summons, fd.  Summons re-issued.  Copy of summons, petition sent to atty. for private process service. | B LBRY | 20.00 |
| | | POST | 2.00 |
| | | CKCHECK TL | 102.00 |
| 3) | Mar 6, 1991 Order to re-issue summons, fd.  Summons reissued.  Copy of summons, petition sent to atty for private process server. | #62920 C002 R01 T11:2<br>10/03/90 |  |
| 4) | May 14,1991  Correspondence and affidavit of Jerry A. Evnitz, fd. | | |
| (5) | May 17,1991  Served Defdt., 5/10/91, affidavit of private process server,fd. | | |
| 6) | Aug 12, 1991 Request for Order of Default and Non-Military Affidavit, fd. | | |
| (7) | Aug 22,1991  Order of Default,fd. (JTS,JR 8/21/91) Notice sent. | | |
| (8) | Sep 19, 1991 Deft's Motion to Vacate Order of Default, fd. | | |
| 9) | Nov 1, 1991 Deft's Motion to Strike a Judgment and/or Vacate Improper Service and that the Order of Default be Stricken is DENIED by the Court. | | |

(13) Aug 28,1992  Motion and Ruling from Judge B.K. Howe withdrawing the App. of Connie L. Strauss as counsel for the Defdt,fd.

(14) Aug 28,1992  Notice to employ new counsel,fd. Copy sent.

Nov. 9, 1992  Hon. J. william Hinkel.  Hearing had in re Petition to Enforce Foreign Judgment- Granted.  Order to be filed.

(15) Nov 16,1992  Order of Court enrolling the final judgment of entered in Florida on 7/20/90 as a Maryland Order, etc,fd. (JWH)

P.O. BOX 6754
Towson, MD 21285-6754
(410)-887-2601, TTY for Deaf: (800)-735-2258
Maryland Toll Free Number (800) 938-5802

01/19/06

Case Number: 03-C-90-263605 OC
Date Filed:  10/03/1990
Status: Closed/Active
Previous Case ID: 90CSP3605
Judge Assigned:
Location :
CTS Start :              Target :

Emily Gordon Vs Robert M Gordon

## C A S E   H I S T O R Y

### OTHER REFERENCE NUMBERS

| Description | Number |
| --- | --- |
| Previous Case ID | 90CSP3605 |
| Case Folder ID | C90263605V02 |

### INVOLVED PARTIES

| Type Num | Name(Last,First,Mid,Title) | Addr Str/End | Pty. Disp.<br>Addr Update | Entered |
| --- | --- | --- | --- | --- |
| PLT  001 | Gordon, Emily J | | CT DO 06/08/05 | 10/03/96 |
| | Party ID: 0118919 | | | |
| Mail: | 2561 Village Blvd<br>Apt 106<br>West Palm Beach, FL  33409 | 10/03/96 | 09/23/03 DR | ? |
| DEF  001 | Gordon, Robert Milton | | CT DO 06/08/05 | 10/09/90 |
| | Party ID: 0118923 | | | |
| Mail: | 1906 Rambling Ridge Lane<br>Apt T-1<br>Baltimore, MD  21209 | 09/23/03 | 09/23/03 DR | 09/23/03 DR |

```
                    SUITE 212
                 CONCORD, MD  21204
                  (410)847-9075
```

| Type Num | Name(Last,First,Mid,Title) | Addr Str/End | Pty. Disp. Addr Update | Entered |
|----------|---------------------------|--------------|------------------------|---------|
| CND  001 | Gordon, Emily J | | CT DO 06/08/05 | 06/15/01 |
| | | Party ID: 0435449 | | |
| | Mail: 2701 Village Blvd | 06/15/01 | 06/15/01 MJ | 06/15/01 MJ |
| | Apt #301 | | | |
| | West Palm Beach, FL  33409 | | | |
| CNP  001 | Gordon, Robert Milton | | CT DO 06/08/05 | 06/15/01 |
| | | Party ID: 0435448 | | |
| | Mail: 3532 Carriage Hill Circle | 06/15/01 | 06/15/01 MJ | 06/15/01 MJ |
| | Apt #102 | | | |
| | Randallstown, MD  21133 | | | |

## CALENDAR EVENTS

| Date Time Our Event Description | Text SA | Jdg Day Of Notice User ID |
| Result ResultDt By Result Judge | Rec | |
|---|---|---|
| 05/09/97 09:30A 01H Civil Non-Jury Trial | Y | TBA 01 /01 MC EA |
| Held/Concluded    05/09/97 C  E.DeWaters, Jr. | Y | |
| 06/19/00 09:00A 03Q Hearing: Show Cause | Y | TBA 01 /01 CM MA |
| Cancelled/Vacated    04/24/00 | | |
| 06/19/00 09:30A 06Q Civil Non-Jury Trial | Y | EAD 01 /01 04/24/00 MA |
| Held/Concluded    06/19/00 C  E.DeWaters, Jr. | Y | |
| 10/17/01 09:30A 01H Civil Non-Jury Trial | Y | EAD 01 /01 08/29/01 MA |
| Held/Concluded    10/17/01 C  E.DeWaters, Jr. | Y | |
| 10/22/01 09:30A 02Q Hearing: Show Cause | Y | EAD 01 /01 RC PB |
| Postponed/Reset    10/11/01 C | | |
| 10/24/01 09:30A 02Q Hearing: Show Cause | Y | EAD 01 /01 10/11/01 PB |
| Held/Concluded    10/17/01 C  E.DeWaters, Jr. | Y | |

10/15/03 09:30A 02Q Contempt Hearing          Y      IHA  01 /01      TM  TF
   Postponed      09/03/03 R F.Bollinger, Jr.

11/20/03 09:30A 01H Civil Non-Jury Trial      Y      PC  01 /01      PF  PF
   Cancelled/Vacated    11/18/03 E

12/18/03 09:30A 02Q Contempt Hearing          Y      PC  01 /01      AL
   Held/Concluded      12/18/03 E  P.Cavanaugh      Y
Stenographer(s): Marina Coyle

## DISPOSITION HISTORY

| Disp Date | Disp Code | Description | Stage Code | Description | User | Activity Date |
|-----------|-----------|-------------|------------|-------------|------|---------------|
| 04/23/03 | DO | Decree or Order | CT | AFTER TRIAL/HEARING | TM | 08/12/03 |
| 06/08/05 | DO | Decree or Order | CT | AFTER TRIAL/HEARING | PA | 06/08/05 |

## JUDGE HISTORY

| JUDGE ASSIGNED | Type | Assign Date | Removal | RSN |
|----------------|------|-------------|---------|-----|
| EAD  DeWaters, Jr., Hon Edward J | 05/18/00 | ER | 11/15/01 | |

## DOCUMENT TRACKING

| Num/Seq | Description | Filed | Entered | Party | Jdg | Ruling | Closed | User ID |
|---------|-------------|-------|---------|-------|-----|--------|--------|---------|
| 0001000 | Pet. for Contempt w/ Show Cause Order of Court, thereon, fd.  Copy sent to pltff. for pps. | 11/07/96 | 11/07/96 | PLT001 | EAD | | 04/23/03 | MR  PH |
| 0001001 | Answer To Petition For Contempt ** | 03/03/97 | 03/06/97 | DEF001 | TBA | | 04/23/03 | JBJ PH |
| 0002000 | See Docket Sheet for Previous Entries | 11/07/96 | 11/07/96 | 000 | TBA | | 04/23/03 | MR  PH |
| 0003000 | Reopen Pre-conversion Case | 11/07/96 | 11/07/96 | 000 | TBA | | 04/23/03 | MR  PH |
| 0004000 | Show Cause Order of Court copy sent pps | 11/21/96 | 11/21/96 | 000 | CMK | Granted | 11/21/96 | PH  PH |
| 0005000 | Show Cause Order of Court Copy reissued for PPS. | 12/23/96 | 12/23/96 | PLT001 | BEC | | 04/23/03 | PS  PH |
| 0006000 | **Affidavit of Service of Show Cause | 01/29/97 | 01/31/97 | 000 | TBA | | 04/23/03 | DA  PH |

0008000 Motion For Modification Of Alimony        03/03/97 03/06/97 DEF001 TBA                    04/23/03 JBJ PH
         **

0008001 Answer in Proper Person                   04/18/97 05/06/97 PLT001 TBA                    04/23/03 PH  PH

0009000 Request for Hearing                        03/03/97 03/06/97 DEF001 TBA                    04/23/03 JBJ PH
         ** on Motion for Modification Of Alimony.

0010000 Request for Hearing                        03/03/97 03/06/97 DEF001 TBA                    04/23/03 JBJ PH
         ** on Answer To Petition For Contempt

0011000 Scheduling Order                           03/12/97 03/12/97 000    TBA                    03/12/97 MC  MC

0012000 Scheduling Order                           03/14/97 03/14/97 000    TBA                    03/14/97 MC  MC

0013000 Scheduling Order                           03/14/97 03/14/97 000    TBA                    03/14/97 MC  MC

0014000 Motion for Default Judgment                03/31/97 04/02/97 DEF001 TBA Denied             04/25/97 DFF KM
         * and/or in the Alternative: Motion for Consolidation. (No
         DCM).Denied 4/2297 by (JOH).

0015000 Request Non-Mil. Aff./Order of Default     04/23/97 04/25/97 PLT001 JOH Denied             04/25/97 KM  KM
         Denied by court.

0016000 Open Court Proceeding                      05/09/97 05/09/97 000    EAD                    04/23/03 EA  PH
         May 9, 1997- Hon. Edward A. DeWaters, Jr.  Hearing had.
         Testimony taken. Plaintiff's Petition for Contempt.  Order to be
         filed.  Defendant's Motion for Modification - Denied.

0017000 Attorney Appearance Filed                  05/09/97 05/12/97 DEF001 TBA                    05/12/97 CB  CB
         entering the appearance of Henry W Stewart

0018000 Order finding the deft in contempt**       05/30/97 05/30/97 000    EAD Granted            05/30/97 PH  PH
         and may purge himself by paying support as specified,etc

0019000 Correspondence from Judge DeWaters,Jr      06/13/97 06/13/97 000    TBA                    06/13/97 PH  MJ

0020000 *Petition to Decrease Alimony and/or       01/27/00 02/01/00 DEF001 TBA                    04/23/03 MJ  PH
         Termination of Alimony and Petition for Payment of Alimony

0020001 Answer with Request for Hearing            03/28/00 03/28/00 PLT001 TBA                    04/23/03 MI  PH

0020002 *Answer                                    04/03/00 04/04/00 PLT001 TBA                    04/23/03 MI  PH

0021000 Writ of Summons - Civil                    02/01/00 02/01/00 PLT001 TBA                    02/01/00 MJ  MJ

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 0022001 | Answer in Proper Person w/exhibits | 04/27/00 | 04/27/00 | DEF001 | TBA | 04/23/03 | DR | PH |
| 0023000 | Request for Hearing/alimony | 04/19/00 | 04/19/00 | PLT001 | TBA | 04/23/03 | MR | PH |
| 0024000 | Hearing Notice | 04/24/00 | 04/24/00 | 000 | TBA | 04/24/00 | MA | MA |
| 0025000 | *Motion to Enjoin PLT from Disclosing All Exhibits filed in this Case to Third Parties | 04/27/00 | 04/27/00 | DEF001 | TBA | 04/23/03 | DR | PH |
| 0026000 | *Motion to Shorten Time to Respond to Motion for Emergency Hearing, Relief, Alimony Pendente Lite and Other Emergency Funds | 04/27/00 | 04/27/00 | DEF001 | JGT Denied | 04/28/00 | DR | PH |
| 0026001 | Answer in Proper Person | 08/22/01 | 08/29/01 | PLT001 | EAD | 04/23/03 | CKC | PH |
| 0027000 | *Request for Emergency Hearing, Relief, Alimony Pendente Lite and Other Emergency Funds w/exhibits | 04/27/00 | 04/27/00 | DEF001 | TBA | 04/23/03 | DR | PH |
| 0028000 | *Affidavit of Service show cause order served 04/26/00 | 04/27/00 | 04/28/00 | DEF001 | TBA | 04/28/00 | MI | MI |
| 0029000 | Motion to Dismiss * with Exhibits. (No DCM). | 05/16/00 | 05/17/00 | PLT001 | EAD Denied | 06/02/00 | DFF | JBJ |
| 0029001 | *Counter-Plts Response to Counter-Def's Motion to Dismiss | 05/22/00 | 05/23/00 | DEF001 | EAD | 04/23/03 | AR | PH |
| 0030000 | *Counter Plt's Memorandum in Support of his Pleadings | 05/22/00 | 05/23/00 | DEF001 | TBA | 05/23/00 | AR | AR |
| 0031000 | *Motion to Compel Discovery, Termination of Alimony, and Dismissal of Petition for Contempt | 05/30/00 | 06/01/00 | DEF001 | TBA | 04/23/03 | DR | PH |
| 0031001 | Answer in Proper Person | 08/22/01 | 08/29/01 | PLT001 | EAD | 04/23/03 | CKC | PH |
| 0032000 | Open Court Proceeding June 19, 2000 - Hon. Edward A. DeWaters,Jr.  Hearing had.  Ruling held Sub-Curia. | 06/19/00 | 06/20/00 | 000 | EAD | 04/23/03 | EA | PH |

**Alimony Modified**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 0033000 | Order dismissing contempt | 06/22/00 | 06/22/00 | 000 | EAD Granted | 06/22/00 | PH | PH |
| 0034000 | *Petition for Termination of Alimony | 06/14/01 | 06/15/01 | DEF001 | EAD Denied | 10/23/01 | MJ | MR |
| 0034001 | Answer in Proper Person | 08/22/01 | 08/29/01 | PLT001 | EAD | 04/23/03 | CKC | PH |
| 0035000 | Writ of Summons - Civil | 06/15/01 | 06/15/01 | CND001 | TBA | 06/15/01 | MJ | MJ |

0037000 Notice of Default Order Sent                08/24/01 08/24/01 PLT001 TBA          08/24/01 KM  KM

0038000 Hearing Notice                              08/29/01 08/29/01 000     TBA          08/29/01 MA  MA

0039000 Motion to Dismiss                           08/22/01 08/29/01 PLT001 TBA          04/23/03 CKC PH

0039001 *Answer with Request for Hearing            09/10/01 09/12/01 CNP001 EAD          04/23/03 LG  PH

0040000 Pet. for Contempt w/ Show Cause Order       08/29/01 08/29/01 PLT001 EAD          04/23/03 CKC PH
        copy sent to sheriff for service and to Emily Gordon.

0041000 *Motion to Compel Discovery and             09/10/01 09/12/01 CNP001 TBA          04/23/03 LG  PH
        Immediate Santions with Memorandum

0042000 Motion to Vacate Order of Default           09/12/01 09/13/01 PLT001 TBA          04/23/03 DFF PH
        * with Exhibits. (No DCM).

0043000 *Affidavit of Non-Service                   09/18/01 09/20/01 DEF001 TBA          04/23/03 NF  PH
        Defendant does not reside at this address information received by
        the leasing Office

0044000 *Show Cause Order of Court                  10/10/01 10/10/01 PLT001 EAD          04/23/03 MR  PH
        Copy sent to shff. for service.

0045000 Hearing Notice                              10/11/01 10/11/01 000     TBA          10/11/01 PB  PB

0046000 Open Court Proceeding                       10/17/01 10/18/01 000     EAD          04/23/03 EA  PH
        Oct. 17, 2001 - Hon. Edward A. DeWaters, Jr.  Hearing had.
        Testimony taken.  Ruling held Sub-Curia.  e.a.a.

0047000 *Affidavit of Service. served 10/17/01      10/18/01 10/19/01 DEF001 TBA          10/19/01 AR  AR
        (Petition for Contempt with Show Cause Order)

0048000 Ruling finding the defdt. in contempt       10/23/01 10/23/01 000     EAD Granted 10/23/01 MR  MR
        requiring him to pay alimony as specified. etc.

0049000 *Motion for Reconsideration of Rulings      10/29/01 10/31/01 DEF001 EAD Denied   11/30/01 DR  PH
        on Motion to Terminate Alimony and Petition for Contempt
        w/exhibit

0050000 Pre Trial Hearing Letter Issued             12/27/01 12/27/01 000     TBA          12/27/01 ED  EO

0051000 Notice of Appeal to COSA                    12/27/01 12/27/01 DEF001 TBA          04/23/03 AR  PH
        12/008

0052000 *Transcript of Proceedings                  01/11/02 01/14/02 000     TBA          01/14/02 MJ  MJ

0053000 *Order to proceed w/out prehearing conf.    02/07/02 02/08/02 000     TBA          04/23/03 MJ  PH
        (JRE)

```
0055000 Mandate from COSA affirming judgment      04/23/03 04/23/03 000    TBA              04/23/03 PH  PH

0056000 Motion to enforce contempt and           06/19/03 07/01/03 PLT001 TBA              07/01/03 PH  PH
        incarceration

0056001 Order for contempt and incarceration NOT 07/01/03 07/01/03 000    PC               06/08/05 PH  PA
        SIGNED BY THE COURT

0057000 *Motion to Enforce Contempt and          07/07/03 07/15/03 PLT001 PC   Denied      11/22/03 DR  LG
        Incarcerate

0057001 *Response to Motion to Enforce Contempt  09/05/03 09/12/03 DEF001 TBA              06/08/05 CS  PA
        and Incarcerate

0058000 Show Cause Order of Court                 08/04/03 08/04/03 PLT001 PC   Denied      08/04/03 CKC CKC

0059000 Reopen Case                              08/12/03 08/12/03 000    TBA              08/12/03 TM  TM

0060000 Show Cause Order of Court                 08/14/03 08/14/03 PLT001 DML              06/08/05 MR  PA
        Summons issued shff.

0061000 *Affidavit of Service                     08/27/03 09/02/03 DEF001 TBA              09/02/03 NF  NF
        Served on 8/22/03
        Petition for Contempt/W Show Cause Order

0062000 *Motion to Reconsider Order Following     09/05/03 09/12/03 DEF001 PC   Denied      11/22/03 CS  LG
        Continuation of the Disposition of
        Contempt with exhibit

0063000 *Notice of Service of Discovery           09/22/03 09/24/03 DEF001 TBA              06/08/05 DR  PA

0064000 Hearing Notice                           09/25/03 09/25/03 PLT001 TBA              09/25/03 AL  AL

0065000 Hearing Notice                           09/25/03 09/25/03 DEF001 TBA              09/25/03 AL  AL

0066000 Motion to Shorten Time to respond to     09/29/03 09/29/03 DEF001 CMK  Granted     09/29/03 CKC CKC
        request for production of documents

0066001 *Objection to Motion                      09/24/03 10/02/03 PLT001 TBA              06/08/05 LG  PA

0067000 *Plaintiff's Response To Defendant's      09/22/03 09/30/03 PLT001 TBA              06/08/05 NF  PA
        Response To Plaintiff's Motion To Enforce
        Contempt and Incarcerate

0068000 *Motion to Reconsider Order Following     09/22/03 09/30/03 PLT001 TBA              06/08/05 NF  PA
        Continuation Of The Disposition Of Contempt
```

| 0070000 | *Notice of Service of Discovery | 10/23/03 10/24/03 000 | TBA | 06/08/05 FD | PA |
|---------|--------------------------------|----------------------|-----|-------------|-----|
| 0071000 | Notices of Service of Discovery * | 11/03/03 11/04/03 000 | TBA | 06/08/05 JA | PA |
| 0072000 | Open Court Proceeding<br>Nov.20,2003 Hon.Patrick Cavanaugh.Hearing had.No parties<br>appeared.Pending Motions Dismissed.Order signed. | 11/20/03 11/20/03 000 | PC | 06/08/05 BH | PA |
| 0073000 | Open Court Proceeding<br>Dec.18,2003 Hon.Patrick Cavanaugh.Hearing had in<br>re:Contempt.Petiiton for Contempt Dismissed by the Court. | 12/18/03 12/18/03 000 | PC | 06/08/05 BH | PA |
| 0074000 | *Order Dismissing Contempt Petition by<br>pltff | 12/29/03 12/29/03 000 | PC Granted | 12/29/03 LG | LG |

## SERVICE

| Form Name | Issued | Response | Served | Returned | Agency |
|-----------|--------|----------|--------|----------|--------|
| WRIT OF SUMMONS<br>CND001 Gordon, Emily | 06/15/01 | 08/19/01 | 06/20/01 | | Pps |
| WRIT OF SUMMONS<br>PLT001 Gordon, Emily | 02/01/00 | 04/10/00 | 02/10/00 | | Pps |

## TICKLE

| Code | Tickle Name | Status | Expires | #Days | AutoExpire | GoAhead | From | Type | Num | Seq |
|------|-------------|--------|---------|-------|------------|---------|------|------|-----|-----|
| 1ANS | 1st Answer Tickle | CLOSED | 03/03/97 | 0 | no | no | DANS | D | 001 | 001 |
| 1ANS | 1st Answer Tickle | CLOSED | 08/22/01 | 0 | no | no | DAPP | D | 034 | 001 |
| 1ANS | 1st Answer Tickle | CLOSED | 09/05/03 | 0 | no | no | DANS | D | 057 | 001 |
| 1ANS | 1st Answer Tickle | CLOSED | 09/24/03 | 0 | no | no | MOPP | D | 066 | 001 |
| 35AS | 35 Day Tickle After | CANCEL | 03/05/97 | 35 | no | no | DANS | D | 000 | 000 |
| 35AS | 35 Day Tickle After | CANCEL | 04/03/00 | 35 | no | no | DARH | D | 000 | 000 |
| 35AS | 35 Day Tickle After | CANCEL | 06/01/00 | 35 | no | no | DANS | D | 000 | 000 |
| 35AS | 35 Day Tickle After | CANCEL | 08/06/01 | 35 | no | no | DNMD | D | 000 | 000 |
| 35AS | 35 Day Tickle After | CANCEL | 11/22/01 | 35 | no | no | MOPP | D | 047 | 000 |

| Code | Description | Status | Date | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CTOS | Create Tickle On Ser | CANCEL | 02/01/00 | 0 | no | no | | | 000 | 000 |
| CTOS | Create Tickle On Ser | CANCEL | 06/15/01 | 0 | no | no | | | 000 | 000 |
| EHRG | Emergency Hearing | CLOSED | 05/12/00 | 15 | no | no | DREH D | | 000 | 000 |
| EXPU | Exhibit Pickup Notic | CLOSED | 06/22/03 | 30 | no | no | | | 000 | 000 |
| NCDT | Notice Of Contemplat | CANCEL | 05/31/00 | 120 | no | no | CTOS T | | 000 | 000 |
| NCDT | Notice Of Contemplat | CANCEL | 10/13/01 | 120 | no | no | CTOS T | | 000 | 000 |
| SLIL | Set List - Informati | CANCEL | 05/09/97 | 0 | no | no | DAAF D | | 017 | 000 |
| SLIL | Set List - Informati | CANCEL | 04/17/00 | 0 | no | no | | | 000 | 000 |
| SLIL | Set List - Informati | CANCEL | 04/19/00 | 0 | no | no | | | 000 | 000 |
| SLMH | Set List For Motions | CANCEL | 03/25/97 | 0 | no | no | SLMM T | | 000 | 000 |
| SLMH | Set List For Motions | CANCEL | 05/22/00 | 0 | no | no | SLMM T | | 000 | 000 |
| SLMH | Set List For Motions | CANCEL | 09/10/01 | 0 | no | no | SLMM T | | 039 | 001 |
| SLMM | Set List Motions Mar | DONE | 11/27/99 | 999 | yes | yes | DRHR D | | 000 | 000 |
| SLMM | Set List Motions Mar | DONE | 12/22/02 | 999 | yes | yes | DANS D | | 000 | 000 |
| SLMM | Set List Motions Mar | DONE | 06/05/04 | 999 | yes | yes | DARH D | | 039 | 001 |
| SLMR | Set List For Motions | DONE | 03/25/97 | 22 | no | yes | MMOT D | | 000 | 000 |
| SLMR | Set List For Motions | CANCEL | 04/22/97 | 22 | no | no | MJDJ D | | 000 | 000 |
| SLMR | Set List For Motions | CANCEL | 06/08/00 | 42 | no | no | SLMM T | | 000 | 000 |
| SLMR | Set List For Motions | CANCEL | 06/21/00 | 22 | no | no | MCOP D | | 000 | 000 |
| SLMR | Set List For Motions | CANCEL | 09/13/01 | 22 | no | no | MDIS D | | 039 | 000 |
| SLMR | Set List For Motions | CANCEL | 10/02/01 | 22 | no | no | SLMM T | | 041 | 000 |
| SLMR | Set List For Motions | CANCEL | 10/04/01 | 22 | no | no | MVOD D | | 042 | 000 |
| SLMR | Set List For Motions | CANCEL | 11/20/01 | 22 | no | no | MRCS D | | 049 | 000 |
| SLMR | Set List For Motions | CANCEL | 07/11/03 | 22 | no | no | MMOT D | | 056 | 000 |

SLMR Set List For Motions CANCEL 10/14/03    22 no    no     MOPP D    068 000

SLTR Set List For Trial    CANCEL 03/03/97     0 yes    no     1ANS T    001 001

SLTR Set List For Trial    CANCEL 08/24/01     0 yes    no     ONMD D    036 000

SLTR Set List For Trial    CANCEL 09/05/03     0 yes    no     1ANS T    057 001

SLTR Set List For Trial    CANCEL 09/23/03     0 yes    no     CTMP S    000 000


## EXHIBITS

| Line # Marked | Code Description | SpH Sloc NoticeDt Disp Dt Dis By |
|---|---|---|

Offered By: PLT 001 Gordon, Emily J

| 000 | I   BOX 292 | B |


# DIFFERENTIATED CASE MANAGEMENT

## TRACKS AND MILESTONES

Track    : C3      Description: CIVIL EXPEDITED TRACK        Custom: Yes
Assign Date: 03/12/97  Order Date : 03/12/97
Start Date : 03/12/97  Remove Date: 03/13/97


| Milestone | Scheduled | Target | Actual | Status |
|---|---|---|---|---|
| TRIAL DATE is | | 06/10/97 | 03/13/97 | SUPERCEDED |

Track    : N3      Description: CIVIL EXPEDITED TRACK        Custom: Yes
Assign Date: 03/13/97  Order Date : 03/14/97
Start Date : 03/13/97  Remove Date: 04/24/00


| Milestone | Scheduled | Target | Actual | Status |
|---|---|---|---|---|
| TRIAL DATE is | 05/09/97 | 06/11/97 | 05/09/97 | REACHED |

EMILY J. GORDON,                    *        IN THE

    Plaintiff                       *        CIRCUIT COURT

    v.                              *        FOR

ROBERT GORDON,                      *        BALTIMORE COUNTY

    Defendant                       *        Case No. 03-C-90-263605
                                             Previous case ID 90-CSP-3605

  *    *    *    *    *    *    *    *    *

**EXHIBIT 7**

### PETITION FOR CONTEMPT

To the Honorable, the Judge of said Court,

    Emily Gordon, Plaintiff, in proper person, respectfully represents unto Your Honor:

1.  That by virtue of a decree of divorce entitled Final Judgment of Dissolution of Marriage entered in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County dated July 20, 1990, the Defendant Robert Gordon ordered, among other obligations to pay to the Plaintiff Emily Gordon as permanent period alimony, the sum of $500.00 per month.

2.  That on November 12, 1992, by virtue of a Court Order of this Honorable Court, it was found that the Final Judgment of Dissolution of Marriage entered in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on the 20th day of July 1990, is hereby enrolled as a Maryland Order; and it further ORDERED that the arrearage due and owing on that Florida Order as of

FILED APR 1 9 2000

November 1, 1992, is hereby determined to be fifteen thousand six hundred dollars ($15,600); and it is further ORDERED the Defendant Robert Gordon, make payments of sixteen hundred dollars ($1600) toward said arrearage to the Plaintiff, Emily Gordon, within 30 days; and it is further ORDERED that the balance of said arrearage shall be paid at the rate of two hundred dollars ($200) per month until eliminated, said amount to be in addition to the already ordered support amount of five hundred dollars ($500) per month.

3.  That on May 23, 1997, by virtue of a Court Order of this Honorable Court dated May 23, 1997, it was found that the Defendant owed to the Plaintiff a sum in the amount of $17,750.00 and further, the Defendant was required to make a lump sum payment of $5,000.00 toward the arrearages and the balance to be paid at the rate of $200.00 per month on the arrearages and the amount $500.00 per month continued as alimony previously ordered by the Florida Court. (Copies of the Order of the Circuit Court for the Fifteenth Judicial Circuit Court dated July 20, 1990 and the Order of this Court dated November 12, 1992 and May 23, 1997 are attached and marked Exhibit 1, 2 and 3.

4.  That the Petition for Modification as filed by the Defendant shall be denied.

5.   That the said Defendant has failed to make complete payments and there is now an arrearage in excess of $ 36,000.

6.   That the Defendant is now in Contempt of this Court by reason of his failure to make complete payments in accordance with the aforesaid decree.

WHEREFORE, Plaintiff requests that a) this Court pass an Order finding the Defendant in Contempt of Court; b) this Court pass an Order requiring Defendant to make immediate payments as provided by the Order of this Court dated.May 23, 1997; c) this Court pass an Order requiring Defendant to pay to Plaintiff the costs of this proceeding, including her travel costs from her home in Florida to the State of Maryland; and d) that the Plaintiff be awarded such other and further relief as the nature of her cause may require.

Emily Gordon
2701 Village Boulevard, #301
West Palm Beach, Florida 33409
(561) 471-9497

cc: Robert M. Gordon
    7213 Brookfalls Terrace
    Baltimore Maryland 21209

    Robert M. Gordon
    C/O Capital Matrix
    210 E. Lexington Street
    Suite 120
    Baltimore Maryland 21202

95

EXHIBIT
8

EMILY J. GORDON,              *     IN THE

    Plaintiff                *     CIRCUIT COURT

    v.                       *     FOR

ROBERT GORDON,               *     BALTIMORE COUNTY

    Defendant               *     Case No. 03-C-90-263605
                         Previous case ID 90-CSP-3605

   *    *    *    *    *    *    *    *    *    *    *

## MOTION TO ENFORCE CONTEMPT AND INCARCERATE

To the Honorable, the Judge of said Court,

    Emily Gordon, Movant, in proper person, respectfully represents unto Your Honor:

1. That by virtue of a decree of a ruling of this Honorable Court on October 18, 2001, Defendant, Robert M. Gordon, was found to be in Contempt of This Court, see attached Exhibit "A".

2. That said Defendant, Robert M. Gordon, filed and Appeal to the Court of Special Appeals of Maryland on said Ruling. The Appellate Court Affirmed This Courts Ruling on the Defendants Contempt, see attached Exhibit "B".

3. That said Defendant, Robert M. Gordon still has not paid one cent of the alimony to which he was Ordered to pay by this Honorable Court even after his Appeal was denied on March 14, 2003.

CIVIL ASSIGNMENT   JUN 2 0 2003

FILED   JUN 1 9 2003

Wherefore, Movant requests that:

a. This Court pass an Order Enforcing The contempt Ruling previously found by this Court:

b. This Court pass an Order Incarcerating Defendant, Robert M. Gordon, until all past due alimony obligation set forth previously by this court are paid:

c. This court act on this Motion without hearing being set due to the undue financial hardship it would cause Movant, Emily J. Gordon to travel to Maryland for a hearing and, since she is scheduled to have surgery this month and will be unable to travel for quite some time.

Respectfully submitted,

Emily Gordon
2561 Village Boulevard, #106
West Palm Beach, Florida 33409
(561) 471-9497

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17 day of June, 2003 a copy of the foregoing: "MOTION TO ENFORCE CONTEMPT AND INCARCERATE AND ORDER ENFORCING CONTEMPT AND INCARCERATION" was mailed first class, postage prepaid to the following:

cc: Robert M. Gordon
15 Charles Plaza #1503
Baltimore Maryland 21201

Robert M. Gordon
210 E. Lexington Street
Suite 120
Baltimore Maryland 21202

**EXHIBIT 9**

| | |
|---|---|
| EMILY J. GORDON | * |
| 2561 Village Boulevard | |
| Apartment #106 | *   IN THE |
| West Palm Beach, Florida 33409 | |
| | *   CIRCUIT COURT FOR |
| Plaintiff | |
| | *   BALTIMORE COUNTY |
| | |
| v. | *   MARYLAND |
| | |
| ROBERT GORDON | * |
| 1906 Rambling Ridge Lane | |
| Apartment #T-1 | *   Case No. 03-C-90-263605 |
| Baltimore, Maryland 21209 | |
| | * |
| Defendant | |
| | * |

\* \* \* \* \* \* \*

## ORDER

This matter having come before the Court on the issue of Contempt, the parties having bee

present, Robert Gordon, Defendant, represented by counsel and Emily Gordon, Plaintiff, represente

Pro Se, Testimony having been taken, it is this __16__ day of December 2003;

ORDERED, that the Petition for Contempt filed by Plaintiff, Emily Gordon, be and hereby i

DISMISSED.

_Patrick Cavanaugh_ (signature)

Judge Patrick Cavanaugh

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the
foregoing is a true copy
of the record in my office.
THIS 14th DAY CE FEB, 20 02
SHARON R. BOCK
CLERK & COMPTROLLER
By _____ DEPUTY CLERK

FILED   DEC 29 2003

AG✳   cc: Plhff, Mallon

EXHIBIT
**10**

| | | |
|---|---|---|
| Emily J. Gordon | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| Robert Milton Gordon | * | BALTIMORE COUNTY |
| Defendant | * | Case No. 90-CSP-3605 |
| | | 03-C-90-263605 |

\*   \*   \*   \*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*   \*

### PETITION TO DECREASE ALIMONY AND/OR TERMINATION OF ALIMONY
### AND PETITION FOR PAYMENT OF ALIMONY

TO THE HONORABLE, THE JUDGE OF SAID COURT:

NOW COMES Robert Milton Gordon, (Defendant), in proper person, and respectfully represents as follows:

1.     That the (Defendant) Robert Milton Gordon pursuant to an Order of the Circuit Court for Baltimore County on November 12, 1992, was directed to make alimony payments to the (Plaintiff) Emily J. Gordon in the amount of Five Hundred Dollars ($500.00) per month as previously awarded, and an additional Two Hundred Dollars ($200.00) per month on the arrearage of alimony payments. (See Order attached as Exhibit A).

2.     This order was the result of enrollment of a judgment in the State of Maryland that originated in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on July 20, 1990, wherein the marriage of the parties was dissolved, and the (Defendant) Robert Milton Gordon was ordered among other obligations to pay to the (Plaintiff) Emily Gordon as permanent alimony, the sum of Five Hundred Dollars ($500.00) per month until the first to occur of the death of either party or remarriage of Plaintiff. (See Order attached as Exhibit B).

3.     That since the Circuit Court for Baltimore County order of November 12, 1992, there has been a substantial change in the circumstances of the Defendant in that the Defendant has had net monthly earnings less than the Plaintiff; that the Defendant has suffered severe financial loses; and, the loss of the Defendant's job. All of which resulted in accumulation of substantial debt which resulted in the Defendant filing a chapter 7 bankruptcy in the United States Bankruptcy Court, District of Maryland on December 21, 1999, Case Number 99-66435. In addition, the Defendant's home is currently being

193

foreclosed and the Defendant's automobile is being repossessed, and despite diligent efforts, the Defendant has been unable to earn any income.

4.    The payment of alimony in the original order was predicated on the Plaintiff's net monthly earnings as of July 20, 1990, being $1,161.00 and the Defendant's net monthly earnings being imputed by the court at $3,000.00 per month. The Defendant's income in the past five years has been substantially less than the Plaintiff's.  The Defendant's earnings have been as follows:  In 1997, gross income before taxes was $2,667.50 per month; in 1998, gross income before taxes was $1,019.50 per month; and in 1999, gross income before taxes was $1,337.50 per month.  This year Defendant has had to date $0.00 income. On the other hand, the Plaintiff in each of these respective years has had net monthly earnings greater than the amount the Court based its decision and greater than that of the Defendant.

5.    The Defendant also has the following non-dischargeable debt that will not be discharged in bankruptcy and which will still be due and owing: (a) back taxes to the Internal Revenue Service in the amount of $4,694.00; (b) back taxes to the Comptroller of the Treasury, State of Maryland, in the amount of $1,125.00; (c) arreages in alimony payments to the Plaintiff totaling $ 25,690.83.

6.    That Defendant has been and continues to be unable to pay the sum of Five Hundred Dollars ($500.00) in alimony plus the additional sum of Two Hundred Dollars ($200.00) per month on the arrearages to the Plaintiff.

7.    That the Maryland Annotated Code, Family Law Article, §8-103 and §8-103 (b) and (c) (2)  of this article states that either party may file a petition requesting the court to consider modifying the amount of alimony awarded as circumstances and justice require regardless of how the provision is stated, unless there is a provision that specifically states that the provisions with respect to alimony or spousal support are not subject to any court modification.  In this case there is no such provision.

8.    That the Circuit Court of Baltimore County Order dated November 12, 1992, reserves that its conditions are "all subject to further Order" of the Circuit  Court of Baltimore County.

9.    That the Defendant on April 13th will be sixty years old with no assets, no retirement or pension fund and having no income is in great need of support; which the Plaintiff, who is employed and has a retirement and pension fund, is capable of providing financial assistance.

10.    That the Defendant has incurred costs in these proceedings and is without funds to sustain the cost of this litigation.



11.    Prior to the filing of these proceedings, the Defendant has requested a voluntary decrease, and/or termination of alimony payments to the Plaintiff, and payment from the Plaintiff of alimony support to the Defendant all of which the Plaintiff has refused.

12.    That the Defendant is substantially justified in bringing these proceedings, and the Defendant is in need of an award of costs as provided for in Maryland Annotated Code, Family Law Article, §12-103, and in Maryland Annotated Code, Family Law Article, §11-110.

WHEREFORE, the Defendant, Robert Milton Gordon, respectfully requests:

A.    That this Court pass an order modifying the Circuit Court of Baltimore County Order dated November 12, 1997, by reducing the amount of alimony payable by the Defendant; or in the alternative

B.    That this Court pass an order modifying the Circuit Court of Baltimore County Order dated November 12, 1997, by suspending Defendant's obligation to pay alimony to Plaintiff; and further, by suspending Defendant's obligation to make payments on the arrearage until such time as the Defendant's earnings are sufficient enough to make such payments at that level.

C.    That this Court, predicated on the fact that there has been a substantial change resulting in a reversal of incomes between the Defendant and the Plaintiff, pass an order modifying the Circuit Court of Baltimore County Order dated November 12, 1997, and that the Defendant be awarded alimony from the Plaintiff and the Plaintiff pay alimony support payments to the Defendant as the Court deems fair and equitable.

D.    And for any such other and further relief as to this Court may seem just and proper.

I SOLEMNLY affirm under the penalties of perjury that the contents of the foregoing are true and correct to the best of my knowledge, information and belief.

Robert Milton Gordon (Defendant)
In proper person
210 E. Lexington Street
Suite 120
Baltimore, Maryland  21202
410.347.3999

Page 3 of 3

EMILY GORDON       *     IN THE

                *     CIRCUIT COURT

VS.               *     FOR

                *     BALTIMORE COUNTY

ROBERT M. GORDON     *     CASE NO. 03-C-90-263605

  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**EXHIBIT 11**

## RULING ON MOTION TO MODIFY AND PETITION FOR CONTEMPT

The above pleadings were heard by the Court on June 19, 2000.  The evidence revealed

that Robert M. Gordon, by order of this Court, is to pay alimony to Emily Gordon in the amount

of $500.00 per month and $200.00 per month on substantial arrearage.  Mr. Gordon has not

complied with the order and Mrs. Gordon filed the Petition for Contempt.  This Court conducted

a hearing on the same type pleadings some time ago.  The hearing date on those pleadings was

May 19, 1997.  At that time, Mr. Gordon had his own business and the Court found he was in

contempt of court.  He was ordered to pay a substantial sum toward the arrearages and continue

the regular payments.  His Motion to Modify was denied.  Since that time, Mr. Gordon's business

has failed.  His health is poor and he is unemployed.  Proceedings have been filed in this Court

which resulted in the sale of his home and he will be evicted in six weeks or less.  He has filed

bankruptcy and the bankruptcy proceedings resulted in the discharge of huge debt.  He is 60 years

old and is presently looking for employment.  He has a law degree but has never passed the bar

examination.  He has significant experience acquired over the years in the mortgage loan business.

He contends that a felony conviction inhibits his ability to obtain employment.  The evidence

stated above clearly shows substantial change in circumstances since this Court heard the case in

May of 1997.  Accordingly, the Motion to Modify must be granted.  The amount of alimony to be

215   **FILED** JUN 22 2000

paid will change from $500.00 per month to $250.00 per month, and Mr. Gordon is to pay

$100.00 per month toward the arrearages. His request for alimony in the amount of $60.00 per

week is denied. Although Mr. Gordon has health problems, his medications allow him to function

well. He is well educated and has significant experience in the area described above. There is

every reason to believe that conscientious efforts on his part will result in significant employment.

If not, he should endeavor to find employment in some other area.

The Petition for Contempt is dismissed. The Court cannot justify a finding of contempt

based on the evidence in this case. Arrearages are established in the amount of $38,385.77.


_____          _____
June 21, 2000                                     Edward A. DeWaters, Jr.
        Date                                      Chief Judge and Administrative Judge
                                                  Third Judicial Circuit of Maryland


EADjr/bp
cc: Emily Gordon, pro se
     Robert M. Gordon, pro se


2

2|6

*Served on 11/2/04*
*Deputy Walls-1141*

**EXHIBIT 12**

**INFORMATION SHEET ON PARTY TO BE SERVED**
(Form 170)

Date _October 8, 2004_         Case No. _90 0000 774 CA_

TO:    SHERIFF'S OFFICE

Name _Robert M Gannon_         Nickname/Alias _Bobby_

Home Address _1906 Rambling Ridge_   City _Baltimore_
_Lane Apt. T-1_

State _Maryland_ Zip Code _21209_    County of _____

Phone # (_610_) _484-2662_

Other Person living at the address: (above age 15)

_____

Business name_____ Work hours_____

Business address_____ City_____

State _____ Zip Code _____   County of _____

Phone # ( ) _____

Color and make of automobile _White BMW_ Year _?_ License # _LXP 165_
_Race _____ Sex _M_ Age _64_ Date of Birth _4-13-1940_

Height _5'10"_ Weight _140_ Hair _Bald FRINGE_ Eyes _Blue_ S.S. # _213 36 1717_

Complexion (light-medium-dark-ruddy) _Light_

Marks or features: include tattoos, scars, mustache, glasses, etc. _Maybe Glasses_

Attach photograph (if you have one)

List any additional information that may be helpful to the Deputy who will be serving process.

October /2003              Page 1 of 2              Form 170

Include any other address where Respondent may be served and the best time the Respondent would be at the address: _____ *AM* _____

_____

_____

INFORMATION SHEET ON PARTY TO BE SERVED (Form 170)

[your information]:

Name __*Emily J Gordon*_____

[the person making this complaint]

Address __*2561 Village Blvd* *#106* City *West Palm Beach*

State __*FL*_____ Zip Code *33409* County of *Palm Beach*

Home phone # *(561) 471 9497*___ S.S. # *215 40 3470*

Date of Birth *2.8.41*_____

Business name _____

Business Address_____

State _____ Zip Code _____ County of _____

Business phone # ( ) _____ Work hours _____

Robert M. Gordon resides at the following address:
Baltimore County Sheriff

Twin Ridge Apartments
1906 Rambling Ridge Lane, Apt. T-1
Baltimore MD 21209
Phone number 410-484-2662 (unlisted)


Robert Gordon is 5' 10", bald, with some fringe hair
around lower part of his head (may be long), blue eyes,
approx. 240 lbs., and he is 64 years old.

He may be found sitting around the pool on the weekend.



IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR PALM
BEACH COUNTY.

FAMILY DIVISION

CASE NO:  501990DR000774XXDI
DIVISION:  FD

IN RE:  THE MARRIAGE OF

ROBERT M. GORDON
Petitioner
VS.
EMILY J. GORDON
Respondent

## NOTICE OF HEARING ON  MOTION FOR CONTEMPT

TO:   ROBERT M. GORDON
      <u>INFORMATION SHEET ATTACHED</u>
      FEE:  ATTACHED

YOU ARE NOTIFIED that a motion for contempt has been filed by   EMILY J. GORDON alleging that you are in violation of the terms of the order  or judgment entered by this court as stated in the attached affidavit.

YOU ARE CITED TO APPEAR before the Magistrate in Room # <u>6H</u>      , Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida, on the <u>18th</u>  day of <u>November</u>  2004, at <u>2:30 p.m.</u>      , to show cause why you should not be adjudged in contempt of court for violation of the aforesaid order.

Both parties shall calculate and bring documentation if unpaid child support or alimony is in question.  The parties shall also bring all supporting documents or records which either may have, for example:  canceled checks, receipts, pay check stubs, income tax returns or doctor's statements which support their positions.  FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY  ATTACHMENT FOR YOUR ARREST.  IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.

SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490 (F), FLA.FAM.L.R.P.  IF THE MATTER AT ISSUE ONLY CONCERNS CHILD SUPPORT, THE APPLICABLE RULE IS 12.491.  NO REPORT WILL BE FILED, BUT REVIEW OF THE ORDER ENTERED MAY BE SOUGHT BY FILING A MOTION TO VACATE WITHIN 10 DAYS OF THE ENTRY OF THE ORDER.  YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED.  A RECORD ORDINARILY INCLUDES A WRITTEN DOCUMENT OF ALL RELEVANT PROCEEDINGS.  THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT IF NECESSARY FOR THE COURT'S REVIEW:

YOU ARE HEREBY ADVISED THAT IN THIS CIRCUIT ELECTRONIC REPORTING IS PROVIDED BY THE COURT. IN ADDITION, ANY PARTY MAY PROVIDE A COURT REPORTER AT THE PARTY'S EXPENSE.

If  you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the A.D.A. Co-ordinator in the Administrative Office of the Court, 205 North Dixie Highway, Room #5.2500, West Palm Beach, Florida  33401, Telephone (561)-355-2431 within two (2) working days of your receipt of this Notice of Hearing;  if you are hearing or voice impaired, call 1-(800)-955-8771.

If you need an interpreter you should bring with you someone who is fluent in BOTH English and your own language who has the ability to translate in both languages.

DONE at West Palm Beach, Florida, this _____15th_____ day of  OCTOBER  2004.

_____
MAGISTRATE
PATTI A. VELASQUEZ

CC:  EMILY J. GORDON
     2561 VILLAGE BLVD # 106
     WEST PALM BEACH, FL  33409

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.: *90-0000774 CA*

*Emily J. Gordon*                ,
            Petitioner,

and

*Robert M. Gordon*                ,
            Respondent.

## MOTION FOR CIVIL CONTEMPT/ENFORCEMENT

( ✓ ) Petitioner ( ) Respondent requests that the Court enter an order of civil contempt/enforcement against ( ) Petitioner ( ✓ ) Respondent in this case because:

1. A final judgment or order {title of final judgment or order} *DISSOLUTION OF MARRIAGE* in this case was entered on {date} *JULY 20 1990*, by {court, city, and state} *CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY*
☐ Check here if the judgment or order is not from this Court.
**Please attach a copy of the final judgement that the Respondent is not complying with.**

2. This order of the Court required the other party in this case to do or not do the following: {*Explain what the other party was ordered to do or not do.*} _____
*PAY PERMANENT PERIODIC ALIMONY the*
*SUM OF $500. per month*
_____
_____
**G** Check here if additional pages are attached.

3. The other party in this case has willfully failed to comply with this order of the Court: {*Explain what the other party has or has not done.*} _____
*has never complied with the*
*order to pay on a continuous or*
*timely manner*
_____
_____
                                    *See attached*
**G** Check here if additional pages are attached. ✓

4. Respondent is in arrears in the amount of $ *79,300.76* as of *July 2,2004* and additionally as well as any payments that occur and are unpaid to the date of the requested hearing.

5.     I respectfully request that the Court issue an order holding the above-named person in civil contempt, if appropriate, and/or providing the following relief:

    a.   enforcing or compelling compliance with the prior order or judgment;

    b.   awarding a monetary judgment;

    c.   if a monetary judgment was included in the prior order, issuing a writ of execution or garnishment or other appropriate process;

    d.   awarding prejudgment interest;

    e.   requiring the other party to pay costs and fees in connection with this motion;

    f.   if the other party is found to be in civil contempt, ordering a compensatory fine;

    g.   if the other party is found to be in civil contempt, ordering a coercive fine;

    h.   if the other party is found to be in civil contempt, ordering incarceration of the other party;

    i.   issuing a writ of possession for real property, writ for possession of personal property, or other appropriate writ;

    j.   issuing a writ of bodily attachment if the other party fails to appear at the hearing set on this motion;

    k.   requiring the other party to make payments through the central governmental depository;

    l.   requiring the support payments to be automatically deducted from the other party's income or funds;

    m.   requiring the other party to seek employment;

    n.   awarding make-up visitation with minor child(ren) as follows {explain}: _____

_____

_____

_____

_____

_____; and

    o.   awarding other relief {explain}: _____

_____ *If Mr Gordon doesn't appear Request warrant for arrest* _____

_____

_____

_____

    I certify that a copy of this document was [☐ one only] ( ✓ ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} _____

**Other party or his/her attorney:**

Name: *Robert M Gordon*

Address: *1906 Rambling Ridge Lane, Apt T-1*

City, State, Zip: *Baltimore MD 21209*

Fax Number: _____

Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Contempt/Enforcement (10/03)

I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: _October 8, 2004_

Signature of Party

Printed Name: _EMILY J GORDON_

Address: _2561 VILLAGE BLVD #706_

City, State, Zip: _WPB FL 33409_

Telephone Number: _561.471.9497_

Fax Number: _____

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to or affirmed and signed before me on _October 8, 2004_ by _Emily J. Gordon_

_Tracey L Byrd_

NOTARY PUBLIC or DEPUTY CLERK

_TRACEY L. BYRD_

[Print, type, or stamp commissioned name of notary or clerk.]

Tracey L. Byrd
Commission #DD208711
Expires: May 04, 2007
Bonded Thru
Atlantic Bonding Co., Inc.

✓  Personally known
___ Produced identification
___ Type of identification produced _____

**IF A NON-LAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [ ☐ fill in all blanks]

I, {full legal name and trade name of non-lawyer} _____,
a non-lawyer, located at {street}_____, {city} _____,
{state} _____, {phone} _____, helped {name} _____,
who is the [ ☐ one only] ___ petitioner or ___ respondent, fill out this form.

JUL-25-1990 03:03pm 90-213973

ORB  6528 Pg 1503

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT OF FLORIDA, IN AND
FOR PALM BEACH COUNTY.

CASE NO. CD 90 774 FD

IN RE:  THE MARRIAGE OF

ROBERT GORDON

        Husband

and

EMILY GORDON

        Wife

_____/

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS ACTION was tried before the Court.  The Wife appeared
pro se and testified and the Husband appeared with counsel and
testified as did witnesses on his behalf.  On the evidence presented
the Court finds as follows:

This is a marriage of 22 years.  The parties were married on
November 10, 1968 and because of unhappy differences finally
separated on January 1, 1989.  The Wife is 49; the Husband is 50.
There are no minor children of this marriage.

The Wife is employed as a clerk with J.B. Hanauer & Co. and
has net monthly earnings of $1,161.00.

The Husband is employed as an insurance salesman a. 1 claims
to have net monthly earnings of $1,000.00.  Based upon the Husband's
lifestyle and based upon the history of his earnings (he has in the
past earned in excess of $100,000.00 per year) the Court finds his
testimony not credible.  The Court finds from the evidence that the
Husband can earn at least $3,000.00 net per month and that figure
will be imputed to him.  Although he has never practiced law he has

ORB   6528 Pg 1504

a J.D. and a B.A. degree.  He has extensive experience in the mortgage loan business.

The parties entered into a property settlement agreement (Husband's Exhibit 2) that was made in contemplation of a dissolution in 1982.  Subsequently, the parties reconciled and continued to live together until January, 1989.  The Court finds that the parties intended that the property settlement agreement be vacated.  Thus, it is not binding on the parties in this litigation.

The Husband owes the Wife $1,600.00 temporary support as of the date of this Final Judgment.  He is contempt of the Temporary Relief Order because he had the ability to make these payments and has failed to do so.

The Wife has paid the Husband's Internal Revenue Service obligations of $760.00.

The parties have no marital assets and have already divided their personal property.

The marriage is irretrievably broken.  Thereupon it is ORDERED AND ADJUDGED as follows:

1.  The marriage of the parties is dissolved.

2.  The Husband shall pay to the Wife as permanent periodic alimony the sum of $500.00 per month.  Said payments of permanent alimony shall commence on August 1, 1990 and shall continue monthly thereafter until the Wife remarries or either party dies, whichever shall first occur.  See Court's Exhibit A.

3.  The Husband is in contempt of this Court's Temporary Relief Order for failure to pay $1,600.00 temporary alimony.  He is hereby sentenced to incarceration in the Palm Beach County Jail for

ORB   6528 Pg 1505

such contempt.  He may purge himself of this contempt, however, and avoid incarceration, by paying to the Wife within 30 days from the date of this Final Judgment, the sum of $1,600.00.  If the Husband fails to purge himself of this contempt then the Court will, upon application of the Wife, set a commitment hearing.

4.  The Husband shall reimburse the Wife, within 30 days from the date of this Final Judgment, the sum of $760.00.

DONE AND ORDERED, in Chambers, at West Palm Beach, Florida, this _20TH_ day of July, 1990.

HUBERT R. LINDSEY, CIRCUIT JUDGE

Copies furnished:
Michael L. Cohen, Esq., 1615 Forum Place, #1B, West Palm Beach, Fl 33401
Emily Gordon, 2701 Village Blvd., #301, West Palm Beach, Fl 33409

OR 6528 Pg 1506

## COURT'S EXHIBIT A

1.  All child support, alimony, or both, included in a Final Judgment of Dissolution or any Modification or any other Order requiring the payment of same shall be paid to the Domestic Relations Department by cash, money order, cashier's check or certified check.

2.  This payment shall be delivered to the Clerk of the Circuit Court, Domestic Relations Department, Room 149, Palm Beach County Courthouse, P. O. Drawer H, West Palm Beach, Florida 33402, together with the applicable service charge which may apply from time to time as determined by the Clerk of the Clerk of the Circuit Court.

3.  THE PARTIES ARE ORDERED TO IMMEDIATELY ADVISE THE CLERK OF THE CIRCUIT COURT OF ANY CHANGES IN THE DOMESTIC RELATIONS AFFIDAVITS WHICH HAVE HERETOFORE BEEN FILED WITH THE COURT.

4.  With regards to the payment of alimony and/or child support the following provisions shall apply:

    a.  CHILD SUPPORT:  (TEMPORARY/PERMANENT)
        When 6 or more children    $ _____
        When 5 children    $ _____
        When 4 children    $ _____
        When 3 children    $ _____
        When 2 children    $ _____
        When 1 child    $ _____

The aforesaid payments shall commence _____ and shall terminate by further order of Court or in accordance with the law.

    b.  ALIMONY:
        (1) Temporary    $ _____
        (2) Rehabilitative    $ _____
        (3) Permanent Periodic    $ 500.00 per month

    c.  SUPPORT ARREARAGES:    $ 1,600.00 payable within 30 days from date of Final Judgment

The aforesaid payments shall commence August 1, 1990 and shall terminate upon full payment.

5.  The aforesaid payments shall be made:

    Weekly: _____
    Every two weeks: _____
    Semi-monthly on the 1st and 15th of the month: _____
    Monthly: xxxxxxxxxxxxxxxx

6.  All the aforesaid payments shall be made in conformity with paragraphs 1 and 2 of this Court's Exhibit A.

7.  The Court retains jurisdiction of the cause and the parties thereto for the purpose of enforcement of the provisions for the payment of alimony, child support or both as provided by Section 61.181 Florida Statutes.

## DEFINITIONS

**INCOME:** Any form of-payment to an individual regardless of the source including, but not limited to, wages, salaries, commissions and bonuses*, compensation as an independent contractor, workers' compensation, retirement benefits, pensions dividends, royalties or trust accounts, or any other payment made by any person private entity, federal or state government, or any unit of local government. No monies shall be deducted from V.A. benefits or unemployment compensation. However, the amount deducted for each period shall not exceed 65% of the Obligor's net earnings after deductions allowed by law (55% or net earnings if the Obligor supports a spouse or dependent other than those provided herein).

* For purposes of <u>Paragraph 3 only</u>, "BONUS" means a payment in addition to an Obligor's usual compensation and which is in addition to any amounts contracted for or otherwise legally due and shall not include any commission payments due the Obligor.

**OBLIGOR:** The person responsible for making support payments under a Court Order that awards child support, alimony, and/or arrearages.

**OBLIGEE:** The person to whom support payments are made under a Court Order that awards child support, alimony, and/or arrearages.

**PAYOR:** The person or entity providing income to any employee or former employee or any other person or agency providing or administering income to the Obligor.

## RIGHTS AND REMEDIES

1. The Obligor has the obligation of notifying the Clerk of Court, Support Enforcement Program, of any changes in his/her residence address, employer, and/or the employer's name and address with seven (7) days of such change IN WRITING.

2. The Obligee has the obligation of notifying the Clerk of Court, Support Enforcement Program, of any changes in his/her residence address within seven (7) days of such changes IN WRITING.

3. The Payor has the obligation of notifying the Clerk of Court, Support Enforcement Program, IN WRITING, if the Obligor is not working or is no longer employed at the time this Order and accompanying document(s) are served upon the Payor.

4. The Clerk of Court is authorized to impose and collect a fee of $20.00 for the issuance of this Order and accompanying document(s) in addition to the amounts specified for support, alimony, and/or arrearages.

5. This Order applies to current and subsequent Payors(employers/income providers).

6. An Income Deduction Order may be contested by filing a Notice of Contest (forms are available in the Clerk of Court, Support Department) with the Clerk of Court within fifteen (15) days of the date of this Order. The enforcement order may only be contested on the grounds of a mistake of fact regarding the amount of support owed, the amount of the arrearages, or the identity of the Obligor. Service of this Order on the Payor will not be delayed upon the filing of a Notice of Contest.

7. A Payor (employer/income provider) may reduce the amount being deducted only by Order of the Court or upon Notice from the Clerk of Court, Support Enforcement Program, once the arrearages have been fully paid.

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA

IN RE:                                  CASE NO. CD 90 000774 FD   REST NO. X

                 EMILY GORDON                        , OBLIGEE,
VS.
                 ROBERT M GORDON                      , OBLIGOR.

---

## EVIDENCE OF FINAL JUDGMENT AND
## CERTIFICATE OF DELINQUENCY

THE CENTRAL GOVERNMENTAL DEPOSITORY FOR THE COURT-ORDERED SUPPORT PAYMENTS IN PALM BEACH COUNTY, FLORIDA, PURSUANT TO SECTION 61.181, FLORIDA STATUTES, CERTIFIED A DELINQUENCY IN SUPPORT OWED BY THE ABOVE NAMED OBLIGOR. THE CERTIFIED COPY OF THE SUPPORT ORDER IS ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A". THE NOTICE OF DELINQUENCY SENT TO THE OBLIGOR IS ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "B". THE CENTRAL GOVERNMENTAL DEPOSITORY HEREBY CERTIFIES THAT A DELINQUENCY IN SUPPORT PAYMENTS EXISTS AS OF THE DATE OF THIS CERTIFICATE.

THIS CERTIFICATE IS ISSUED UNDER SECTION 61.14(5) (A)2, F.S. THIS CERTIFICATE CONSTITUTES EVIDENCE OF A FINAL JUDGMENT IN FAVOR OF THE ABOVE NAMED OBLIGEE FOR ALL DELINQUENCIES DUE AS OF THE DATE OF DELINQUENCY, INCLUDING DELINQUENCIES WHICH MAY HAVE EXISTED PRIOR TO THAT DATE, ALL OTHER AMOUNTS WHICH HEREAFTER BECOME DUE, TOGETHER WITH ALL APPLICABLE COSTS AND FEES AUTHORIZED BY LAW, FOR WHICH EXECUTION MAY ISSUE AND WHICH HAS THE FULL FORCE AND ATTRIBUTES OF A JUDGMENT ENTERED BY A COURT IN THIS STATE. THE CENTRAL GOVERNMENTAL DEPOSITORY IS NOT A PARTY TO THIS LAW SUIT AND IS NOT AN OBLIGEE UNDER THIS JUDGMENT, BUT IS AUTHORIZED BY STATUTE TO RECEIVE PAYMENTS ON BEHALF OF THE PARTIES.

CENTRAL GOVERNMENTAL DEPOSITORY
PALM BEACH COUNTY, FLORIDA

CC: ROBERT M GORDON

    EMILY GORDON                       BY                                    D.C.

```
07/02/2004                    PALM BEACH COUNTY                      Page 1
casehist
              F A M I L Y   L A W   C A S E   H I S T O R Y

       Case Number: 90-0000774-CA          Start Date: 08/01/1990
       Judge: SANDRA MCSORLEY              Uresa Number:

       ========= Respondent ======== (NC)  ========= Petitioner ======== (C)
       GORDON, ROBERT M.                    GORDON, EMILY
       15 CHARLES PLAZA #1503               2561 VILLAGE BLVD
                                            # 106
       BALTIMORE MD 21201                   WEST PALM BEACH FL 33409

       Last Receipt Date:      07/19/1999   Delq Notc Date: 03/08/1995
       Last Assessment Date:   07/01/2004   Judgment Date:  03/30/1995
       Last Disbursement Date: 07/19/1999   Last Updated:   04/25/2003

       YTD Paid                     0.00
                                            Interest Amount Due     26,629.61

                          * * *  T E R M S  * * *

   Type Payee              Freq Start /  End Date   Amount Next Due Sta  Bal Due

   INT GORDON, EMILY       NO F 03301995            0.00 06061997  A  26,615.18
   ALR GORDON, EMILY       MONT 08011990          500.00 08012004  A  52,685.58
                                                                      ----------
                                                                      79,300.76

          * * *  T R A N S A C T I O N   H I S T O R Y  * * *

   Date     Receipt #   : Type  Payee         Amount Check #        Bal Due

   04031995 Adjustment   ADJ CLERK, COURT       -20.00              -20.00
   04031995 Assessment   DLQ CLERK, COURT        47.58               27.58
   06011997 Adjustment   ADJ GORDON, EMILY  -22,399.75          -22,372.17
   06011997 Assessment   NCV GORDON, EMILY   43,100.00           20,727.83
   06061997 Interest     INT GORDON, EMILY    3,888.27           24,616.10
   07011997 Assessment   NCV GORDON, EMILY      500.00           25,116.10
   07011997 Interest     INT GORDON, EMILY      141.78           25,257.88
   07101997 Assessment   CLK CLERK                5.25           25,257.88
   07101997 Interest     INT GORDON, EMILY       52.27           25,310.15
   07101997 R200001514PC CLK CLERK               -5.25           25,310.15
   07101997 R200001514PC DLQ CLERK, COURT       -27.58 00094084  25,282.57
   07101997 R200001514PC NCV GORDON, EMILY   -5,667.17 00012711  19,615.40
   08011997 Assessment   NCV GORDON, EMILY      500.00           20,115.40
   08011997 Interest     INT GORDON, EMILY       93.62           20,209.02
   09011997 Assessment   NCV GORDON, EMILY      500.00           20,709.02
   09011997 Interest     INT GORDON, EMILY      136.17           20,845.19
   10011997 Assessment   NCV GORDON, EMILY      500.00           21,345.19
   10011997 Interest     INT GORDON, EMILY      135.89           21,481.08
   10101997 Assessment   CLK CLERK                5.25           21,481.08
   10101997 Interest     INT GORDON, EMILY       42.00           21,523.08
   10101997 R500033871PC CLK CLERK               -5.25           21,523.08
   10101997 R500033871PC NCV GORDON, EMILY   -1,394.75 00044408  20,128.33
   11011997 Assessment   NCV GORDON, EMILY      500.00           20,628.33
   11011997 Interest     INT GORDON, EMILY       94.26           20,722.59
   12011997 Assessment   NCV GORDON, EMILY      500.00           21,222.59
   12011997 Interest     INT GORDON, EMILY      132.64           21,355.23
   01011998 Assessment   NCV GORDON, EMILY      500.00           21,855.23
   01011998 Interest     INT GORDON, EMILY      141.31           21,996.54
```

          F A M I L Y   L A W   C A S E   H I S T O R Y

     Case Number: 90-0000774-CA

          * * *   T R A N S A C T I O N   H I S T O R Y   * * *

| Date | Receipt # | Type | Payee | Amount | Check # | Bal Due |
|------|-----------|------|-------|--------|---------|---------|
| 02011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 22,496.54 |
| 02011998 | Interest | INT | GORDON, EMILY | 145.56 | | 22,642.10 |
| 03011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 23,142.10 |
| 03011998 | Interest | INT | GORDON, EMILY | 135.31 | | 23,277.41 |
| 04011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 23,777.41 |
| 04011998 | Interest | INT | GORDON, EMILY | 154.05 | | 23,931.46 |
| 05011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 24,431.46 |
| 05011998 | Interest | INT | GORDON, EMILY | 153.19 | | 24,584.65 |
| 06011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 25,084.65 |
| 06011998 | Interest | INT | GORDON, EMILY | 162.54 | | 25,247.19 |
| 07011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 25,747.19 |
| 07011998 | Interest | INT | GORDON, EMILY | 161.41 | | 25,908.60 |
| 07061998 | Assessment | CLK | CLERK | 5.25 | | 25,908.60 |
| 07061998 | Interest | INT | GORDON, EMILY | 27.59 | | 25,936.19 |
| 07061998 | R200019438PC | CLK | CLERK | -5.25 | | 25,936.19 |
| 07061998 | R200019438PC | NCV | GORDON, EMILY | -294.75 | 00164168 | 25,641.44 |
| 08011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 26,141.44 |
| 08011998 | Interest | INT | GORDON, EMILY | 141.35 | | 26,282.79 |
| 08121998 | Assessment | CLK | CLERK | 5.25 | | 26,282.79 |
| 08121998 | Interest | INT | GORDON, EMILY | 61.31 | | 26,344.10 |
| 08121998 | R100102407PC | CLK | CLERK | -5.25 | | 26,344.10 |
| 08121998 | R100102407PC | NCV | GORDON, EMILY | -294.75 | 00178129 | 26,049.35 |
| 09011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 26,549.35 |
| 09011998 | Interest | INT | GORDON, EMILY | 109.86 | | 26,659.21 |
| 09111998 | Assessment | CLK | CLERK | 5.25 | | 26,659.21 |
| 09111998 | Interest | INT | GORDON, EMILY | 56.30 | | 26,715.51 |
| 09111998 | R500121240PC | CLK | CLERK | -5.25 | | 26,715.51 |
| 09111998 | R500121240PC | NCV | GORDON, EMILY | -294.75 | 00189142 | 26,420.76 |
| 10011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 26,920.76 |
| 10011998 | Interest | INT | GORDON, EMILY | 110.98 | | 27,031.74 |
| 10071998 | Assessment | CLK | CLERK | 5.25 | | 27,031.74 |
| 10071998 | Interest | INT | GORDON, EMILY | 34.12 | | 27,065.86 |
| 10071998 | R200042970PC | CLK | CLERK | -5.25 | | 27,065.86 |
| 10071998 | R200042970PC | NCV | GORDON, EMILY | -294.75 | 00198953 | 26,771.11 |
| 11011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 27,271.11 |
| 11011998 | Interest | INT | GORDON, EMILY | 140.13 | | 27,411.24 |
| 12011998 | Assessment | NCV | GORDON, EMILY | 500.00 | | 27,911.24 |
| 12011998 | Interest | INT | GORDON, EMILY | 172.27 | | 28,083.51 |
| 12071998 | Assessment | CLK | CLERK | 5.25 | | 28,083.51 |
| 12071998 | Interest | INT | GORDON, EMILY | 35.28 | | 28,118.79 |
| 12071998 | R200060023PC | CLK | CLERK | -5.25 | | 28,118.79 |
| 12071998 | R200060023PC | NCV | GORDON, EMILY | -594.75 | 00220989 | 27,524.04 |
| 01011999 | Assessment | NCV | GORDON, EMILY | 500.00 | | 28,024.04 |
| 01011999 | Interest | INT | GORDON, EMILY | 142.91 | | 28,166.95 |
| 01081999 | Assessment | CLK | CLERK | 5.25 | | 28,166.95 |
| 01081999 | Interest | INT | GORDON, EMILY | 40.97 | | 28,207.92 |
| 01081999 | R100144946PC | CLK | CLERK | -5.25 | | 28,207.92 |
| 01081999 | R100144946PC | NCV | GORDON, EMILY | -394.75 | 00232395 | 27,813.17 |
| 01211999 | Assessment | CLK | CLERK | 5.25 | | 27,813.17 |
| 01211999 | Interest | INT | GORDON, EMILY | 74.69 | | 27,887.86 |
| 01211999 | R300082063PC | CLK | CLERK | -5.25 | | 27,887.86 |

```
07/02/2004                    PALM BEACH COUNTY                        Page 3
casehist
              F A M I L Y   L A W   C A S E   H I S T O R Y

      Case Number: 90-0000774-CA

              * * *  T R A N S A C T I O N   H I S T O R Y  * * *

Date      Receipt #      Type  Payee              Amount  Check #        Bal Due
01211999  R300082063PC   NCV GORDON,  EMILY      -294.75  00237413     27,593.11
02011999  Assessment     NCV GORDON,  EMILY       500.00               28,093.11
02011999  Interest       INT GORDON,  EMILY        62.31               28,155.42
03011999  Assessment     NCV GORDON,  EMILY       500.00               28,655.42
03011999  Interest       INT GORDON,  EMILY       162.44               28,817.86
04011999  Assessment     NCV GORDON,  EMILY       500.00               29,317.86
04011999  Assessment     CLK CLERK                  5.25               29,317.86
04011999  Interest       INT GORDON,  EMILY       184.09               29,501.95
04011999  R100172847PC   CLK CLERK                 -5.25               29,501.95
04011999  R100172847PC   NCV GORDON,  EMILY      -494.75  00265739     29,007.20
05011999  Assessment     NCV GORDON,  EMILY       500.00               29,507.20
05011999  Interest       INT GORDON,  EMILY       178.19               29,685.39
06011999  Assessment     NCV GORDON,  EMILY       500.00               30,185.39
06011999  Interest       INT GORDON,  EMILY       188.38               30,373.77
07011999  Assessment     NCV GORDON,  EMILY       500.00               30,873.77
07011999  Interest       INT GORDON,  EMILY       186.41               31,060.18
07191999  Assessment     CLK CLERK                  5.25               31,060.18
07191999  Interest       INT GORDON,  EMILY       114.31               31,174.49
07191999  R200104730PC   CLK CLERK                 -5.25               31,174.49
07191999  R200104730PC   NCV GORDON,  EMILY      -494.75  00307891     30,679.74
08011999  Assessment     NCV GORDON,  EMILY       500.00               31,179.74
08011999  Interest       INT GORDON,  EMILY        80.80               31,260.54
09011999  Assessment     NCV GORDON,  EMILY       500.00               31,760.54
09011999  Interest       INT GORDON,  EMILY       196.92               31,957.46
10011999  Assessment     NCV GORDON,  EMILY       500.00               32,457.46
10011999  Interest       INT GORDON,  EMILY       194.68               32,652.14
11011999  Assessment     NCV GORDON,  EMILY       500.00               33,152.14
11011999  Interest       INT GORDON,  EMILY       205.41               33,357.55
12011999  Assessment     NCV GORDON,  EMILY       500.00               33,857.55
12011999  Interest       INT GORDON,  EMILY       202.90               34,060.45
01012000  Assessment     NCV GORDON,  EMILY       500.00               34,560.45
01012000  Interest       INT GORDON,  EMILY       213.90               34,774.35
02012000  Assessment     NCV GORDON,  EMILY       500.00               35,274.35
02012000  Interest       INT GORDON,  EMILY       218.15               35,492.50
03012000  Assessment     NCV GORDON,  EMILY       500.00               35,992.50
03012000  Interest       INT GORDON,  EMILY       208.05               36,200.55
04012000  Assessment     NCV GORDON,  EMILY       500.00               36,700.55
04012000  Interest       INT GORDON,  EMILY       226.64               36,927.19
05012000  Assessment     NCV GORDON,  EMILY       500.00               37,427.19
05012000  Interest       INT GORDON,  EMILY       223.44               37,650.63
06012000  Assessment     NCV GORDON,  EMILY       500.00               38,150.63
06012000  Interest       INT GORDON,  EMILY       235.14               38,385.77
07012000  Assessment     NCV GORDON,  EMILY       500.00               38,885.77
07012000  Interest       INT GORDON,  EMILY       231.66               39,117.43
08012000  Assessment     NCV GORDON,  EMILY       500.00               39,617.43
08012000  Interest       INT GORDON,  EMILY       243.63               39,861.06
09012000  Assessment     NCV GORDON,  EMILY       500.00               40,361.06
09012000  Interest       INT GORDON,  EMILY       247.88               40,608.94
10012000  Assessment     NCV GORDON,  EMILY       500.00               41,108.94
10012000  Interest       INT GORDON,  EMILY       243.99               41,352.93
11012000  Assessment     NCV GORDON,  EMILY       500.00               41,852.93
```

```
07/02/2004                    PALM BEACH COUNTY                        Page 4
casehist          F A M I L Y   L A W   C A S E   H I S T O R Y

    Case Number: 90-0000774-CA

            * * *   T R A N S A C T I O N   H I S T O R Y   * * *

Date      Receipt #      Type  Payee                Amount Check #         Bal Due
11012000  Interest       INT GORDON, EMILY          256.37               42,109.30
12012000  Assessment     NCV GORDON, EMILY          500.00               42,609.30
12012000  Interest       INT GORDON, EMILY          252.21               42,861.51
01012001  Assessment     NCV GORDON, EMILY          500.00               43,361.51
01012001  Interest       INT GORDON, EMILY          264.86               43,626.37
02012001  Assessment     NCV GORDON, EMILY          500.00               44,126.37
02012001  Interest       INT GORDON, EMILY          269.11               44,395.48
03012001  Assessment     NCV GORDON, EMILY          500.00               44,895.48
03012001  Interest       INT GORDON, EMILY          246.90               45,142.38
04012001  Assessment     NCV GORDON, EMILY          500.00               45,642.38
04012001  Interest       INT GORDON, EMILY          277.60               45,919.98
05012001  Assessment     NCV GORDON, EMILY          500.00               46,419.98
05012001  Interest       INT GORDON, EMILY          272.76               46,692.74
06012001  Assessment     NCV GORDON, EMILY          500.00               47,192.74
06012001  Interest       INT GORDON, EMILY          286.10               47,478.84
07012001  Assessment     NCV GORDON, EMILY          500.00               47,978.84
07012001  Interest       INT GORDON, EMILY          280.98               48,259.82
08012001  Assessment     NCV GORDON, EMILY          500.00               48,759.82
08012001  Interest       INT GORDON, EMILY          294.59               49,054.41
09012001  Assessment     NCV GORDON, EMILY          500.00               49,554.41
09012001  Interest       INT GORDON, EMILY          298.84               49,853.25
10012001  Assessment     NCV GORDON, EMILY          500.00               50,353.25
10012001  Interest       INT GORDON, EMILY          293.31               50,646.56
11012001  Assessment     ALR GORDON, EMILY          500.00               51,146.56
11012001  Interest       INT GORDON, EMILY          307.33               51,453.89
12012001  Assessment     ALR GORDON, EMILY          500.00               51,953.89
12012001  Interest       INT GORDON, EMILY          301.53               52,255.42
01012002  Assessment     ALR GORDON, EMILY          500.00               52,755.42
01012002  Interest       INT GORDON, EMILY          315.82               53,071.24
02012002  Assessment     ALR GORDON, EMILY          500.00               53,571.24
02012002  Interest       INT GORDON, EMILY          320.07               53,891.31
03012002  Assessment     ALR GORDON, EMILY          500.00               54,391.31
03012002  Interest       INT GORDON, EMILY          292.93               54,684.24
04012002  Assessment     ALR GORDON, EMILY          500.00               55,184.24
04012002  Interest       INT GORDON, EMILY          328.56               55,512.80
05012002  Assessment     ALR GORDON, EMILY          500.00               56,012.80
05012002  Interest       INT GORDON, EMILY          322.07               56,334.87
06012002  Assessment     ALR GORDON, EMILY          500.00               56,834.87
06012002  Interest       INT GORDON, EMILY          337.06               57,171.93
07012002  Assessment     ALR GORDON, EMILY          500.00               57,671.93
07012002  Interest       INT GORDON, EMILY          330.29               58,002.22
08012002  Assessment     ALR GORDON, EMILY          500.00               58,502.22
08012002  Interest       INT GORDON, EMILY          345.55               58,847.77
09012002  Assessment     ALR GORDON, EMILY          500.00               59,347.77
09012002  Interest       INT GORDON, EMILY          349.80               59,697.57
10012002  Assessment     ALR GORDON, EMILY          500.00               60,197.57
10012002  Interest       INT GORDON, EMILY          342.62               60,540.19
11012002  Assessment     ALR GORDON, EMILY          500.00               61,040.19
11012002  Interest       INT GORDON, EMILY          358.29               61,398.48
12012002  Assessment     ALR GORDON, EMILY          500.00               61,898.48
12012002  Interest       INT GORDON, EMILY          350.84               62,249.32
```

07/02/2004                    PALM BEACH COUNTY                    Page 5
casehist         F A M I L Y   L A W   C A S E   H I S T O R Y

   Case Number: 90-0000774-CA

              * * *   T R A N S A C T I O N   H I S T O R Y   * * *

| Date | Receipt # | Type | Payee | Amount | Check # | Bal Due |
|------|-----------|------|-------|--------|---------|---------|
| 01012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 62,749.32 |
| 01012003 | Interest | INT | GORDON, EMILY | 366.78 | | 63,116.10 |
| 02012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 63,616.10 |
| 02012003 | Interest | INT | GORDON, EMILY | 371.03 | | 63,987.13 |
| 03012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 64,487.13 |
| 03012003 | Interest | INT | GORDON, EMILY | 338.96 | | 64,826.09 |
| 04012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 65,326.09 |
| 04012003 | Interest | INT | GORDON, EMILY | 379.52 | | 65,705.61 |
| 05012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 66,205.61 |
| 05012003 | Interest | INT | GORDON, EMILY | 371.39 | | 66,577.00 |
| 06012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 67,077.00 |
| 06012003 | Interest | INT | GORDON, EMILY | 388.01 | | 67,465.01 |
| 07012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 67,965.01 |
| 07012003 | Interest | INT | GORDON, EMILY | 379.61 | | 68,344.62 |
| 08012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 68,844.62 |
| 08012003 | Interest | INT | GORDON, EMILY | 396.51 | | 69,241.13 |
| 09012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 69,741.13 |
| 09012003 | Interest | INT | GORDON, EMILY | 400.75 | | 70,141.88 |
| 10012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 70,641.88 |
| 10012003 | Interest | INT | GORDON, EMILY | 391.94 | | 71,033.82 |
| 11012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 71,533.82 |
| 11012003 | Interest | INT | GORDON, EMILY | 409.25 | | 71,943.07 |
| 12012003 | Assessment | ALR | GORDON, EMILY | 500.00 | | 72,443.07 |
| 12012003 | Interest | INT | GORDON, EMILY | 400.16 | | 72,843.23 |
| 01012004 | Assessment | ALR | GORDON, EMILY | 500.00 | | 73,343.23 |
| 01012004 | Interest | INT | GORDON, EMILY | 417.74 | | 73,760.97 |
| 02012004 | Assessment | ALR | GORDON, EMILY | 500.00 | | 74,260.97 |
| 02012004 | Interest | INT | GORDON, EMILY | 421.99 | | 74,682.96 |
| 03012004 | Assessment | ALR | GORDON, EMILY | 500.00 | | 75,182.96 |
| 03012004 | Interest | INT | GORDON, EMILY | 398.73 | | 75,581.69 |
| 04012004 | Assessment | ALR | GORDON, EMILY | 500.00 | | 76,081.69 |
| 04012004 | Interest | INT | GORDON, EMILY | 430.48 | | 76,512.17 |
| 05012004 | Assessment | ALR | GORDON, EMILY | 500.00 | | 77,012.17 |
| 05012004 | Interest | INT | GORDON, EMILY | 420.70 | | 77,432.87 |
| 06012004 | Assessment | ALR | GORDON, EMILY | 500.00 | | 77,932.87 |
| 06012004 | Interest | INT | GORDON, EMILY | 438.97 | | 78,371.84 |
| 07012004 | Assessment | ALR | GORDON, EMILY | 500.00 | | 78,871.84 |
| 07012004 | Interest | INT | GORDON, EMILY | 428.92 | | 79,300.76 |

```
X/USCR                 SUPPORT DEPARTMENT CASE RECORD

RESPONDENT ROBERT M GORDON              SSN# 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    DOB 000000
  7213 BROOK FALLS TERRACE, BALTIMORE MD 21209


PETITIONER EMILY GORDON                 SSN# 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    DOB 000000
  2701 VILLAGE BLVD, # 301, WEST PALM BEACH  FL 33409
    87525228532767          RANGE PRINT-MONTH/YEAR MM YY
                   * * * CASE AND PAYMENT DATA * * *
CASE# 90000774        DIV# 09    REST# X   CRT/RESP DV WELFARE    VAR/CHG
  DIV  FD...FD        FST/PAY/DAT 080190  DONT/CHG/AFT ...... IDO DE#  53
  FREQ MN   DAY/DUE   PAYMENT      500.00  FEE   .04 FEE/COD R AUDIT/PREP
  COMMIT STAT         ENF PRG I D.O.P. 080190 PMNT STAT      CASE STAT
  EMP ID#      RESP/CRT    DLQ/JUD/GEN 033095 CO/JUD/STAT   PMNT TYPE  A


  LAST PAYMENT 060497  AMT    674.75   PAY/TP PA  S        PURGED PARTIALLY
  LAST CHARGE  060197  AMT    500.00                       FROM 083190 TO 123192
  MESSAGE      :
  CO/JUDG/AMT     0.00     AC/CRT COST      0.00    SUPPORT   20700.25
  ARREAR/OTHER     0.00    OPEN BAL     2100.00
  COMMENTS    : PERM/ALI--RESP TO PAY $1600 W/IN 30 DAYS
                I/D $605/MN***EMPL UNKNOWN 4/2/92-PPC***           ADDIT
                PER PET SHE WANTS PMTS THRU THE CT LTR 5/2/95 JN    INFO
```

RESPOND ROBERT M GORDON        PETIT EMILY GORDON
    CASE NUMBER 90000774      RESTITUTION NUMBER  X    FEE CODE R

     * * * BALANCES * * *      ESCROW      0.00
------ ADD CHARGES -----   ------------ ARREARS --------------
JUDGMENT     CRT COSTS                  OTHER        SUPPORT
    0.00       0.00                        20700.25

| DATE | RECPT# | CODE | CHK# | GROSS | FEE | NET | DIST | | |
|------|--------|------|------|-------|-----|-----|------|---|---|
| 060497 | 2826574 | PA S | 1160682 | 680.00 | 5.25 | 674.75 | | | 20700.25 |
| 053197 | CHARGE | | | DUE DATE 060197 | CHG AMT | | | 500.00 | 21375.00 |
| 043097 | CHARGE | | | DUE DATE 050197 | CHG AMT | | | 500.00 | 20875.00 |
| 042497 | ADJUST | DP AMT | 4475.00 | | SUPPORT BAL | | = | | 20375.00 |
| 042497 | COMMENT PD DIR PER F/W'S NOTE DTD 4/22/97 DE#70A...SGC | | | | | | | | |
| 033197 | CHARGE | | | DUE DATE 040197 | CHG AMT | | | 500.00 | 24850.00 |
| 022897 | CHARGE | | | DUE DATE 030197 | CHG AMT | | | 500.00 | 24350.00 |
| 013197 | CHARGE | | | DUE DATE 020197 | CHG AMT | | | 500.00 | 23850.00 |
| 123196 | CHARGE | | | DUE DATE 010197 | CHG AMT | | | 500.00 | 23350.00 |
| 113096 | CHARGE | | | DUE DATE 120196 | CHG AMT | | | 500.00 | 22850.00 |
| 103196 | CHARGE | | | DUE DATE 110196 | CHG AMT | | | 500.00 | 22350.00 |
| 093096 | CHARGE | | | DUE DATE 100196 | CHG AMT | | | 500.00 | 21850.00 |

SUPPORT DEPARTMENT LEDGER

RESPOND ROBERT M GORDON        PETIT EMILY GORDON
     CASE NUMBER 90000774      RESTITUTION NUMBER   X    FEE CODE R

| DATE | RECPT# | CODE | CHK# | GROSS | FEE | NET | DIST | | |
|------|--------|------|------|-------|-----|-----|------|---|---|
| 083196 | CHARGE | | | DUE DATE 090196 | CHG AMT | | | 500.00 | 21350.00 |
| 073196 | CHARGE | | | DUE DATE 080196 | CHG AMT | | | 500.00 | 20850.00 |
| 063096 | CHARGE | | | DUE DATE 070196 | CHG AMT | | | 500.00 | 20350.00 |
| 053196 | CHARGE | | | DUE DATE 060196 | CHG AMT | | | 500.00 | 19850.00 |
| 043096 | CHARGE | | | DUE DATE 050196 | CHG AMT | | | 500.00 | 19350.00 |
| 033196 | CHARGE | | | DUE DATE 040196 | CHG AMT | | | 500.00 | 18850.00 |
| 022996 | CHARGE | | | DUE DATE 030196 | CHG AMT | | | 500.00 | 18350.00 |
| 013196 | CHARGE | | | DUE DATE 020196 | CHG AMT | | | 500.00 | 17850.00 |
| 123195 | CHARGE | | | DUE DATE 010196 | CHG AMT | | | 500.00 | 17350.00 |
| 120295 | CHARGE | | | DUE DATE 120195 | CHG AMT | | | 500.00 | 16850.00 |
| 103195 | CHARGE | | | DUE DATE 110195 | CHG AMT | | | 500.00 | 16350.00 |
| 093095 | CHARGE | | | DUE DATE 100195 | CHG AMT | | | 500.00 | 15850.00 |
| 083195 | CHARGE | | | DUE DATE 090195 | CHG AMT | | | 500.00 | 15350.00 |
| 080395 | CHARGE | | | DUE DATE 080195 | CHG AMT | | | 500.00 | 14850.00 |
| 063095 | CHARGE | | | DUE DATE 070195 | CHG AMT | | | 500.00 | 14350.00 |

RESPOND ROBERT M GORDON                     PETIT EMILY GORDON
     CASE NUMBER 90000774          RESTITUTION NUMBER   X    FEE CODE R

| DATE   | RECPT# | CODE   | CHK#    | GROSS | FEE | NET    | DIST |        |          |
|--------|--------|--------|---------|-------|-----|--------|------|--------|----------|
| 060195 | CHARGE |        |         | DUE DATE 060195 CHG AMT | | | | 500.00 | 13850.00 |
| 053095 | ADJUST DP | AMT | 400.00 |       |     | SUPPORT BAL | | = | 13350.00 |
| 053095 | COMMENT D/P FOR 4/12 & 5/5/95 | | | | | | | | |
| 043095 | CHARGE |        |         | DUE DATE 050195 CHG AMT | | | | 500.00 | 13750.00 |
| 040195 | CHARGE |        |         | DUE DATE 040195 CHG AMT | | | | 500.00 | 13250.00 |
| 031795 | ADJUST DP | AMT | 7550.00 |      |     | SUPPORT BAL | | = | 12750.00 |
| 031795 | COMMENT PER ROC FR F/W-F/H HAS PAID DIR | | | | | | | | |
| 022895 | CHARGE |        |         | DUE DATE 030195 CHG AMT | | | | 500.00 | 20300.00 |
| 013195 | CHARGE |        |         | DUE DATE 020195 CHG AMT | | | | 500.00 | 19800.00 |
| 123194 | CHARGE |        |         | DUE DATE 010195 CHG AMT | | | | 500.00 | 19300.00 |
| 113094 | CHARGE |        |         | DUE DATE 120194 CHG AMT | | | | 500.00 | 18800.00 |
| 110194 | CHARGE |        |         | DUE DATE 110194 CHG AMT | | | | 500.00 | 18300.00 |
| 093094 | CHARGE |        |         | DUE DATE 100194 CHG AMT | | | | 500.00 | 17800.00 |
| 083194 | CHARGE |        |         | DUE DATE 090194 CHG AMT | | | | 500.00 | 17300.00 |
| 073194 | CHARGE |        |         | DUE DATE 080194 CHG AMT | | | | 500.00 | 16800.00 |

RESPOND ROBERT M GORDON                    PETIT EMILY GORDON
    CASE NUMBER 90000774          RESTITUTION NUMBER   X    FEE CODE R

| DATE | RECPT# | CODE | CHK# | GROSS | FEE | NET | DIST | | |
|------|--------|------|------|-------|-----|-----|------|---|---|
| 053193 | CHARGE | | | DUE DATE 060193 CHG AMT | | | | 500.00 | 19100.00 |
| 043093 | CHARGE | | | DUE DATE 050193 CHG AMT | | | | 500.00 | 18600.00 |
| 033193 | CHARGE | | | DUE DATE 040193 CHG AMT | | | | 500.00 | 18100.00 |
| 030293 | CHARGE | | | DUE DATE 030193 CHG AMT | | | | 500.00 | 17600.00 |
| 013193 | CHARGE | | | DUE DATE 020193 CHG AMT | | | | 500.00 | 17100.00 |
| 010101 | ADJUST GC  AMT | | 0.00 | | SUPPORT BAL | | | | 16600.00 |
| 010101 | COMMENT TOTAL CREDITS FOR RECORDS PURGED BEFORE  04/22/04 | | | | | | | | |
| 010101 | SPECIAL CHARGE | | | DUE DATE 010101 CHG AMT | | | | 14500.00 | 16600.00 |
| 010101 | COMMENT TOTAL DEBITS FOR RECORDS PURGED BEFORE  04/22/04 | | | | | | | | |

          * * *  INITIAL OR CONVERSION BALANCE * * *     ESCROW        0.00
------ ADD CHARGES ----- ------------ ARREARS --------------
JUDGMENT      CRT COSTS                          OTHER         SUPPORT
    0.00          0.00                            0.00         2100.00

SL-3 CPI1 LP16 133 X 64

CJ3EODR1
10/06/94

SUPPORT DEPARTMENT HISTORY LEDGER

PAGE 927-186

| CASE NUMBER 90-000774 | RESTITUTION NUMBER X | DIVISION 09 | | FEE CODE R |
|---|---|---|---|---|
| RESPONDENT ROBERT | GORDON | PETITIONER EMILY | GORDON | |
| | | | | 215903570 |
| | JUDGEMENT BALANCE | LATEST BALANCES | | |
| ESCROW BALANCE | | COURT COSTS | OTHER BALANCE | SUPPORT BALANCE |
| .00 | .00 | .00 | .00 | 16,600.00 |

| DATE | LEDGER TYPE | RECEIPT | CODE | CHECK NBR | NET AMOUNT | FEE | GROSS AMOUNT | SUPPORT BALANCE |
|---|---|---|---|---|---|---|---|---|
| 12/31/92 | CHARGE | | NC | | DUE DATE 01/01/93 | | 500.00 | 16,600.00 |
| 11/30/92 | CHARGE | | NC | | DUE DATE 12/01/92 | | 500.00 | 16,100.00 |
| 10/31/92 | CHARGE | | NC | | DUE DATE 11/01/92 | | 500.00 | 15,600.00 |
| 10/01/92 | CHARGE | | NC | | DUE DATE 10/01/92 | | 500.00 | 15,100.00 |
| 08/31/92 | CHARGE | | NC | | DUE DATE 09/01/92 | | 500.00 | 14,600.00 |
| 07/31/92 | CHARGE | | NC | | DUE DATE 08/01/92 | | 500.00 | 14,100.00 |
| 06/30/92 | CHARGE | | NC | | DUE DATE 07/01/92 | | 500.00 | 13,600.00 |
| 05/31/92 | CHARGE | | NC | | DUE DATE 06/01/92 | | 500.00 | 13,100.00 |
| 05/01/92 | CHARGE | | NC | | DUE DATE 05/01/92 | | 500.00 | 12,600.00 |
| 03/31/92 | CHARGE | | NC | | DUE DATE 03/01/92 | | 500.00 | 12,100.00 |
| 02/29/92 | CHARGE | | NC | | DUE DATE 03/01/92 | | 500.00 | 11,600.00 |
| 02/01/92 | CHARGE | | NC | | DUE DATE 02/01/92 | | 500.00 | 11,100.00 |
| 01/01/92 | CHARGE | | NC | | DUE DATE 01/01/92 | | 500.00 | 10,600.00 |
| 11/30/91 | CHARGE | | NC | | DUE DATE 12/01/91 | | 500.00 | 10,100.00 |
| 11/01/91 | CHARGE | | NC | | DUE DATE 11/01/91 | | 500.00 | 9,600.00 |
| 01/31/91 | CHARGE | | NC | | DUE DATE 10/01/91 | | 500.00 | 9,100.00 |
| 08/31/91 | CHARGE | | NC | | DUE DATE 09/01/91 | | 500.00 | 8,600.00 |
| 07/31/91 | CHARGE | | NC | | DUE DATE 08/01/91 | | 500.00 | 8,100.00 |
| 06/30/91 | CHARGE | | NC | | DUE DATE 07/01/91 | | 500.00 | 7,600.00 |
| 05/31/91 | CHARGE | | NC | | DUE DATE 06/01/91 | | 500.00 | 7,100.00 |
| 04/30/91 | CHARGE | | NC | | DUE DATE 05/01/91 | | 500.00 | 6,600.00 |
| 03/31/91 | CHARGE | | NC | | DUE DATE 04/01/91 | | 500.00 | 6,100.00 |
| 02/28/91 | CHARGE | | NC | | DUE DATE 03/01/91 | | 500.00 | 5,600.00 |
| 01/31/91 | CHARGE | | NC | | DUE DATE 02/01/91 | | 500.00 | 5,100.00 |
| 12/31/90 | CHARGE | | NC | | DUE DATE 01/01/91 | | 500.00 | 4,600.00 |
| 11/30/90 | CHARGE | | NC | | DUE DATE 12/01/90 | | 500.00 | 4,100.00 |
| 10/31/90 | CHARGE | | NC | | DUE DATE 11/01/90 | | 500.00 | 3,600.00 |
| 09/30/90 | CHARGE | | NC | | DUE DATE 10/01/90 | | 500.00 | 3,100.00 |
| 08/31/90 | CHARGE | | NC | | DUE DATE 09/01/90 | | 500.00 | 2,600.00 |

| ESCROW BALANCE | JUDGEMENT BALANCE | OPENING BALANCES | | |
|---|---|---|---|---|
| .00 | .00 | COURT COSTS | OTHER BALANCE | SUPPORT BALANCE |
| | | .00 | .00 | 2,100.00 |

CJ3EODR1
10/06/94

SUPPORT DEPARTMENT HISTORY LEDGER

PAGE 927-187

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA.

IN RE: **THE MARRIAGE OF**                                    FAMILY DIVISION

  **ROBERT M. GORDON**
  _____,
            Former Husband,

  and                                                        CASE NO. **501991DR000774XXDI   FD**

  **EMILY J. GORDON**        ,
  _____
            Former Wife.

ORDER OF REFERRAL TO **MAGISTRATE**
_____

  This court hereby refers **Former Wife's Motion for Contempt re: Alimony**
_____

to **MAGISTRATE PATTI A. VELASQUEZ,**           for further proceedings, pursuant to Rules 12.490 and
12.491 of the Fla. Fam. L.R.P. and Administrative Order 5.022 - 7/97. The **Magistrate**   is authorized
to administer oaths and conduct hearings which may include taking of evidence and shall file a report and
recommendations that contain findings of fact, conclusions of law, and the name of the court reporter, if any.
In this circuit, electronic recording is provided by the court. Any party may provide a court reporter at the
party's expense.

  Child support matters are automatically referred to the **Magistrate**   pursuant to Administrative
Order. Consent of the parties is not required pursuant to Rule 12.491 if the matter at issue only concerns
child support. No report must be filed, but review of the order entered may be sought by filing a motion to
vacate within 10 days of entry of the order. The person seeking review must have the transcript prepared
if necessary for the court's review.

  A **Magistrate**   on issues other than child support requires the consent of all parties. You are
entitled to have non-child support issues heard by a judge. If you object to the referral, you must file a
written objection to the referral within 10 days of this date. If the time set for the hearing is less than 10
days after service of this order, the objection must be made before the hearing. Failure to file a written
objection within the applicable time period will constitute consent to the referral.

  **SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND
RECOMMENDATIONS MADE BY THE MAGISTRATE        , YOU MUST FILE EXCEPTIONS
IN ACCORDANCE WITH RULE 12.490(F), FLA. FAM. L.R.P. YOU WILL BE REQUIRED TO
PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS
OR YOU EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A
WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING
REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S
REVIEW.**

  DONE AND ORDERED this _15th_ day of **October**_____, 2004 in West Palm Beach, Palm
Beach County, Florida.

                                        _Sandra K McSorley_
                                        SANDRA K. McSORLEY
                                        CIRCUIT JUDGE

Copies furnished to:

  **Emily J. Gordon, 2561 Village Blvd. #106, West Palm Beach, FL.  33409
  Robert M. Gordon, 1906 Rambling Ridge Lane, Apt. T-1, Baltimore, MD    21209**

**EXHIBIT**
**13**

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT  IN AND FOR PALM
BEACH COUNTY, FLORIDA        FAMILY DIVISION

CASE NO. *90 - 0774 FD*

IN RE: The marriage of

*EMILY J. GORDON*
                    **Petitioner**

and

*ROBERT M. GORDON*
                    **Respondent**

FILED
06 JAN 11 PH 12:37
SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
FAMILY COURT

**ORDER**   on   ☐ Petitioner's  ☒ Respondent's

Motion  *TO DISMISS*

THIS MATTER having come before the Court  on the above-styled Motion.  Based upon

the Motion and argument of counsel, it is

ORDERED AND ADJUDGED that the Motion is   ☐  Granted   ☒  Denied

ORDERED in Palm Beach County, Florida, this *11* day of *JANUARY*, 200 *6*.

_____
Circuit Court Judge

Copies furnished:

☐    Petitioner/Petitioner's Attorney

☐    Respondent/Respondent's Attorney

☐    Case Manager

☐    Commissioner/General Master



STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the
foregoing is a true copy
of the record in my office.
THIS *14th* DAY OF *FEB*, 20 *06*
SHARON R. BOCK
CLERK & COMPTROLLER
By_____
DEPUTY CLERK

 

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

FAMILY DIVISION
CASE NO: 90- 0774 FD

IN RE: THE FORMER MARRIAGE OF

EMILY J. GORDON,
    Former Wife,

and

ROBERT M. GORDON,
    Former Husband.

_____/

## RESPONDENT'S AMENDED MOTION TO DISMISS PETITIONER'S MOTION FOR CIVIL CONTEMPT/ENFORCEMENT AND RESPONDENT'S MOTION FOR SANCTIONS

### Introduction

The Court should grant the Former Husband's Motion to Dismiss because (1) the legal cause of action has been plead by the Former Wife in previous proceeding, (2) the same issues have been litigated for twelve years in Maryland, (3) a judgment was issued on this matter by the Circuit Court for Baltimore County, Maryland on December 18, 2003, and (4) as a result of the Former Wife's litigation history in Maryland, and the Maryland Court enrolling the Florida Order as a Maryland Order and the Former Wife acquiescenced to the Maryland Court, this honorable court lacks jurisdiction over the subject matter of this dispute.

### Statement of Facts

COMES NOW, the Former Husband, ROBERT M. GORDON, by and through his undersigned counsel, and files this Motion to Dismiss and Motion for Sanctions, and states the

1

following in support thereof:

1.   The parties were divorced by Final Judgment of Dissolution of Marriage in Palm Beach County, Florida on July 20, 1990. Copy of Final Judgment attached as FH exhibit 1.

2.   Subsequent to the Final Judgment, the Former Husband moved to Maryland. A Petition to Enforce a Foreign Judgment was filed by the Former Wife on October 3, 1990 and a Summons was issued. Copy of Petition attached as FH exhibit 2.

3.   On November 8, 1990 the Circuit Court for Baltimore County issued an Order to Re-issue the Summons.

4.   On March 6, 1991 the Circuit Court for Baltimore County issued a second Order to Re-issue the Summons.

5.   On July 31, 1991 the Former Wife made a Request for Order of Default which was granted on August 22, 1991. Copy of Request and Order attached as FH exhibit 3.

6.   On September 19, 1991 the Former Husband filed a Motion to Strike Judgment and/or Vacate Improper Service.

7.   The Former Wife filed Plaintiff's Response to Defendant's Motion to Strike Judgment and/or Vacate Improper Service and Plaintiff's Request for Hearing as to Testimony to Support in The Circuit Court for Baltimore County on October 23, 1991.  Copy of Response attached as FH exhibit 4.

8.   On November 12, 1992 the Circuit Court for Baltimore County ordered that the Final Judgment of Dissolution of Marriage entered in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on the 20th day of July 1990, was enrolled as a Maryland Order. The Court further ordered that the arrearage due and owing on that Florida

2

Order as of November 1, 1992, was fifteen thousand six hundred dollars ($15,600). Former Husband was ordered to make a payment of sixteen hundred dollars ($1,600) toward said arrearage within 30 days. The balance of the arrearage was ordered to be paid at the rate of two hundred dollars ($200) per month until eliminated. Copy of Order attached as FH exhibit 5.

9.     The Former Wife filed a Petition for Contempt on August 13, 1996. Copy of Petition attached as FH exhibit 6.

10.     On November14, 1996 the Circuit Court for Baltimore County ordered that the Former Husband show cause by November 25, 1996 why he should not be punished for contempt. Copy of Order attached as FH exhibit 7.

11.     On November 20, 1996 the Circuit Court for Baltimore County ordered that the Former Husband show cause by December 12, 1996 why he should not be punished for contempt. Copy of Order attached as FH exhibit 8.

12.     On December 20, 1996 the Circuit Court for Baltimore County ordered that the Former Husband show cause by January 17, 1997 why he should not be punished for contempt. Copy of Order attached as FH exhibit 9.

13.     On February 4, 1997 the Circuit Court for Baltimore County ordered that the Former Husband show cause by March 4, 1997 why he should not be punished for contempt. Copy of Order attached as FH exhibit 10.

14.     Former Husband filed a Motion for Modification of Alimony on March 3, 1997.

15.     On May 23, 1997 the Circuit Court for Maryland ordered that that Former Husband could purge himself of the Petition for Contempt by making a payment of five thousand dollars ($5,000) to the Former Wife within sixty days from May 10, 1997, and that the Petition

3

for Modification was denied. The Defendant was ordered to continue to make payments of five hundred dollars ($500.00) per month as alimony, and two hundred ($200) towards the accumulated arrearage of seventeen thousand seven hundred and fifty dollars ($17,750.00) towards which the above five thousand dollars ($5,000.00) shall be applied. Copy of Order attached as FH exhibit 11.

16.     On April 27, 2000 the Former Husband filed a Motion to Enjoin Plaintiff from Disclosing all Exhibits filed in this Case to Third Parties and a Motion to Shorten Time to Respond to the Motion for Emergency Hearing, Relief, Alimony Pendente Lite and Other Emergency Funds.

17.     On January 27, 2000 the Former Husband filed a Petition to Decrease Alimony and/or Termination of Alimony and Petition for Payment of Alimony.

18.     On March 28, 2000 the Former Wife filed an Answer to Petition to Decrease Alimony and/or Termination of Alimony and Petition for Payment of Alimony and a Request for Hearing. Copy of "Petition" attached as FH exhibit 12.

19.     On April 18, 2000 the Circuit Court for Baltimore County ordered the Former Husband to show cause by May 8, 2000 why he should not be punished for contempt. Copy of Order attached as FH exhibit 13.

20.     On April 19, 2000 the Former Wife filed a Petition for Contempt in the Circuit Court for Baltimore County. Copy of "Petition" attached as FH exhibit 14.

21.     On May 16, 2000 the Former Wife filed a Motion to Dismiss the Former Husband's Petition to Decrease Alimony and/or Termination of Alimony and Petition for Payment of Alimony, Motion to Enjoin Counter-Defendant from Disclosing all Exhibits filed in

4

the Case to Third Parties, Motion for Emergency Hearing, Relief, Alimony Pendente Lite and Other Emergency Funds, Request for Production, Inspection and Copying of Documents, and Motion to Shorten Time to Respond to Counter-Plaintiff's Motion for Emergency Hearing, Relief, Alimony Pendente Lite and Other Emergency Funds. Copy of "Motion" attached as FH exhibit 15.

22.     On May 22, 2000 the Former Husband filed a Counter-Plaintiff's Response to Counter Defendant's Motion to Dismiss and a Counter Plaintiff's Memorandum in Support of his Pleadings.

23.     On May 30, 2000 the Former Husband filed a Motion to Compel Discovery, Termination of Alimony and Dismissal of Petition for Contempt.

24.     On May 31, 2000 the Circuit Court for Baltimore County denied Plaintiff's Motion to Dismiss. Copy of Order attached as FH exhibit 16.

25.     On June 14, 2001 the Former Husband filed a Petition for Termination of Alimony.

26.     On June 21, 2000 the Circuit Court for Baltimore County, Maryland, under case number 03-C-90-263605 entered a "Ruling" on a Motion To Modify and Petition for Contempt. The Former Husband's alimony obligation was reduced to two hundred and fifty dollars ($250.00) per month and the Petition for Contempt was Dismissed. Copy of "Ruling" attached as FH exhibit 17.

27.     On August 22, 2001 the Former Wife filed a Motion to Dismiss all of the Petitions and Motions received and filed with the Court by the Counter-Plaintiff. Copy of "Motion" attached as FH exhibit 18.

5



28. On August 23, 2001 the Circuit Court for Baltimore County Maryland ordered that the Former Husband was in default. Copy of "Order" attached as FH exhibit 19.

29. On August 28, 2001 the Circuit Court for Baltimore County ordered that the Former Husband show cause by September 20, 2001 why he should not be punished for contempt. Copy of Order attached as FH exhibit 20.

30. On August 29, 2001 the Former Wife filed a Petition for Contempt in the Circuit Court for Baltimore County. Copy of "Petition" attached as FH exhibit 21.

31. On October 9, 2001 the Circuit Court for Baltimore County reissued an order that the Former Husband show cause by October 20, 2001 why he should not be punished for contempt. Copy of ReIssue Order attached as FH exhibit 22.

32. On October 23, 2001 the Circuit Court for Baltimore County, Maryland, under the case number 03-C-90-263605 entered a Ruling on Motion to Terminate Alimony and a Ruling on Petition for Contempt. The Court ordered that the Former Husbands alimony payments be reduced from five hundred dollars ($500) per month to two hundred and fifty dollars per month ($250). The Court ordered the Former Husband to pay two thousand five hundred dollars ($2,500.00) on the arrearages within 90 days from the date of the Order or a hearing will be set for the Court to determine what should be done to purge him of this contempt. Arrearages were established at forty-two thousand three hundred and eighty five dollars and seventy seven cents ($42, 385.77). Copy of "Ruling" attached as FH exhibit 23.

33. On October 29, 2001 the Former Husband filed a Motion for Reconsideration of Rulings of Motion to Terminate Alimony and Petition for Contempt with Exhibits.

34. On June 19, 2003 the Former Wife filed a Motion to Enforce Contempt and

6



Incarceration. Copy of "Motion" attached as FH exhibit 24.

35.     On August 13, 2003 the Circuit Court for Baltimore County ordered that the Former Husband show cause by October 15, 2003 why he should not be punished for contempt. Copy of Order attached as FH exhibit 25.

36.     On September 5, 2003 the Former Husband filed a Response to Motion to Enforce Contempt and Incarceration.

37.     On September 22, 2003 the Former Wife filed Plaintiff's Response to Defendant's Response to Plaintiff's Motion to Enforce Contempt and Incarcerate and Defendant's Motion to Reconsider the Order Following Continuation of the Disposition of Contempt. Copy of "Response" attached as FH exhibit 26.

38.     On September 22, 2003 the Former Husband filed a Notice of Service of Discovery.

39.     On September 24, 2003 the Former Wife filed an Objection to the Motion to Shorten Time to Respond to Defendant's Request for Production of Documents. Copy of "Objection" attached as FH exhibit 27.

40.     On September 29, 2003 the Former Husband filed a Motion to Shorten Time to respond to request for production of documents.

41.     On March 14, 2003 the Former Husband filed an appeal, in the Court of Special Appeals of Maryland. Former Husband sought review of the October 17, 2001 decision of the Circuit Court for Baltimore County's decision that he was capable of paying the previously reduced alimony and arrears and the Court's decision to find him in contempt. Copy of Appeal attached as FH exhibit 28.

7

42.     On December 18, 2003 the Circuit Court for Baltimore County, Maryland, under case number 03-C-90-263605 entered an Order dismissing the Petition for Contempt filed by Emily Gordon, the Former Wife. Copy of Order attached as FH exhibit 29.

43.     On October 8, 2004 the Former Wife filed another Motion for Contempt/Enforcement in Palm Beach County, Florida under the old Palm Beach County, Florida case number CD 90 774 FD, never mentioning the plethora of pleadings and orders from the Maryland courts.

### Argument

THE COURT SHOULD GRANT THE FORMER HUSBAND'S MOTION TO
DISMISS THE FORMER WIFE'S MOTION FOR CONTEMPT/ENFORCEMENT.

The Former Husband's Motion to Dismiss should be granted because the Former Wife's Motion for Contempt/Enforcement is barred by Collateral Estoppel, Res Judicata, and this honorable court lacks subject matter jurisdiction to hear this case. Under the doctrine of Collateral Estoppel a person is prevented from re-litigating an issue. In this case the issue is the payment of alimony and the former husband's ability to pay. This issue has been litigated in the Circuit Court for Baltimore County Maryland, therefore the Court should prevent the Former Wife from re-litigating the same issue. Res Judicata bars re-litigation of cases between the same parties in court. In this case, the former wife has litigated the matter in the Circuit Court for Baltimore County Maryland, and acquiescenced to the Florida Order being enrolled in Maryland, and as a result she should be barred from re-litigating this case in Florida.

This court should give full faith and credit to the judgment entered in the Circuit Court for Baltimore County Maryland on December 18, 2003, under case number 03-C-90-263605.

8

The Circuit Court for Baltimore County Maryland entered an Order dismissing the Petition for Contempt filed by Emily Gordon, the Former Wife. Prior to the Court's decision to dismiss the Petition for Contempt filed by the Former Wife the parties had gone through many years of litigation in Maryland.

The Final Judgment of Dissolution of Marriage was entered in the Circuit Court of the Fifteenth Judicial Circuit of Florida in Palm Beach County on July 20, 1990. In the Final Judgment the Husband claimed to have a net monthly earning of one thousand dollars ($1,000.00). The court concluded that the Former Husband could earn at least three thousand dollars ($3,000.00) net per month and imputed that figure to him for the purpose of calculating alimony payments. The Former Husband was ordered to pay five hundred ($500.00) per month to the Former Wife as alimony. Since that time the Former Husband has had difficulty paying the five hundred dollars ($500.00) per month alimony. On June 21, 2000 the Circuit Court for Baltimore County reduced the alimony payment to two hundred and fifty dollars ($250.00) per month. The Former Husband never had the ability to pay the five hundred dollars ($500.00) per month in alimony, and as a result the Former Husband has accumulated arrearages.

The Former Wife has filed multiple Motions for Civil Contempt/Enforcement against the Former Husband. There was a hearing on December 18, 2003 for the Petition for Contempt filed by the Former Wife in the Circuit Court for Baltimore County Maryland. At the hearing the Former Wife presented no evidence regarding the Former Husband's current financial status and was unable to prove that the Former Husband had the present apparent ability to resume paying alimony or to make purge payments. The Former Wife's Petition for Contempt was dismissed at the hearing because the Former Wife offered no proof of the Former Husband's ability to make

9

payments of alimony.

On October 8, 2004 the Former Wife filed a Motion for Civil Contempt/Enforcement in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County. In this most recent Motion filed by the Former Wife, she intentionally attempts to deceive this Honorable Court. The Former Wife is forum shopping hoping this Honorable Court will not discover that jurisdiction of this case and the parties has been transferred to Maryland, and previous binding litigation in Maryland has modified the terms of the original Final Judgment. The Former Wife falsely states in her Motion that alimony is five hundred dollars ($500.00) per month when she has knowledge of the June 2000 "Ruling" and Order that reduced the monthly alimony amount to two hundred and fifty dollars ($250.00) per month. The Former Wife misleads this Honorable Court by not informing this Court that her prior attempt to have the Former Husband held in contempt was dismissed on December 18, 2003 in the Circuit Court for Baltimore County, Maryland.

The Former Wife's motion should be dismissed because the Former Wife has already brought litigation against the Former Husband in the Circuit Court for Baltimore County Maryland regarding the same parties, issues, facts and circumstances. The Former Husband is currently 65 years old, in poor health, living on social security, living in Maryland and unable to travel to Florida. Since the December 18, 2003 hearing the Former Husband has had no change in his financial circumstances that would enable him to make payments of alimony.

As a result of the Former Wife's frivolous, misleading, and dishonest pleadings the Former Husband has had to retain the services of the undersigned firm to protect his rights and represent him in this matter. The Former Husband has incurred serious financial hardship in

10

order to obtain the funds to retain the undersigned firm. As a result of the Former Wife's actions in this matter, the Former Wife should be Ordered to pay the Former Husband's attorney's fees and costs.

**Conclusion**

The Court should grant the Defendant's Motion to Dismiss because the Florida case has been transferred and is now a Maryland case that has already been adjudicated between the same parties, and on the same facts and evidence, and this honorable court no longer has subject matter jurisdiction over this case.

**WHEREFORE**, the Former Husband request on Order from this Honorable Court dismissing the Former Wife's Motion for Contempt/Enforcement, and an Order requiring the Former Wife to pay the Former Husband's attorney's fees and costs, and such other relief as this Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by mail to Bruce S. Rosenwater & Associates, P.A., Centurion Tower, Suite 1200, 1601 Forum Place, West Palm Beach, FL 33401 this 3rd day of January, 2006.

**Law Offices of Lemoine & Riordan, P.L.**
Attorneys for Former Husband
712 No. Olive Avenue
West Palm Beach, FL 33401
(561) 833-9090
Fax (561) 514-0787

By: _____
KENNETH D. LEMOINE, ESQ.
Florida Bar #87963

11

Emily Depo 012406a.txt

**EXHIBIT 14**

1

1          IN THE CIRCUIT COURT OF THE

2        15TH JUDICIAL CIRCUIT IN AND FOR

3           PALM BEACH COUNTY, FLORIDA

4             CASE NO: 90-0774 FD

5

6    IN RE:  THE FORMER MARRIAGE OF:

7    EMILY J. GORDON,

8            Former Wife,

9    and

10   ROBERT M. GORDON,

11           Former Husband.  /

12

13           Deposition of EMILY J. GORDON

14

15   Tuesday, January 24, 2006

16   712 North Olive Avenue

17   West Palm Beach, Florida 33401

18   3:10 p.m. - 3:35 p.m.

             Page 1

Emily Depo 012406a.txt

19

20

21

22    Reported by:
      Suzanne L. Anderson, Court Reporter
23    Notary Public, State of Florida

24

25


                    REGENCY REPORTING 772-468-8855



    2



1    APPEARANCES:

2

3    On behalf of the Petitioner:

4        (No appearance.)

5

6    On behalf of the Respondent:

7        Lemoine & Riordan

8        712 North Olive Avenue

9        West Palm Beach, Florida 33401

10       BY:  KENNETH D. LEMOINE, ESQUIRE
                    Page 2

Emily Depo 012406a.txt

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REGENCY REPORTING 772-468-8855

3

1                                I N D E X

Page 3

```
              Emily Depo 012406a.txt
        2

        3    WITNESS
PAGE
        4

        5    EMILY J. GORDON
        6       Direct Exam by Mr. Lemoine
  4
        7

        8               E X H I B I T S
        9

       10    NUMBER
PAGE
       11    (No Exhibits.)

       12

       13

       14

       15                              .

       16

       17

       18

       19

       20

       21

       22
                     Page 4
```

Emily Depo 012406a.txt

23

24

25

REGENCY REPORTING 772-468-8855

￼

4

1                    P R O C E E D I N G S

2                         -   -   -

3           Deposition of EMILY J. GORDON, a

witness,

4    taken by the Respondent for the purpose of

5    discovery and for use as evidence in the

6    above-entitled cause, pursuant to notice

heretofore

7    filed, before Suzanne L. Anderson, Court

Reporter

8    and Notary Public in and for the State of

Florida

9    at large, at 712 North Olive Avenue, West

Palm

10   Beach, Florida, on Tuesday, January 24,

2006,

Page 5

                    Emily Depo 012406a.txt
11    commencing at 3:10 p.m.

12                    -  -  -

13    THEREUPON,

14                    EMILY J. GORDON,

15    being by the undersigned Notary Public
first duly

16    sworn, was examined and testified as
follows:

17                    DIRECT EXAMINATION

18    BY MR. LEMOINE:

19        Q.    Please state your name for the
record.

20        A.    Emily J. Gordon.

21        Q.    And are you represented in this
case?

22        A.    Yes.

23        Q.    By whom are you represented?

24        A.    Bruce Rosenwater.

25        Q.    And is he going to be showing up
for this

                    REGENCY REPORTING 772-468-8855



5

                    Page 6

Emily Depo 012406a.txt

1    scheduled deposition?

2       A.    No.

3       Q.    Why is that?

4       A.    Because I told him I didn't need
him to.

5    I can't afford the time.  I can't afford
it, so I

6    don't need him to sit here because I don't
need him

7    to sit here to pay him for something --

8       Q.    Do you understand --

9       A.    -- that I can answer.

10      Q.    Do you understand by not having
him here

11   that you are waiving any legal objections
that he

12   may raise during this deposition?

13      A.    Yes.

14      Q.    Are you okay with that?

15      A.    Yes, because I'm not answering
any

16   questions I don't want to answer.

17      Q.    Do you want to proceed?

18      A.    Sure.

Page 7

Emily Depo 012406a.txt

19     Q.   Have you had your deposition taken before?

20     A.   Yes.

21     Q.   You understand that when I ask you a

22    question you have to answer it and you have to

23    answer truthfully?

24     A.   Yes.

25     Q.   Were you previously married?

REGENCY REPORTING 772-468-8855



6

1     A.   Yes.

2     Q.   To whom?

3     A.   Robert Gordon.

4     Q.   And did there come a time where you became

5    divorced?

6     A.   Yes.

7     Q.   When was that?

8     A.   Oh, God, I forgot what year.  I

Page 8

Emily Depo 012406a.txt

9   didn't bring the paperwork.  Was it in '90?

10  Q.  And where did you get divorced?

11  A.  Florida, Judge Hubert Lindsey.

12  Q.  That was Palm Beach County Florida?

13  A.  Yes.

14  Q.  That would have been the 20th day of July

15  1990?

16  A.  Yes.  And on the first page of that

17  divorce decree it says Mr. Gordon's testimony was

18  not credible.

19  Q.  Okay.  Now subsequent to that

20  divorce decree, has there been any other final

21  litigation in this case?

22  A.  What do you mean, prior to this?  Prior to

23  what?

24  Q.  Subsequent, after the divorce, was there

25  any litigation in this case?

Page 9

Emily Depo 012406a.txt

REGENCY REPORTING 772-468-8855



7

1       A.   It's been ongoing.  Mr. Gordon has been in

2   contempt of court since --

3       Q.   You can just answer my questions.

4       A.   Well, I am.

5       Q.   Quit volunteering a bunch of other stuff,

6   okay?

7       A.   Oh, okay.  You just want some of the

8   information.

9       Q.   I want you to answer my questions.

10       A.   I'm answering them.

11       Q.   Quit answering them and giving your little

12   story, okay?

13       A.   Okay.

14       Q.   Because it's not going to be helpful if

Page 10

Emily Depo 012406a.txt

15   you continue to do that.

16        A.    That's fine.

17        Q.    After your divorce was there any
other

18   litigation in this case?

19        A.    Yes.

20        Q.    And who initiated that
litigation?

21        A.    Mr. Gordon.

22        Q.    He initiated it?

23        A.    Yes.

24        Q.    And when did he initiate the
litigation?

25        A.    When he stopped paying alimony
and tried


REGENCY REPORTING 772-468-8855

⧠


        8


1    to sue me for alimony.

2         Q.    Evidently you don't understand
the legal

3    process.

                Page 11

Emily Depo 012406a.txt

4       A.    I don't.

5       Q.    Where was the litigation after
the

6    divorce?  Where did the litigation occur
in this

7    case?

8       A.    There was litigation in Maryland.

9       Q.    And did you have an attorney in
Maryland?

10      A.    No.

11      Q.    You never employed Melvin
Weinstock?

12      A.    Nope.

13      Q.    So if there are any pleadings,
such as a

14   petition to enforce a foreign judgment,
where it

15   has your name by Melvin Weinstock, then
that would

16   not be true?

17      A.    No.   I never -- Melvin Weinstock
was a

18   friend of Mr. Gordon's, so I don't know
what that

19   is.  It's nothing that I remember.

20           You know what, I think I remember
Melvin

Emily Depo 012406a.txt

21    Weinstock.  He was a friend of his and he
tried to

22    serve him, but nothing ever happened.  It
was for

23    contempt of court in Florida.  It was a
long time

24    ago.  I don't think anything ever came of
that.

25              What is the question?


                    REGENCY REPORTING 772-468-8855


        9

1         Q.   Okay.  I am handing you a
document that is

2    called Petition to Enforce Foreign
Judgment.

3         A.   Okay.

4         Q.   It says in the Circuit Court for
Baltimore

5    County.

6         A.   Right.

7         Q.   The title of the document is
Petition to

                    Page 13

Emily Depo 012406a.txt

8    Enforce a Foreign Judgment.

9         A.    Right.

10        Q.    In that petition it says Emily
Gordon,

11   plaintiff by --

12        A.    I can read.

13        Q.    -- Melvin J. Weinstock.

14        A.    I remember that vaguely.  That
was a long

15   time ago.

16              What year was that?

17        Q.    Mr. Weinstock represented you in
this

18   case?

19        A.    I never paid him anything.  I
think he

20   tried to do something, but I don't know.
He

21   dropped the case.  Nothing was ever done.
If you

22   can find any litigation from that or any
judgment

23   on that, I don't think anything came of
that.

24        Q.    You don't?

25        A.    No.

Page 14

Emily Depo 012406a.txt

REGENCY REPORTING 772-468-8855

10

1       Q.   But you don't know, right?

2       A.   I don't remember anything coming
of that,

3   nope.

4       Q.   Do you see this order that I
placed in

5   front of you?

6       A.   Uh-huh.

7       Q.   It's dated the 12th date of
November 1992?

8       A.   Yes, but not Melvin Weinstock.
It has

9   nothing to do with that.

10      Q.   This order incorporates the
Florida --

11      A.   Recognizing --

12      Q.   -- judgment as a Maryland order,
correct?

13      A.   It was part of the uniform
interstate -- I

Page 15

Emily Depo 012406a.txt

14   forgot the exact name of the law --

15        Q.   I'm sure you did.

16        A.   -- where one state has to give another

17   state full faith and credit.  That's true.

18        Q.   This says that --

19        A.   Maryland is --

20        Q.   -- the judgment --

21             (Reporter Clarification.)

22   BY MR. LEMOINE:

23        Q.   This is an order.  It says, ordered that

24   the final judgment of dissolution of marriage

25   entered in the Circuit Court of the 15th Judicial


                    REGENCY REPORTING 772-468-8855



     11


1    Circuit Court of Florida in and for Palm Beach

2    County on the 20th day of July 1990 is hereby

                      Page 16

Emily Depo 012406a.txt

3      enrolled as a Maryland order.

4              Isn't that what that says?

5        A.    That's what that says.

6        Q.    The Florida order was enrolled up
in

7      Maryland because you petitioned in
Maryland courts?

8        A.    Go ahead.

9        Q.    Is that true or not?

10       A.    That's what it says.

11       Q.    So then it's true?

12       A.    I don't know what it means.  Like
you

13     said, I don't know what it means.  It
means what it

14     says.

15              It's a Florida divorce enrolled
in

16     Maryland, right?

17       Q.    Okay.

18       A.    Okay.

19       Q.    Did you ever file any documents
in

20     Maryland where you signed the pleadings?

21       A.    I can't remember.

                    Page 17

Emily Depo 012406a.txt

22          Do you have the whole case in
there from

23     Florida?  Do you have the letters from --

24     Q.    Ma'am, you know what, I'm here as
the

25     attorney to ask questions.


REGENCY REPORTING 772-468-8855



12


1     A.    I'm not allowed to ask questions.

2     Q.    I'm not going to answer any
questions.

3     A.    Oh, okay.  I just wanted to make
sure.

4     Q.    You probably should have brought
your

5     attorney.

6     A.    I can't afford him.  Mr. Gordon
can afford

7     you.  I can't afford a lawyer.

8     Q.    The document I'm showing you is
entitled

9     Request for Order Default.  Is that your
                    Page 18

Emily Depo 012406a.txt
signature?

10      A.   That's my signature.

11      Q.   You filed this in Baltimore,
Maryland,

12   court?

13      A.   I guess so.  It's my signature.

14           Can I ask a question?

15      Q.   Nope.

16      A.   I can't?

17      Q.   This document I'm showing you is
the

18   Plaintiff's Response to Defendant's Motion
to

19   Strike Judgment and/or Vacate Improper
Service and

20   Plaintiff's Request for Hearing.

21           Have you ever seen this document
before?

22      A.   I have no clue.  I have no clue.
I don't

23   remember this.

24      Q.   And in the case up in Baltimore,

25   Maryland --


REGENCY REPORTING 772-468-8855

Page 19

Emily Depo 012406a.txt

13

1       A.    I have no clue.

2       Q.    --  you're listed as a plaintiff.

3       A.    I could be listed, but, as I said,

4       Mr. Weinstock, I never really had much dealings

5       with because he was a friend of --

6       Q.    Ma'am, you know what, you're going to have

7       to answer questions.  Quit blabbering on, okay --

8       A.    Don't be rude.

9       Q.    -- because I'm not going to sit here

10      through this.

11      A.    You can't be rude either.

12      Q.    I'm asking you questions.  I want --

13      A.    I'm telling you I cannot remember.

14      Q.    I want you to answer my questions.  I

15      don't want you to just carry on with your
                         Page 20

Emily Depo 012406a.txt

16    self-serving stories.

17        A.    They're not self-serving.
They're the

18    truth.

19        Q.    Doesn't it say the plaintiff,
which is

20    you --

21        A.    Yes.

22        Q.    -- by her attorneys, Weinstock --

23        A.    Yes.

24        Q.    So they represented you in
Baltimore?

25        A.    I think they did, but they
didn't.  They

REGENCY REPORTING 772-468-8855

⧠

     14

1    did, but they didn't.  It's very hard to
explain.

2        Q.    Is that your signature?

3        A.    That's my signature.

4        Q.    This is on a petition for
                Page 21

Emily Depo 012406a.txt

contempt; is

5    that correct?

6          A.    Yep.

7          Q.    That was in Baltimore, Maryland,
right?

8          A.    (Nodding head.)

9          Q.    And the date of the filing was
November

10   7th, 1996?

11         A.    Yes.

12               Can I ask a question?

13         Q.    No.

14         A.    Let me ask something.  So I can't
bring

15   any papers to show you what the State of
Florida

16   said, you are just going to --

17         Q.    Ma'am, I'm not going to answer
any of your

18   questions.

19         A.    Well, I need to have some
paperwork here

20   because you're just pulling out certain
things, but

21   there are many letters in there from the
State of

Page 22

Emily Depo 012406a.txt

22   Florida stating Florida retains
jurisdiction.

23      Q.   Is that your signature?

24      A.   Yes.

25      Q.   This is a petition for contempt?


REGENCY REPORTING 772-468-8855



15


1      A.   Yes.

2      Q.   Up in Baltimore, Maryland, again?

3      A.   Yes.

4      Q.   That was filed on April 19th,
2000?

5      A.   Yes.

6      Q.   Is that your signature?

7      A.   It certainly is.

8      Q.   This is a motion to dismiss?

9      A.   Yes.

10      Q.   And --

11      A.   What was it a motion to dismiss?

12           I have to see this.
              Page 23

Emily Depo 012406a.txt

13       Q.    You dated this May 23rd, 1997?

14       A.    No, I'm not sure.  I have to see
what that

15  is.

16       Q.    It says motion to dismiss.

17       A.    Motion to dismiss what?

18       Q.    I don't know.  It just says
motion to

19  dismiss.

20       A.    Can I read what I'm saying I'm
signing?

21  I'm curious as to what I was asking to
dismiss.

22            Let's see, petition to decrease
alimony,

23  motion to enjoin counterplaintiffs from
disclosing

24  all exhibits, motion for emergency hearing
--

25       Q.    Ma'am, you can read it to
yourself.


REGENCY REPORTING 772-468-8855
⬛

        16

                         Page 24

Emily Depo 012406a.txt

1       A.   I thought you wanted to know what this
2   was.

3       Q.   You're the one that asked what it was.

4       A.   It's a motion to dismiss all of
5   Mr. Gordon's requests.

6       Q.   Right.  And you filed that in Baltimore,
7   Maryland, correct?

8       A.   Yes, I certainly filed something to
9   dismiss his.

10      Q.   Is that your signature?

11      A.   What else does it say?  He continues to
12   file frivolous --

13      Q.   Ma'am, I'm not asking you to read the
14   document, okay?

15      A.   You asked me to read the other ones.  You
16   have to tell me what I'm signing when, if I signed
17   it, I'm telling you what I signed.

Page 25

Emily Depo 012406a.txt

is going

18    Q.   If you continue to do this, this

19    to take a very long time.

asking if

20    A.   It can take a long time.  You're

You

21    it's my signature.  My signature to what?

22    know, we have to answer the questions.

Maryland

23    Q.   Do you remember going to court in

24    on June 19th of 2000?

to see

25    A.   I can't tell you exactly.  I have

REGENCY REPORTING 772-468-8855

⬚

17

1    what it is and then I can tell you whether

or not I

2    remember or don't remember.

3    Q.   If there's an order from a judge

in

4    Maryland, Judge Edward A.D. Waters, Jr.,

and he

5    says he heard your case on June 19th,

Page 26

Emily Depo 012406a.txt

2000, would

6      you have any reason to disbelieve him?

7          A.   Nope.

8          Q.   Now, I'm showing you an order.
It's a

9      ruling on a Motion to Modify --

10         A.   Right.

11         Q.   -- and Petition for Contempt.

12         A.   Right.

13         Q.   Okay.  In the Judge's findings,
do you

14     remember the Judge saying that Mr.
Gordon's

15     business had failed and he was in poor
health and

16     he was unemployed?

17              Do you remember him saying that,
yes or

18     no?

19         A.   No, I really don't.

20         Q.   Do you remember him saying that
the sale

21     of his house and that he was going to be
evicted --

22         A.   No, I don't remember that.  I
don't

Page 27

Emily Depo 012406a.txt

23    remember things that aren't true.

24        Q.   Do you remember that he filed
bankruptcy

25    and that he had a huge amount of debt
discharged?


                              REGENCY REPORTING 772-468-8855



        18

1        A.   Yes, it's there.

2             I can't say I remember it.  I'm
not going

3    to say I remember it.  I'm just saying
that's what

4    it says.

5        Q.   It also says that there's clearly
been a

6    showing of substantial change in
circumstances

7    since the last order in this case?

8        A.   It says that.  It doesn't mean
it's true,

9    but it does say that.

10       Q.   Are you saying the judge lied?

Page 28

Emily Depo 012406a.txt

11      A.    No, I'm saying Mr. Gordon did.

12            Is there any reason that --

13      Q.    I'm not going to answer any questions, so

14      please don't ask me any.

15            Now, do you remember going to a hearing on

16      December 18th, 2003, in Baltimore, Maryland, before

17      Judge Patrick Cavanaugh?

18      A.    No.

19            And I'll tell you what, I have no memory

20      of that time because I had carotid artery surgery,

21      so I had no blood flow to my brain and I had a

22      subclavian bypass.  I have a lot of memory loss.

23            When I tell you I can't remember, I don't

24      know if you're familiar with the subclavian artery,

25      but it carries the blood flow to your brain and it

REGENCY REPORTING 772-468-8855

⬜

Page 29

Emily Depo 012406a.txt

19

1    was 100 percent blocked for two and a half
years.

2         Q.    Do you remember when the Judge
issued this

3    order changing the alimony from $500 to
$250 a

4    month?

5         A.    No, I really don't remember that.

6    Anything after 2000 is when I had the
surgeries and

7    I have some memory loss as a result of
that.

8         Q.    How convenient.

9         A.    Would you -- do you see these
scars?  Do

10   you think they're convenient or do you
want a

11   medical --

12        Q.    Do you recognize that document?

13        A.    Yes.

14        Q.    Was is that document?

15        A.    This was more recent.  This is a
document

Page 30

Emily Depo 012406a.txt

16    finding Mr. Gordon in contempt of court.

17        Q.    It's a motion by you asking the
Judge to

18    find him in contempt, correct?

19        A.    Yes.

20        Q.    When was that signed by you?

21        A.    This is -- I can't even tell you
what

22    date.  I'm telling you I have bad memory
loss.  I

23    don't see a date on there, so I can't tell
you

24    exactly.  2004.

25        Q.    October 8th, 2004?


                    REGENCY REPORTING 772-468-8855



        20


1        A.    Uh-huh, yeah.

2        Q.    And in here, paragraph three, can
you read

3    paragraph three for me, please?

4        A.    Paragraph three, he has never
                    Page 31

complied

5    with the order to pay in a continuous or

timely

6    manner, see attached.  I think I have the

whole

7    printout from the State of Florida.

8        Q.    So you're trying -- in paragraph

four you

9    allege that he's $79,000 behind in

alimony; is that

10    correct?

11        A.    That's what it says.

12        Q.    Now, in this document here, you

never

13    mentioned any of your 12 years of

litigation in

14    Maryland, did you?

15        A.    No, because that has nothing --

what are

16    you trying to say?  I don't get it.

17        Q.    You never mentioned it, did you?

18        A.    No.  Why, did it ask me to say

that?

19        Q.    In this document you never

mentioned the

20    ruling that reduced the alimony from 500

to 250,

Page 32

Emily Depo 012406a.txt

21    did you?

22        A.    No, because that was not a

correct ruling

23    because Florida retains jurisdiction.

There are

24    letters in -- in all of your casework

there, you

25    don't have the letters from the State of

Florida

REGENCY REPORTING 772-468-8855



21

1    three times saying that Mr. Gordon did not

have any

2    litigation and it's got to stop and there

are three

3    letters to that effect in there that

Florida

4    retains jurisdiction.

5            MR. LEMOINE:   Motion to strike.

6        Nonresponsive.

7    BY MR. LEMOINE:

8        Q.    In your motion for civil contempt

that you

Page 33

Emily Depo 012406a.txt

9      filed, you didn't mention the order dated less than

10     a year prior, which is December 18th, 2003, that

11     dismissed your prior petition for contempt, did

12     you?

13          A.    Nothing was -- nothing -- I don't know

14     what you're talking about now.  I have no clue what

15     you're talking about.

16          Q.    There's an order dated December 18th,

17     2003?

18          A.    From where?

19          Q.    From the circuit courts of Baltimore,

20     Maryland?

21          A.    Baltimore doesn't have jurisdiction over

22     this case.

23          Q.    Then why did you litigate for 12 years?

24          A.    What do you mean, why did I litigate?

25          Q.    Why did you go up to Baltimore --
                 Page 34

Emily Depo 012406a.txt

REGENCY REPORTING 772-468-8855

⬚

22

1       A.    Because Mr. Gordon --

2       Q.    -- and sign documents --

3       A.    Do you want to know --

4       Q.    -- and sign pleadings and
litigate for 12

5    years?

6       A.    Why?  Because I'm not going to
not follow

7    the law.  Mr. Gordon serves me.  I'm not
going to

8    ignore it like he does.  I'm going to
follow the

9    law and interstate law.  That's what it
says to do

10   and that's what I did is follow the law.

11      Q.    What proof do you have that Mr.
Gordon has

12   the current ability to pay you anything?

13      A.    What proof?

Page 35

Emily Depo 012406a.txt

14     Q.    What evidence?

15     A.    What evidence?

16     Q.    Yes.  What documents?

17     A.    The evidence based on -- you want me to

18     show you -- all I could find was one corporation.

19     Mr. Gordon hides his money in corporations.  This

20     is going on.  If you read the first page of the

21     divorce, Mr. Gordon's testimony is not credible.

22     If you read the entire --

23     Q.    What corporation are you referring to?

24     A.    It's in there somewhere.  I found one

25     corporation.  Mr. Gordon has --


                              REGENCY REPORTING 772-468-8855



                    23


                    1     Q.    What corporation are you
referring to?

                              Page 36

Emily Depo 012406a.txt

2        A.    Corporation?

3        Q.    Yes.

4        A.    It's in there.

5        Q.    It's in where?

6        A.    Do you have it in all of your --

7        Q.    I'm asking you, ma'am.

8        A.    I didn't bring it with me.

9        Q.    What do you have as proof that
Mr. Gordon

10    has the current ability to pay you money?

11        A.    The proof that he is a convicted
felon and

12    hides his income.

13            MR. LEMOINE:   Motion to strike.

14    BY MR. LEMOINE:

15        Q.    Ma'am, you're being very
nonresponsive.

16    What proof do you have that he has the
current

17    ability to pay alimony?   What did you
bring with

18    you today that proves he has that ability?

19        A.    There is nothing that I can do to
prove

20    somebody is a liar or someone commits a

Page 37

Emily Depo 012406a.txt

crime.  I

          21    can't --

          22       Q.    What corporation were you
referring to?

          23       A.    I don't have it with me.  I
presented it.

          24       Q.    Could it be Confidential Services

          25    Incorporated?

                                REGENCY REPORTING 772-468-8855

  ⬜

      24

           1       A.    I don't think it was -- I don't
know if it

           2    was Confidential Services or not.  He has
had many

           3    businesses over the years.

           4       Q.    Do you have any proof of that,
ma'am?

           5       A.    Yes.  I have all of the letter
heads he

           6    sent me on his business stationery.

           7       Q.    Do you have them with you today?

           8       A.    No.  You didn't ask me to bring

Page 38

Emily Depo 012406a.txt

them.

9      Q.   Do you understand that it's your
-- since

10     you brought this motion, it's your burden
to prove

11     that he has the current ability to pay?

12     A.   No, I don't understand that.

13     Q.   Then you misunderstand the law,
ma'am.

14     A.   I only misunderstand the law that
-- I can

15     get a printout.  I can go to the
Courthouse and get

16     a printout of how much he owes me because
Palm

17     Beach County keeps records exactly of how
much he

18     owes me because that's how it was ordered.

19     Q.   Is it your testimony as you sit
here today

20     sworn to tell the truth that Mr. Gordon
has never

21     paid you any alimony?

22     A.   I didn't say he never paid me any
alimony.

23     I said he's always late.  He never paid it

24     consistent or timely.  It's documented in
the

Page 39

Emily Depo 012406a.txt

        25    printout from the Court.  They keep an
exact record


                           REGENCY REPORTING 772-468-8855
⬚


        25


        1    at the courthouse from day one.  And I can
go there

        2    today and get a certified copy of exactly
how much

        3    he owes.  It's probably up to $90,000.

        4        Q.   What evidence, what hard evidence
other

        5    than your speculation and your belief --

        6        A.   I was married to him for 20
years.

        7        Q.   -- do you intend to bring to the
hearing

        8    on Monday to prove that Mr. Gordon has the
current

        9    and present ability to pay you anything?

        10       A.   I can only prove he is a liar and

        11   convicted felon and if he lied to the
United States

                        Page 40

Emily Depo 012406a.txt

12    Government, he'll lie to anyone.

13         Q.    Ma'am, do you have any proof?

14         A.    You can't prove it.

15         Q.    So as we sit here today, you're
telling me

16    you cannot prove that he has the ability
to pay

17    you?

18         A.    No, I can't prove it.

19              MR. LEMOINE:   Thank you.   The
deposition

20    is over with.

21              (Thereupon, the Proceedings were
concluded

22    at 3:35 p.m.)

23

24

25


REGENCY REPORTING 772-468-8855
□


    26


     1                    CERTIFICATE OF OATH
                    Page 41

Emily Depo 012406a.txt

2

3

4    STATE OF FLORIDA           )
                               ) ss
5    COUNTY OF PALM BEACH       )

6

7

8

9
                    EMILY J. GORDON
10

11

12
                    SWORN TO and SUBSCRIBED
before me
13                  this ____ day of _____
2006, in
                    the City of West Palm Beach,
County
14                  of Palm Beach, State of
Florida.

15

16

17

18
_____
Public
                    Suzanne L. Anderson, Notary
19                  State of Florida at Large.

20

Page 42

Emily Depo 012406a.txt

21

22

23

24

25

REGENCY REPORTING 772-468-8855



27

1            CERTIFICATE OF REPORTER

2

3    STATE OF FLORIDA          )
                              ) ss
4    COUNTY OF PALM BEACH      )

5
            I, SUZANNE L. ANDERSON, Court
Reporter
6    and Notary Public, State of Florida at
Large, do
     hereby certify that I was authorized to
and did
7    stenographically report the deposition of
EMILY J.
     GORDON; that a review of the transcript
was not
8    requested; and that the foregoing
transcript pages
     inclusive are a true and correct record of
            Page 43

Emily Depo 012406a.txt

my
9    stenographic notes.

10           I further certify that the said
deposition
             was taken at the time and place
hereinabove set
11    forth and that the taking of said
deposition was
             commenced and completed as hereinabove set
out.
12

an           I further certify that I am not
13    attorney or counsel of any of the parties,
nor am I
             a relative or employee of any attorney or
counsel
14    or party connected with the action, nor am
I
             financially interested in the action.
15

this         The foregoing certification of
16    transcript does not apply to any
reproduction of
             the same by any means unless under the
direct
17    control and/or direction of the certifying
             reporter.
18

19           DATED this _____ day of
_____ 2006.

20

21

_____
                         Suzanne L. Anderson, Court
Reporter
22                       Regency Reporting
                         (772) 468-8855
23

Page 44

Emily Depo 012406a.txt

24

25

REGENCY REPORTING 772-468-8855

IN THE CIRCUIT COURT OF THE ___15th___ JUDICIAL CIRCUIT,
IN AND FOR ___Palm Beach___ COUNTY, FLORIDA

Case No.: 90-0000774CD
Division: FD

**EXHIBIT 15**

Emily Gordon

Petitioner,

and

Robert Milton Gordon

Respondent.

COPY
ORIGINAL RECEIVED FOR FILING

JAN 2 3 2006

SHARON R. BOCK
CLERK & COMPTROLLER
FAMILY DIVISION

## FAMILY LAW FINANCIAL AFFIDAVIT

I, {full legal name} ___Robert Milton Gordon___
_____, being sworn, certify that the following information is true:

### SECTION I. INCOME

1. Date of Birth: _April 13, 1940_
2. My occupation is: Part-Time Self-Employed since January, 2005
3. I am currently
[ ✓ **all that apply**]
___ a. Unemployed

Describe your efforts to find employment, how soon you expect to be employed, and the pay you expect to receive:

_X__ b. Employed by: Part-Time Self Employed
Address: Work from Home
City, State, Zip code: 1906 Rambling Ridge Lane #T-1, Baltimore, MD 21209
Telephone Number: 410-484-1889
Pay rate: $ ____ ( ) every week ( ) every other week ( ) twice a month
( ) monthly ( X ) other: I started mortgage brokering last year and to date my net income is zero.
If you are expecting to become unemployed or change jobs soon, describe the change you expect and why and how it will affect your income:

□ Check here if you currently have more than one job. List the information above for the second job(s) on a separate sheet and attach it to this affidavit.
_X__ c. Retired. Date of retirement: _December, 2002_

Employer from whom retired: None – I was unemployed since 1995.
Address:
City, State, Zip code:                                    Telephone Number:

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (12/01)

**PRESENT MONTHLY GROSS INCOME:**

**All amounts must be MONTHLY.** See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.  Attach more paper, if needed.  Items included under "other" should be listed separately with separate dollar amounts.

1. Monthly gross salary or wages                                                      1. $
2. Monthly bonuses, commissions, allowances, overtime, tips, and similar payments                                                                          2.
3. Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (Gross receipts minus ordinary and necessary expenses required to produce income.) (□ Attach sheet itemizing such income and expenses.)                  3.
4. Monthly disability benefits/SSI                                                    4.
5. Monthly Workers' Compensation                                                      5.
6. Monthly Unemployment Compensation                                                  6.
7. Monthly pension, retirement, or annuity payments                                   7.
8. Monthly Social Security benefits                                                   8.  1,209.
9. Monthly alimony actually received
    9a. From this case:          $ _____
    9b. From other case(s):    _____            Add 9a and 9b     9.
10. Monthly interest and dividends                                                    10.
11. Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (□ Attach sheet itemizing such income and expense items.)                                                               11.
12. Monthly income from royalties, trusts, or estates                                 12.
13. Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses (□ Attach sheet itemizing each item and amount.)                                                                       13.
14. Monthly gains derived from dealing in property (not including nonrecurring gains)                                                                       14.
Any other income of a recurring nature (identify source)
15.                                                                                   15.
16.                                                                                   16.

**17. PRESENT MONTHLY GROSS INCOME** (Add lines 1–16)  **TOTAL:**  17. $ 1,209.

**PRESENT MONTHLY DEDUCTIONS:**

**All amounts must be MONTHLY.** See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.

18. Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)
    a. Filing Status
    b. Number of dependents claimed                                               18. $
19. Monthly FICA or self-employment taxes                                             19.
20. Monthly Medicare payments                                                         20.
21. Monthly mandatory union dues                                                      21.
22. Monthly mandatory retirement payments                                             22.
23. Monthly health insurance payments (including dental insurance), excluding

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit  (12/01)

portion paid for any minor children of this relationship

24. Monthly court-ordered child support actually paid for children from another relationship   23.

25. Monthly court-ordered alimony actually paid

      25a. from this case:    $_____   _             24.

      25b. from other case(s): _____    Add 25a and 25b

                                        25.

**26. TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30,**
**    FLORIDA STATUTES** (Add lines 18 through 25)  **TOTAL:**    **26. $**

**27. PRESENT NET MONTHLY INCOME** (Subtract line 26 from line 17)    **27. $**

| SECTION II. AVERAGE MONTHLY EXPENSES |
|---|

**Proposed/Estimated Expenses.** If this is a dissolution of marriage case **and** your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**HOUSEHOLD:**

| | | | |
|---|---|---|---|
| 1. | Monthly mortgage or rent payments | 1. | $830. |
| 2. | Monthly property taxes (if not included in mortgage) | 2. | |
| 3. | Monthly insurance on residence (if not included in mortgage) | 3. | |
| 4. | Monthly condominium maintenance fees and homeowner's association fees | 4. | |
| 5. | Monthly electricity | 5. | 40. |
| 6. | Monthly water, garbage, and sewer | 6. | |
| 7. | Monthly telephone | 7. | 36. |
| 8. | Monthly fuel oil or natural gas | 8. | |
| 9. | Monthly repairs and maintenance | 9. | |
| 10. | Monthly lawn care | 10. | |
| 11. | Monthly pool maintenance | 11. | |
| 12. | Monthly pest control | 12. | |
| 13. | Monthly misc. household | 13. | |
| 14. | Monthly food and home supplies | 14. | 80. |
| 15. | Monthly meals outside home | 15. | |
| 16. | Monthly cable t.v. | 16. | |
| 17. | Monthly alarm service contract | 17. | |
| 18. | Monthly service contracts on appliances | 18. | |
| 19. | Monthly maid service | 19. | |
| Other: | | | |
| 20. | | 20. | |
| 21. | | 21. | |
| 22. | | 22. | |
| 23. | | 23. | |
| 24. | | 24. | |

**25.**                    **SUBTOTAL** (add lines 1 through 24)    **25. $ 986.**

**AUTOMOBILE:**

26. Monthly gasoline and oil ..................................... 26. $30.
27. Monthly repairs ............................................. 27.
28. Monthly auto tags and emission testing ...................... 28.
29. Monthly insurance ........................................... 29.  92.
30. Monthly payments (lease or financing) ....................... 30.
31. Monthly rental/replacements ................................. 31.
32. Monthly alternative transportation  (bus, rail, car pool, etc.) 32.
33. Monthly tolls and parking .................................. 33.
34. Other: ..................................................... 34.

35.                    SUBTOTAL (add lines 26 through 34)    35. $122.

**MONTHLY EXPENSES FOR CHILDREN COMMON TO BOTH PARTIES:**

36. Monthly nursery, babysitting, or day care .................. 36. $
37. Monthly school tuition ..................................... 37.
38. Monthly school supplies, books, and fees ................... 38.
39. Monthly after school activities ............................ 39.
40. Monthly lunch money ........................................ 40.
41. Monthly private lessons or tutoring ........................ 41.
42. Monthly allowances ......................................... 42.
43. Monthly clothing and uniforms .............................. 43.
44. Monthly entertainment (movies, parties, etc.) .............. 44.
45. Monthly health insurance ................................... 45.
46. Monthly medical, dental, prescriptions (nonreimbursed only) . 46.
47. Monthly psychiatric/psychological/counselor ................ 47.
48. Monthly orthodontic ........................................ 48.
49. Monthly vitamins ........................................... 49.
50. Monthly beauty parlor/barber shop .......................... 50.
51. Monthly nonprescription medication ......................... 51.
52. Monthly cosmetics, toiletries, and sundries ................ 52.
53. Monthly gifts from child(ren) to others (other children, relatives, teachers, etc.) ................................................... 53.
54. Monthly camp or summer activities .......................... 54.
55. Monthly clubs (Boy/Girl Scouts, etc.) ...................... 55.
56. Monthly access expenses (for nonresidential parent) ........ 56.
57. Monthly miscellaneous ...................................... 57.

58.                    SUBTOTAL (add lines 36 through 57)    58. $

**MONTHLY EXPENSES FOR CHILD(REN) FROM ANOTHER RELATIONSHIP: (other than court-ordered child support)**

59. ........................................................... 59. $
60. ........................................................... 60.
61. ........................................................... 61.
62. ........................................................... 62.

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit  (12/01)

| 63. | SUBTOTAL (add lines 59 through 62) | 63. $ |

**MONTHLY INSURANCE:**

| 64. Health insurance, excluding portion paid for any minor child(ren) of this relationship **MEDICARE SUPPLEMENT** | 64. $66. |
| 65. Life insurance66. Dental insurance | 65. |
| Other: | 66. |
| 67. **MEDICARE DRUG PLAN** | 67. $35. |
| 68. | 68. |

| 69. | SUBTOTAL (add lines 64 through 68) | 69. $101. |

**OTHER MONTHLY EXPENSES NOT LISTED ABOVE:**

| 70. Monthly dry cleaning and laundry | 70. $ |
| 71. Monthly clothing | 71. |
| 72. Monthly medical, dental, and prescription (unreimbursed only) | 72. |
| 73. Monthly psychiatric, psychological, or counselor (unreimbursed only) | 73. |
| 74. Monthly non-prescription medications, cosmetics, toiletries, and sundries | 74. |
| 75. Monthly grooming | 75. |
| 76. Monthly gifts | 76. |
| 77. Monthly pet expenses | 77. |
| 78. Monthly club dues and membership | 78. |
| 79. Monthly sports and hobbies | 79. |
| 80. Monthly entertainment | 80. |
| 81. Monthly periodicals/books/tapes/CD's | 81. |
| 82. Monthly vacations | 82. |
| 83. Monthly religious organizations | 83. |
| 84. Monthly bank charges/credit card fees | 84. |
| 85. Monthly education expenses | 85. |

Other: (include any usual and customary expenses not otherwise mentioned in the items listed above)

| 86. | 86. |
| 87. | 87. |
| 88. | 88. |
| 89. | 89. |

| 90. | SUBTOTAL (add lines 70 through 89) | 90. $ |

**MONTHLY PAYMENTS TO CREDITORS:**  (only when payments are currently made by you on outstanding balances)

NAME OF CREDITOR(s):

| 91. | 91. $ |
| 92. | 92. |
| 93. | 93. |
| 94. | 94. |
| 95. | 95. |
| 96. | 96. |
| 97. | 97. |

| | |
|---|---|
| 98. | 98. |
| 99. | 99. |
| 100. | 100. |
| 101. | 101. |
| 102. | 102. |
| 103. | 103. |

104.            SUBTOTAL (add lines 91 through 103)

105.   **TOTAL MONTHLY EXPENSES:**
     (add lines 25, 35, 58, 63, 69, 90, and 104 of Section II, Expenses) **105. $ 1,209.**

**SUMMARY**

106.   **TOTAL PRESENT MONTHLY NET INCOME**
     (from line 27 of SECTION I.  INCOME)          **106. $1,209.**

107.   **TOTAL MONTHLY EXPENSES** (from line 105 above)    **107. $1,209**

108.   **SURPLUS** (If line 106 is more than line 107, subtract line 107 from
     line 106.  This is the amount of your surplus.  Enter that amount here.)    **108. $_**

109.   **(DEFICIT)** (If line 107 is more than line 106, subtract line 106 from
     line 107.  This is the amount of your deficit.  Enter that amount here.)    **109. ($**         **)**

**SECTION III. ASSETS AND LIABILITIES**

**A.  ASSETS  (This is where you list what you OWN.)**

**INSTRUCTIONS:**

**STEP 1:** In column A, list a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage).  Blank spaces are provided if you need to list more than one of an item.

**STEP 2:** If this is a petition for dissolution of marriage, check the box **in Column A** next to any item that you are requesting the judge award to you.

**STEP 3:** In column B, write what you believe to be the current fair market value of all items listed.

**STEP 4:** Use column C only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning it belongs to only one of you and should not be divided.  You should indicate to whom you believe the item belongs.  (Typically, you will only use Column C if property was owned by one spouse before the marriage.  See the "General Information for Self-Represented Litigants" found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

| A<br>ASSETS: DESCRIPTION OF ITEM(S)<br>√ the box next to any asset(s) which you are requesting the judge award to you. | B<br>Current Fair<br>Market Value | C<br>Nonmarital<br>(√ correct column) | |
|---|---|---|---|
| | | husband | wife |
| ☐ Cash (on hand) | $100.00 | | |
| ☐ Cash (in banks or credit unions) | 854.77 | | |
| | | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit  (12/01)

| A ASSETS: DESCRIPTION OF ITEM(S) √ the box next to any asset(s) which you are requesting the judge award to you. | B Current Fair Market Value | C Nonmarital (√ correct column) | |
|---|---|---|---|
| | | husband | wife |
| ☐ | | | |
| ☐ Stocks/Bonds | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Notes (money owed to you in writing) | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Money owed to you (not evidenced by a note) | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Real estate: (Home) | | | |
| ☐ (Other) | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Business interests | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Automobiles  1990 BMW with 178,000 miles -- value per Kelly Blue Book | 650.00 | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Boats | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Other vehicles | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (12/01)

| A<br>ASSETS: DESCRIPTION OF ITEM(S)<br>√ the box next to any asset(s) which you are requesting the judge award to you. | B<br>Current Fair<br>Market Value | C<br>Nonmarital<br>(√ correct column) | |
|---|---|---|---|
| | | husband | wife |
| ☐ | | | |
| ☐ | | | |
| ☐ | 500.00 | | |
| ☐ Furniture & furnishings in home | | | |
| ☐ | | | |
| ☐ Furniture & furnishings elsewhere | | | |
| ☐ | | | |
| ☐ Collectibles | | | |
| ☐ | | | |
| ☐ Jewelry | | | |
| ☐ | | | |
| ☐ Life insurance (cash surrender value) | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Sporting and entertainment (T.V., stereo, etc.) equipment | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ Other assets | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| Total Assets  (add column B) | $ 2,114.77 | | |

## B. LIABILITIES/DEBTS  (This is where you list what you OWE.)

**INSTRUCTIONS:**

**STEP 1:**  In column A, list a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage).  Blank spaces are provided if you need to list more than one of an item.

**STEP 2:** If this is a petition for dissolution of marriage, check the box in Column A next to any debt(s) for which you believe you should be responsible.

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit  (12/01)

**STEP 3:** In column B, write what you believe to be the current amount owed for all items listed.

**STEP 4:** Use column C only *if this is a petition for dissolution of marriage and you believe an item is "nonmarital,"* meaning the debt belongs to only one of you and should not be divided. You should indicate to whom you believe the debt belongs. (Typically, you will only use Column C if the debt was owed by one spouse before the marriage. See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

| A<br>LIABILITIES: DESCRIPTION OF ITEM(S)<br>√ the box next to any debt(s) for which you believe you should be responsible. | B<br>Current<br>Amount Owed | C<br>Nonmarital<br>(√ correct column) | |
|---|---|---|---|
| | | husband | wife |
| □ Mortgages on real estate: (Home) | $ | | |
| □ (Other) | | | |
| □ | | | |
| □ | | | |
| □ Charge/credit card accounts | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| □ Auto loan | | | |
| □ Auto loan | | | |
| □ Bank/Credit Union loans | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| □ Money you owe (not evidenced by a note) | | | |
| □ | | | |
| □ Judgments | | | |
| □ | | | |
| □ Other | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| □ | | | |
| **Total Debts** (add column B) | **$ 0.00** | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit  (12/01)

**C. NET WORTH** **(excluding contingent assets and liabilities)**

     **Total Assets** (enter total of Column B in Asset Table; Section A)    **$ 2,104.77**
     **Total Liabilities** (enter total of Column B in Liabilities Table; Section B)    **$ 0**

     **TOTAL NET WORTH** **(Total Assets minus Total Liabilities)**
     **(excluding contingent assets and liabilities)**    **$2,104.77**

**D. CONTINGENT ASSETS AND LIABILITIES**

INSTRUCTIONS:

If you have any **POSSIBLE** assets (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE** liabilities (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| A<br>Contingent Assets<br><br>√ the box next to any contingent asset(s) which you are requesting the Judge award to you. | B<br>Possible Value | C<br>Nonmarital<br>(√ correct column) | |
|---|---|---|---|
| | | husband | wife |
| ☐ | $ | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| **Total Contingent Assets** | $ | | |

| A<br>Contingent Liabilities<br><br>√ the box next to any contingent debt(s) for which you believe you should be responsible. | B<br>Possible Amount<br>Owed | C<br>Nonmarital<br>(√ correct column) | |
|---|---|---|---|
| | | husband | wife |
| ☐ | $ | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| ☐ | | | |
| **Total Contingent Liabilities** | $ | | |

**E.** Has there been any agreement between you and the other party that one of you will take responsibility for a debt and will hold the other party harmless from that debt?  (   ) yes  (   ) no
If yes, explain:

**F.  CHILD SUPPORT GUIDELINES WORKSHEET.** ✎☐ Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.
[ √ one only]

____    **A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.

____    **A Child Support Guidelines Worksheet IS NOT being filed in this case.** The establishment or modification of child support is not an issue in this case.

    **I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____ January 11, 2006

_____
Signature of Party

STATE OF FLORIDA  *Carroll*
COUNTY OF ~~PALM BEACH~~
Sworn to or affirmed and signed before me on  20 Jan  2006

_____
NOTARY PUBLIC or DEPUTY CLERK,

GAIL L. WINN
[Print, type, or stamp commissioned name of notary or clerk.]

exp 12/1/09

☒   Personally known
    Produced identification
    Type of identification produced

MDL # G-635-745-603-288
                        X 4/13/08
        IG 19/03

# M A N D A T E

**EXHIBIT 16**

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable W. MATTHEW STEVENSON, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:**            March 31, 2006

**CASE NO.:**        4D06-952

**COUNTY OF ORIGIN:** Palm Beach

**T.C. CASE NO.:**   501990DR000774XXDIFD

**STYLE:**           ROBERT M. GORDON        v.  EMILY J. GORDON



*Marilyn Beuttenmuller*
**MARILYN BEUTTENMULLER, Clerk**
Fourth District Court of Appeal

**ORIGINAL TO:**     Sharon R. Bock, Clerk
cc:
Robert M. Gordon        Steven M. Goldsmith        Siobhen Helene Shea
Bruce S. Rosenwater      Attorney General - Ft.Laud

lc
Received Time Mar.31. 10:53AM

TOTAL P.03

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2006*

**ROBERT M. GORDON,**
Petitioner,

v.

**EMILY J. GORDON,**
Respondent.

No. 4D06-952

[ March 31, 2006 ]

PER CURIAM.

Petitioner challenges the trial court's issuance of an amended writ of bodily attachment, which directs the Sheriffs of Florida to arrest him in Maryland and to bring him to Florida for a hearing to determine his ability to pay support following a contempt finding. We grant the petition as the language of section 61.11(2), Florida Statutes (2005), limits its application to Florida. *See also* § 30.15(1)(b), Fla. Stat. (2005); *Sanders v. Laird*, 865 So. 2d 649 (Fla. 2d DCA 2004).

STEVENSON, C.J., TAYLOR and HAZOURI, JJ., concur.

\*          \*          \*

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case No. 501990DR000774XXDIFD.

Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, for petitioner.

Siobhan Helene Shea, Palm Beach, for respondent.

Received Time Mar.31. 10:53AM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

**EXHIBIT**
**17**

FAMILY DIVISION

CASE NO: 501990DR000774XXDIFD

IN RE: The Former Marriage Of

EMILY J. GORDON

     Former Wife,

and

ROBERT M. GORDON,

     Former Husband.

FILED 06 FEB 13 PH 2: 24
SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
FAMILY COURT

## ORDER GRANTING FORMER WIFE'S MOTION FOR CONTEMPT

THIS CAUSE having come on to be heard on Former Wife, EMILY GORDON's Motion for Contempt on January 30, 2006, and the Court having heard argument of counsel, and being otherwise advised in the premises, it is hereupon,

ORDERED AND ADJUDGED that said Motion be, and the same is hereby Granted to the extent that the Former Husband is in arrears in the amount of $96,864.45 as of January 1, 2006. The Former Husband has failed to present any competent evidence to overcome the burden to show that he lacks the financial ability to pay. Therefore, the Court presumes that he has the financial ability to pay. The Court is going to award the Former Wife a money judgment in the amount of $96,864.45 as of January 30, 2006 with statutory interest.

IT IS FURTHER ORDERED AND ADJUDGED that a Writ of Bodily Attachment shall be issued.

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida, this ___13___ day of February, 2006.

                                   Martin H. Colin
                                   Circuit Court Judge

Copies furnished:

Bruce S. Rosenwater, Esquire, Bruce S. Rosenwater & Associates, P.A., 1601 Forum Place, Suite 1200, West Palm Beach, FL 33401

Kenneth D. Lemoine, Esquire, Belkin & Lemoine, P.A., 712 North Olive Avenue, West Palm Beach, FL 33401

MRP

FL Hearing 1-30-2006.txt

0001
 1     IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT
                IN AND FOR PALM BEACH COUNTY, FLORIDA
 2                     CASE No.90-0774 FD
 3
     IN RE: THE FORMER MARRIAGE OF
 4
     EMILY J. GORDON,
 5
                 Former Wife,
 6     and
 7     ROBERT M. GORDON,
 8                 Former Husband.

 9     ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
10
11
12              HEARING BEFORE THE HONORABLE
                       MARTIN COLIN
13
14
15
                    Monday, January 30, 2006
16              Palm Beach County Courthouse
                West Palm Beach, Florida 33401
17                    9:15 - 10:25 a.m.
18
19
20     Reported By:
       Kristina McCollum
21     Notary Public, State of Florida
       J. Consor & Associates
22     319 Clematis Street, Suite 208
       West Palm Beach, Florida 33401
23     Phone:  561-835-9738
24
25
0002
 1     APPEARANCES:
 2     On behalf of the Former Wife:
 3          BRUCE S. ROSENWATER, ESQUIRE
            BRUCE S. ROSENWATER & ASSOCIATES, P.A.
 4          1601 Forum Place

                       Page 1

**EXHIBIT 18**

FL Hearing 1-30-2006.txt
```
        Suite 1200
5       West Palm Beach, Florida 33401
        561-688-0991
6
    On behalf of the Former Husband:
7
        KENNETH D. LEMOINE, ESQUIRE
8       LEMOINE & ROIRDAN, P.L.
        712 North Olive Avenue
9       West Palm Beach, Florida 33401
        561-833-9090
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
0003
1                   P R O C E E D I N G S
2                       -  -  -
3           THE COURT:  What do we have?
4           MR. ROSENWATER:  This is the former marriage
5       of Emily Gordon and Robert Gordon.  It's a motion
6       for contempt, the Former Wife's motion for
7       contempt.
8           THE COURT:  Okay.  You want to make a brief
9       opening?
10          MR. ROSENWATER:  Yes.
11          Your Honor, in October of 2004, Emily
Gordon,
12      the Former Wife, filed a motion for contempt,
13      slash, enforcement against the Former Husband
14      seeking to hold the Former Husband in contempt
for
```

Page 2

FL Hearing 1-30-2006.txt

15      his failure to comply with the final judgment of
16      dissolution of marriage which was entered on
17      July 20, 1990 in the Circuit Court of the
Fifteenth
18      Judicial Circuit in and for Palm Beach County.
19           Pursuant to that order the Former Husband
was
20      ordered to pay permanent periodic alimony of $500
a
21      month.  As of today he's in arrears $96,864.45.
22      Since the motion was filed in October there's
been
23      no -- last October of '04, there's been no
payment
24      made to the Former Wife.
25           You may recall, Your Honor, we've been
before
0004
1       the Court a couple times on a motion to dismiss
by
2       Mr. Lemoine, representing the former husband, in
3       which he tried to allege that this Court did not
4       have jurisdiction over this matter because it's
5       been litigated in the state of Maryland and it's
6       been ordered enforcing and domesticating the
final
7       judgment in the state of Maryland.
8            It's clear that the Former Wife, pursuant to
9       USIFA, has the right to go up to Maryland to
10      enforce an order from another state.  Mr. Lemoine
11      will also say that that order was modified in the
12      state of Maryland and Maryland reduced the
alimony
13      obligation to $250 a month.  According to --
14           THE COURT:  Reduced it to ...
15           MR. ROSENWATER:  $250 a month.  It's clear
16      that under the case law, the Florida case law,
and
17      the UFISA statutes that Maryland has no authority
18      to do so.  They can only enforce that obligation.
19      They cannot modify it.  So it's our position that
20      it's $500 a month and the Circuit Court and this
21      Court has been accruing it at $500 a month.
22           The Former Husband has tried to submit that

Page 3

FL Hearing 1-30-2006.txt

23    order to the clerk in the fourth division and the
24    clerk has notified the Former Husband on numerous
25    occasions, which is on the docket sheet, that
this
0005
1     Court still has jurisdiction over the matter and,
2     apparently, does not have the right to modify the
3     Court order.  So it's our position today, Your
4     Honor, that it's $500 a month.  There's no
payments
5     made.  It's a willful noncompliance with this
Court
6     order.  And previously when the Former Husband
was
7     held in contempt or it was a contempt motion,
he's
8     found the ability to pay.
9         THE COURT:  What is the remedy that the
Former
10    Wife is seeking?
11        MR. ROSENWATER:  Seeking to have him make a
12    large purge payment.  If he fails to comply with
13    that order then we'll come back to the Court and
14    seek a commitment order.  Also, in addition she's
15    asking for --
16        THE COURT:  I generally don't do that, just
so
17    you know.  I try not to do that process.  I try
to
18    do it all in one step.
19        MR. ROSENWATER:  Okay.  Well, then if he
does
20    not pay the moneys that the Court orders in terms
21    of his ability, then the Court would issue a
bodily
22    attachment.
23        THE COURT:  And what is the amount of the
24    purge payment if incarcerated?
25        MR. ROSENWATER:  Your Honor --
0006
1         THE COURT:  You say he has the ability to
pay.
2         MR. ROSENWATER:  Yes.  Your Honor, in the
3     past, and it's reflected on the support budget,

Page 4

FL Hearing 1-30-2006.txt

4       he's made payment of $5,500 when he's been
ordered
5       to make the payments.
6           THE COURT:  And do you know what the sources
7       are of those payments?
8           MR. ROSENWATER:  He's self-employed, Your
9       Honor, other incomes, moneys.
10          THE COURT:  Okay.  Next.
11          MR. LEMOINE:  If I may approach, has the
12      financial affidavit that was filed on the 23rd
13      reached the file yet?
14          THE COURT:  It had.
15          MR. LEMOINE:  If I may approach --
16          THE COURT:  Do you have an extra copy?
17          MR. LEMOINE:  I have one here for you.
18          Also, Your Honor, I have a motion pursuant
to
19      Florida Statute 90.203 requesting that this Court
20      take judicial notice of the 12 years of
litigation
21      in Maryland.
22          THE COURT:  First of all, any objection on
23      opening statement to the Former Husband's Florida
24      family law plan?
25          MR. ROSENWATER:  Your Honor, it says it was
0007
1       filed on the 23rd.
2           THE COURT:  It was.
3           MR. ROSENWATER:  I just received it today.
4           THE COURT:  Okay.  All right.  Go ahead.
5           MR. LEMOINE:  Your Honor, it's our position
in
6       this case that currently Mr. Gordon was ordered
by
7       Florida to pay alimony in the amount of $500 a
8       month.  Soon after the divorce Mrs. Gordon
retained
9       counsel and went to Maryland.  And through her
10      counsel, on October 3, 1990, she sought to
enforce
11      this judgment.
12          This judgment was domesticated in Maryland
on
13      the 12th day of November, 1992, and litigated

Page 5

FL Hearing 1-30-2006.txt

for,
14        approximately, 12 years.  There are motions back
15        and forth.  Mrs. Gordon never objected to the
16        jurisdiction of the court -- after she sought
17        jurisdiction.  There's an order modifying the
18        alimony to $250 a month on June 22, 2000.
19            The Court found that Mr. Gordon's business
had
20        failed.  His health was poor.  He was unemployed.
21        He's currently 65 years old.  His only source of
22        income that he has now is, approximately, $1,290
in
23        social security benefits.  He lives in a
24        one-bedroom apartment --
25            THE COURT:  Hold on.  You're telling me
0008
1        things.
2            How would I have seen that evidence?
3            MR. LEMOINE:  By the financial affidavit.
4            THE COURT:  Doesn't say he -- does his
5        financial affidavit say he lives in a one
bedroom?
6            MR. LEMOINE:  No, it doesn't.
7            THE COURT:  I see your client's not present.
8        You have to make sure that in opening statement
you
9        tell me what the evidence is going to show that,
10        you know, is actually going to be able to show.
11            MR. LEMOINE:  The evidence will show that
12        Mr. Gordon has $1,209 -- that his expenses equal
13        $1,209 a month.  And that Mrs. Gordon has
14        absolutely no proof that Mr. Gordon has any money
15        or any income to pay any amount of alimony
16        anywhere, whatsoever.  And we don't believe that,
17        at this time, Your Honor, that Mr. Gordon should
be
18        held in contempt of any willful nonpayment
because
19        he does not have the current ability to pay.
20            THE COURT:  Is he going to tell me that?
21            MR. LEMOINE:  He will not be here, Your
Honor.
22        He cannot afford to come down here.
23            THE COURT:  Let me ask you a question.
                        Page 6

FL Hearing 1-30-2006.txt

```
24              How did the court in Maryland get
jurisdiction
25         to modify?
0009
 1              MR. LEMOINE:  Your Honor, the court in
 2         Maryland got jurisdiction to modify when
 3         Mrs. Gordon went up there, filed a petition to
 4         enforce the foreign judgment, and then went
through
 5         12 years of litigation.  And the court up there
 6         found that the business was failing --
 7              THE COURT:  That doesn't answer the question
 8         on how to get jurisdiction.  The question is --
the
 9         answer is that the Former Wife domesticated the
10         Florida order in Maryland and what I heard from
11         counsel for the Former Wife was she sought
12         enforcement only.  But at some point that action
in
13         Maryland was nonenforcement and the Maryland
court
14         took jurisdiction over the matter because it
seeks
15         modification?
16              MR. LEMOINE:  Yes, Your Honor.
17              THE COURT:  Is that what happened?
18              MR. ROSENWATER:  Your Honor, the Former
19         Husband filed a motion to terminate alimony on a
20         couple occasions in Maryland.  On the second
21         occasion the court construed that motion to
22         terminate and the motion to modify to reduce
23         alimony obligation in connection with, at the
same
24         time, the Former Wife was enforcing --
25              THE COURT:  Did the Maryland court have
0010
 1         jurisdiction to do that?
 2              MR. ROSENWATER:  No.
 3              THE COURT:  Why not?
 4              MR. ROSENWATER:  Under the case law, Your
 5         Honor, it's clear that they don't have
 6         jurisdiction.
 7              THE COURT:  Okay.  Was there an attack on
 8         jurisdiction in Maryland?
```

Page 7

```
                    FL Hearing 1-30-2006.txt
 9              MR. ROSENWATER:  Yes.
10              THE COURT:  Let me ask this question.
11              Has the Maryland order itself right now,
12         putting aside the jurisdiction question -- that's
a
13         final order, correct; is that correct?
14              MR. ROSENWATER:  Correct.
15              THE COURT:  Has that order been domesticated
16         in Florida?
17              MR. ROSENWATER:  No.
18              THE COURT:  Why not?
19              MR. LEMOINE:  Your Honor, I believe,
honestly,
20         that is probably a procedural oversight by
21         Mrs. Gordon when she did this pro se prior to
22         counsel.  I think that's what, probably, should
23         have been done to initiate these proceedings.
24              THE COURT:  Well, if Mrs. Gordon didn't do
it
25         why didn't the Former Husband do it?  So the
order
0011
 1         before the Court for purposes of determining the
 2         amount of arrears and also the, you know, the
 3         ultimate issue of contempt would take into
 4         consideration the Maryland order because if it's
 5         not domesticated how do I take it into
 6         consideration?
 7              MR. LEMOINE:  Your Honor, on December
 8         18, 2003, there was a contempt hearing up in
 9         Maryland and then nine months later is when the
10         Wife filed down here.
11              THE COURT:  I understand that.  But right
now
12         the Former Wife is bringing a motion for
contempt.
13              MR. LEMOINE:  Correct.
14              THE COURT:  And the Florida court has
15         jurisdiction over this case, right?
16              MR. LEMOINE:  Yes, I agree.
17              THE COURT:  But contempt of what?  I know
18         there's no final judgment.  But if there was a
19         modification case and order that that is final
but
```

Page 8

FL Hearing 1-30-2006.txt

20   that took place out of state, for me to recognize
21   that order and, therefore, having applied to the
22   arrears, doesn't that --
23         MR. LEMOINE:  I believe --
24         THE COURT:  So if it becomes an order of the
25   Court, hasn't the Palm Beach County Court
modified
0012
1   the order in 2000 from $500 to $250 a month?
2         MR. LEMOINE:  Judge, I believe that the
Court,
3   pursuant to Florida Statute 90.203, can take
4   judicial notice of the pleadings up in Maryland,
5   take judicial notice of the modification that
6   occurred up there.
7         THE COURT:  I don't know.  I'm not saying
it's
8   not.  I don't know that that's a remedy that can
9   bypass the present case because the domestication
10   process is what allows a foreign order in Florida
11   court.  It discloses the evidence -- I can know
12   that that's what Maryland did, okay.  So by
13   stipulation, I know what Maryland.  I can
consider
14   it.  But, therefore, what Maryland did has not
come
15   into Florida the way it's supposed to come it.
16         Can I legally consider it?
17         MR. LEMOINE:  I think under a full faith and
18   credit --
19         THE COURT:  But the way we carry out full
20   faith and credit is domestication.  So my
question
21   is legally -- I have to do things legally.
22         My question to the Former Husband is do you
23   want me to consider the modification from 2000?
24         MR. LEMOINE:  Yes, Your Honor.
25         THE COURT:  Tell me the legal way I'm
allowed
0013
1   to do that.
2         MR. LEMOINE:  I believe legally that can be
3   done through the judicial notice.
4         THE COURT:  It doesn't allow that.  That's

**Page 9**

FL Hearing 1-30-2006.txt
not
 5          similar or in exchange for -- for purposes of
 6          making an order.  It just tells me that's what
 7          Maryland did.  Right or wrong, that's what
Maryland
 8          did.
 9               MR. LEMOINE:  I guess, then, the proper
10          procedure would have been to have it
domesticated.
11               THE COURT:  I think I know that much.  It's
12          your client's burden to tell me if I can do it or
13          not and then tell me the legal basis for it.
14               MR. LEMOINE:  Well, Your Honor, I have not
15          considered that.  I was going under the
impression
16          that after 12 years of litigation in Maryland and
17          the wife is proceeding under the modification
18          order, the contempt on the modification itself in
19          Maryland, that that's what we were going under.
20               THE COURT:  She can do all that in Maryland.
21          Florida recognizes foreign orders that are
22          domesticated.  But that hasn't happened.  How do
I
23          actually consider that order as I would a -- I
24          think that would knowledge but it hasn't been
done.
25          I don't know how I can legally Maryland order.
0014
 1               MR. LEMOINE:  I would make an ore tenus
motion
 2          with leave to amend our pleading to incorporate
or
 3          to domesticate the --
 4               THE COURT:  What pleadings?
 5               MR. LEMOINE:  The pleadings that we filed.
 6               THE COURT:  What pleadings are you talking
 7          about?
 8               MR. LEMOINE:  We would amend our response.
 9               THE COURT:  Again, that's not a substitute
for
10          domestication.
11                    *   *   *   *   *
12               THE COURT:  On the motion for contempt, it's
13          granted to the extent that the Court finds that

Page 10

FL Hearing 1-30-2006.txt

```
the
14        Former Husband is in arrears in the amount of
15        $96,864.45 and that was as of, I don't have the
16        date, of January 1, 2006.  The Former Husband has
17        failed to present any evidence, competent
evidence,
18        to overcome the burden to show he that lacks the
19        financial ability to pay.  Therefore, the Court
20        presumes he has the financial ability to pay.
21             The Former Wife has no evidence to indicate
22        that the Former Husband, if a purge payment is
set,
23        has the ability to pay that purge payment and
24        identify the source.  The Court is going to award
25        the Former Wife a money judgement in the amount
of
0015
1         $96,864.45 as of today's date, the 31st of
January,
2         2006 with statutory interest.
3              The Court is also going to order that a
4         hearing -- is necessary to determine his ability
to
5         pay the purge amount.  So the Court is going to
6         issue a, by recommendation of counsel, a writ of
7         bodily attachment.
8              (The hearing was concluded.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 11

FL Hearing 1-30-2006.txt

0016
```
 1                    C E R T I F I C A T E
 2
 3    STATE OF FLORIDA
 4    COUNTY OF PALM BEACH
 5
 6
 7             I, Kristina McCollum, Professional Reporter,
 8    State of Florida at large, certify that I was
authorized
 9    to and did stenographically report the foregoing
10    proceedings and that the transcript is a true and
11    complete record of my stenographic notes.
12             Dated this 2nd day of February, 2006.
13
14
15    _____
           KRISTINA MCCOLLUM
16
17
18
19
20
21
22
23
24
25
```

011106lemoine.txt

```
0001
 1      IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT
               IN AND FOR PALM BEACH COUNTY, FLORIDA
 2                      CASE No.90-0774 FD
 3
       IN RE: THE FORMER MARRIAGE OF
 4
       EMILY J. GORDON,
 5
               Former Wife,
 6      and
 7      ROBERT M. GORDON,
 8               Former Husband.

 9      ───────────────────────────────────────
10
11
12              HEARING BEFORE THE HONORABLE
                      MARTIN COLIN
13
14
15
                Wednesday, January 11, 2006
16              Palm Beach County Courthouse
                West Palm Beach, Florida 33401
17                   9:00 - 9:15 a.m.
18
19
20      Reported By:
        Kristina McCollum
21      Notary Public, State of Florida
        J. Consor & Associates
22      319 Clematis Street, Suite 208
        West Palm Beach, Florida 33401
23      Phone:  561-835-9738
24
25
0002
 1      APPEARANCES:
 2      On behalf of the Former Wife:
 3          BRUCE S. ROSENWATER, ESQUIRE
            BRUCE S. ROSENWATER & ASSOCIATES, P.A.
 4          1601 Forum Place
```

EXHIBIT
**19**

Page 1

011106lemoine.txt

```
        Suite 1200
  5     West Palm Beach, Florida 33401
        561-688-0991
  6
      On behalf of the Former Husband:
  7
        KENNETH D. LEMOINE, ESQUIRE
  8     LEMOINE & ROIRDAN, P.L.
        712 North Olive Avenue
  9     West Palm Beach, Florida 33401
        561-833-9090
 10
 11
 12
 13
 14
 15
 16
 17
 18
 19
 20
 21
 22
 23
 24
 25
0003
```

## P R O C E E D I N G S
- - -

```
  3          THE COURT:  Good morning.  Who do we have?
  4          MR. LEMOINE:  Judge, I have, actually, three
  5     things.  One's a motion to compel deposition and
a
  6     motion to strike.  The other's an amended motion
to
  7     dismiss and then a motion to appear by telephone.
  8          THE COURT:  All right.  Show me and we'll do
  9     them one at a time.
 10          MR. LEMOINE:  I have -- I believe these were
 11     sent to you.
 12          THE COURT:  Here's what I've got for today.
 13          MR. LEMOINE:  This was actually set for
 14     yesterday.  It was noticed for today.
```

Page 2

011106lemoine.txt
```
15          THE COURT:  Then it's in yesterday's trash.
16     If they're not heard yesterday or on the day and
17     they're copies ...
18          MR. LEMOINE:  Basically, Judge, the first
one
19     on the deposition is the parties were divorced
here
20     in Palm Beach County in 1990.
21          THE COURT:  This is the Gordon case, case
22     number 90-774.
23          Mr. Lemoine, you're representing the Former
24     Husband?
25          MR. LEMOINE:  Yes, Your Honor.
0004
1          THE COURT:  Okay.  Go ahead.
2          MR. LEMOINE:  The parties were divorced in
3     1990.  Subsequently, they litigated for 12 years
in
4     Maryland where the final dissolution of marriage
5     was incorporated and enrolled in Maryland back in
6     1992.  The Wife has subsequently filed a motion
for
7     contempt in Florida relying on the 1990 order,
not
8     mentioning any of the 12 years of litigation in
9     Maryland or any of the orders in the
modifications
10     that took place in Maryland.
11          Her deposition was initially set for
12     December 23rd which is actually a court holiday.
I
13     had a problem getting a court reporter and I also
14     had some scheduling problems.  I had to cancel
15     that.  And in an attempt to reschedule,
16     Mr. Rosenwater's office told me that they would
not
17     reschedule the deposition unless it was after
18     working hours.  I don't think that's appropriate.
19          THE COURT:  After whose working hours?
20          MR. LEMOINE:  After five o'clock.
21          THE COURT:  Okay.
22          MR. LEMOINE:  I don't think it's
appropriate,
23          for one, because I don't think the court reporter
```
Page 3

011106lemoine.txt

```
24          should have to work after hours.  Personally,
Your
25          Honor, I don't have the time to stay until seven
or
0005
1           eight o'clock at night right now and do business
2           during normal business hours.  I would just ask
3           that she be compelled at a deposition during
normal
4           business hours because she brought this
deposition
5           here in Florida.
6                   THE COURT:  She's local?
7                   MR. LEMOINE:  She's local.
8                   THE COURT:  And the action pending by the
9           Former Wife is a motion for contempt?
10                  MR. LEMOINE:  Yes, Your Honor.
11                  THE COURT:  And it's set for ...
12                  MR. LEMOINE:  January 30th.
13                  THE COURT:  Before me or the commissioner?
14                  MR. ROSENWATER:  Before you.
15                  MR. LEMOINE:  I believe it's before you for
30
16          minutes.
17                  THE COURT:  So the only issue is the date
and
18          time of the deposition?
19                  MR. LEMOINE:  The issue in the motion is to
20          get a deposition during normal business hours.
21                  THE COURT:  Okay.  Mr. Rosenwater, on that
22          issue.
23                  MR. ROSENWATER:  Your Honor, this deposition
24          was originally scheduled for some time in January
25          of this year and then we contacted Mr. Lemoine's
0006
1           office and our client contacted us and said that
2           she's being laid off from her present position.
3           She has a new position she's starting in January
4           with a small company, and they're not giving her
5           the opportunity to take off time during working
6           hours for the deposition.  Therefore, we
7           rescheduled it with Mr. Lemoine's office on
8           December 23, 2005.
9                   A couple days before the deposition my
```

Page 4

011106lemoine.txt

client
10          contacted Mr. Lemoine's office for directions to
11          his office.  On that date, I guess, Mr. Lemoine
or
12          his paralegal or secretary went through the file
13          and noticed they never did a notice of taking
14          deposition.  So that same day we received a
notice
15          of taking deposition.  The next day they sent us
a
16          notice of cancelling the deposition.
17              We don't have any objection to her
deposition
18          being taken.  But due to the circumstances in
which
19          she just started a new job, her employer will not
20          let her off regular hours, working hours, to take
21          this deposition.  In December when she lost her
22          other job we made her available, we agreed to
this
23          date on the 23rd.
24              It's our position that Mr. Lemoine
25          unilaterally cancelled that deposition on the
23rd.
0007
1          My client was ready to go.  I was ready do go.
Now
2          it's next to impossible and a hardship for her to
3          go there now that she started a new job.
4              THE COURT:  Well, everybody works during the
5          work week from nine to five.  And the answer to
her
6          employer is that she's not voluntarly going to a
7          deposition.  She's being ordered to go.  So, you
8          know, if the employer fires her because of that
9          there may be some, you know, responsibility on
the
10          part of the employer.
11              How long of a deposition do you anticipate
12          this being?
13              MR. LEMOINE:  Judge, it's going to be a
couple
14          hours, at least, with 12 years of litigation up
in

Page 5

011106lemoine.txt

```
15        Maryland that we need to go to.
16             THE COURT:  That's subject to the motion for
17        contempt?
18             MR. LEMOINE:  I believe it is.
19             THE COURT:  I don't know anything about the
20        case.  That's why I'm asking you.
21             MR. LEMOINE:  I believe it is.
22             THE COURT:  The motion for contempt deals
with
23        what issue.
24             MR. ROSENWATER:  Failure to pay alimony.
25        Basically, there was a final judgment that
ordered
0008
1         him to pay alimony.  Her position is he hasn't
paid
2         the alimony.  That's the only issue.  He wants to
3         go back and say, you litigated this motion in
4         Maryland.  You filed a motion for contempt in
5         Maryland.  That's irrelevant.  It's present
6         ability.  She can always file motions for --
7              THE COURT:  In this case, has there been an
8         order either in Florida or in Maryland that
9         modified the final judgment?
10             MR. LEMOINE:  Yes, Your Honor, in Maryland.
11             MR. ROSENWATER:  Correct.
12             THE COURT:  Is that so?
13             MR. ROSENWATER:  Correct.
14             THE COURT:  Is that still -- has that been
15        brought into Florida?
16             MR. LEMOINE:  No, Your Honor.  It has not.
17        Basically, what the basis of my other motion, the
18        motion to dismiss.
19             THE COURT:  Okay.
20             MR. ROSENWATER:  Well, we --
21             THE COURT:  Hold on.  On the deposition, the
22        court order is that the deposition of the Former
23        Wife, who is the moving party here, shall be
24        taken -- let me ask you this, Mr. Rosenwater.
25             What hours does she actually work and days?
0009
1              MR. ROSENWATER:  Monday through Friday.  I
2         believe it's nine to five.
3              THE COURT:  Okay.  So why don't we do this
```

Page 6

011106lemoine.txt

```
to
 4      try to make it as reasonable as possible to
 5      everyone.  Why don't you take it.  If you need
two
 6      hours, why don't you start the deposition at
 7      three o'clock.  Therefore, she'll be able to work
 8      most of the day.  And the date -- I'm going to
 9      allow counsel to coordinate.  Tell me -- you want
10      the date in the court order?
11          MR. ROSENWATER:  I don't have a calendar
with
12      me.
13          MR. LEMOINE:  I think we can work it out.
14          THE COURT:  As long as it's a date prior to
15      January 30th, and it needs to be during business
16      hours.  She's noticed because she's a party.  As
17      far as the employer goes, that's as good as a
18      subpoena and a court order.  So she appears.
19          All right.  We'll go to the next motion.  I
20      need an order on this, Mr. Lemoine.
21          MR. LEMOINE:  Yes, Your Honor.
22          The next motion is our motion to allow the
23      Former Husband to appear by telephone.
24          THE COURT:  I don't have that motion.
25          MR. LEMOINE:  Unfortunately, I don't have a
0010
 1      copy with me either.  Mr. Rosenwater's kind
enough
 2      to ...
 3          THE COURT:  All right.
 4          MR. LEMOINE:  Mr. Gordon moved to Maryland
 5      right after the divorce in 1990.  Has never
 6      returned to the State of Florida.  Is currently
 7      living on $1,400 in social security.  His rent's
 8      $800 a month.  He's unemployed, in bad health,
and
 9      does not have the finances to come down here for
10      his deposition.
11          We would just ask that he be allowed to
appear
12      by telephone if Mr. Rosenwater wants to take his
13      deposition.  I will go on record today and advise
14      the Court that Mr. Gordon will not be here on
15      January 30th for the hearing.  He does not have
```

Page 7

011106lemoine.txt

the
16          finances to do that.  That was an issue that me
and
17          Mr. Rosenwater talked about.
18               THE COURT:  Are you going to preserve his
19          testimony at the deposition?
20               MR. LEMOINE:  If Mr. Rosenwater wants to
take
21          his deposition, I ask that it be taken by
22          telephone.  We can use that.  If not, he won't be
23          presenting any testimony at the January 30th
24          hearing because he can't get here.
25               THE COURT:  Okay.  All right, Mr.
Rosenwater,
0011
 1          what do you say?
 2               MR. ROSENWATER:  I told Mr. Lemoine if he's
 3          not going to come to the January 30th hearing,
I'm
 4          not going to take his deposition.  I just object
to
 5          him appearer by phone and for him to come in for
 6          the trial.  If he's not going to come in, I don't
 7          need his deposition.
 8               THE COURT:  So this motion is moot because
 9          you're now saying that you can't --
10               MR. ROSENWATER:  Based upon Mr. Lemoine's
11          representation that he's not going to be
appearing
12          at trial on January 30th.
13               MR. LEMOINE:  He won't be.
14               THE COURT:  Okay.  Motion withdrawn.
15               MR. LEMOINE:  And the last thing, Your
Honor,
16          is an amended motion to dismiss; is quite
lengthy.
17          Your Honor ruled on the prior motion to dismiss
18          back in May.  Basically, it's the same motion.
But
19          this one just raises, for the first time, the
20          subject matter jurisdiction of the Wife's motion
21          for contempt.
22               It's our position that the Florida Court, at
23          this time, does not have subject matter

Page 8

011106lemoine.txt

```
24        jurisdiction over it because there's an order
25        entered in Maryland that has not been brought
down
0012
 1        to Florida for domestication.
 2             We believe that Maryland still retains
 3        jurisdiction.  And it would be the only proper
 4        thing to get that order domesticated down here
and
 5        then if the Wife wants to further litigate all
 6        these issues she can do so from the last Maryland
 7        order which was entered December 18th of 2003.
 8             THE COURT:  But that was a contempt order.
 9             Is there a modification of the -- you both
10        said there was a modification of the Florida
final
11        judgment.
12             MR. LEMOINE:  There was, Your Honor.
13             THE COURT:  When was that?
14             MR. LEMOINE:  I believe it's cited in my
15        motion that I handed up.
16             THE COURT:  I see that Maryland adopted the
17        Florida order.  It cancelled out the Florida
order.
18        That was in 1992.
19             MR. LEMOINE:  Then on ...
20             THE COURT:  Looks like the Former Husband
21        filed, in '97, a modification of alimony.
22             Was there an order entered on that?
23             MR. LEMOINE:  Yes, Your Honor, there was.
24             THE COURT:  I see contempts.
25             MR. ROSENWATER:  Your Honor, if I may
0013
 1        interrupt.
 2             THE COURT:  Sure.
 3             MR. ROSENWATER:  We heard this already back
in
 4        March or May.  Mr. Lemoine brought certified
copies
 5        of all the orders to the Court's attention.  This
 6        has been ruled on already.  The Former Wife has
 7        always resided in Palm Beach County.  The final
 8        judgment retained exclusive jurisdiction or
 9        continuing jurisdiction.  The Court has
```

Page 9

011106lemoine.txt

```
10          jurisdiction over this matter.
11              THE COURT:  Let me ask you this.  Aside from
12      that I don't see --
13              MR. LEMOINE:  Exhibit 17.
14              THE COURT:  It says here the Former Husband
15      filed a position to decrease alimony.
16              MR. LEMOINE:  On the Exhibit 17 attached,
it's
17      the ruling on the modification.
18              THE COURT:  Oh, it's attached.  Let me see
19      that.
20              Has this order of June 21, 2000 from
Maryland
21      been domesticated here?
22              MR. LEMOINE:  No, Your Honor.
23              THE COURT:  Well, you know, we have a final
24      judgment in Florida that has an alimony
25      requirement.  There's a Maryland order that was
0014
1       entered between these parties.  But the Florida
2       order never -- is not superseded.  It's still in
3       effect.  I mean, it could be that a domestication
4       of this Maryland order might affect the Florida
5       proceeding.  But Florida still is allowed to
6       proceed.  I mean, I think I ruled on that before.
7               What's changed about that?
8               MR. LEMOINE:  Just for the first time, I'm
9       formally raising the subject matter jurisdiction
of
10      this pending motion filed by the Wife which goes
11      back to 1990.  It never addresses anything that
12      happened in Maryland.  I think that motion -- I
13      don't believe the Court has jurisdiction because
14      that's already been ruled upon by the Maryland
15      court.
16              THE COURT:  Well, Maryland, apparently, in
17      2000, reduced his alimony obligation.  That's not
18      the Florida order.  I mean, Chapter 61.14 allows
a
19      party to a Palm Beach County Circuit Court
20      proceeding who, or either of them, who resides on
21      the date of execution of an agreement or an
22      application or an order to continue to enforce
it.
```

Page 10

011106lemoine.txt

23          I mean, that's right in our statute.  So
24     there's continuing jurisdiction in Florida.  We
25     didn't lose jurisdiction by virtue of the fact
that
0015
1      the Husband took the Florida order, made it a
2      Maryland order, and then had a modification of
3      that.  It doesn't supersede our jurisdiction.
4          MR. LEMOINE:  Actually, the Wife did that.
5      The Wife is the one that went up there and had it
6      domesticated.
7          THE COURT:  But, apparently, that may be so.
8      That means more than one court has jurisdiction
9      which happens all the time.  But Florida doesn't
10     lose jurisdiction.  That's the law.  No doubt
about
11     that.  That's what I ruled before.  It's still
the
12     law.  It hasn't changed.  Motion to dismiss
denied.
13          MR. ROSENWATER:  Thank you.
14          THE COURT:  I need orders on these three
15     matters.
16          MR. LEMOINE:  I'll get them, Your Honor.
17          (The hearing was concluded.)
18
19
20
21
22
23
24
25
0016
1                    C E R T I F I C A T E
2
3      STATE OF FLORIDA
4      COUNTY OF PALM BEACH
5
6
7          I, Kristina McCollum, Professional Reporter,
8      State of Florida at large, certify that I was
authorized
9      to and did stenographically report the foregoing
                    Page 11

011106lemoine.txt
10   proceedings and that the transcript is a true and
11   complete record of my stenographic notes.
12            Dated this 1st day of February, 2006.
13
14
15   _____
16   KRISTINA MCCOLLUM
17
18
19
20
21
22
23
24
25

**Page 12**

# ATTACHMENT TO CIVIL COVER SHEET

## CAUSES OF ACTION

1.  <u>28 U.S.C. § 1343(a)</u>
    Civil Rights Violations

2.  <u>28 U.S.C. § 1983</u>
    Civil Rights Liability

3.  <u>28 U.S.C. §§ 2201, 2202</u>
    Declaratory and Injunctive relief

4.  <u>28 U.S.C. § 1651(a)</u>
    Issuance of a Writ of Mandamus.

5.  <u>14th Amendment of The Constitution of The United States of America</u>
    Violation of Due Process and Equal Protection

6.  <u>28 U.S.C. § 1367</u>
    Supplemental Jurisdiction

7.  <u>Rule 65, Federal Rules of Civil Procedure</u>
    Injunctive Relief

8.  <u>42 U.S.C. § 1988</u>
    Proceedings in Vindication of Civil Rights

9.  <u>28 U.S.C. § 1331</u>
    Jurisdiction of all Civil Actions Arising Under the Constitution

10. <u>Violation of Article I § 23 of The Constitution of The State of Florida</u>
    Right of Privacy

# List of Defendants with Addresses

The Honorable Martin H. Colin
Fifteenth Judicial Circuit Court
Palm Beach County Courthouse
c/o Susan Ferrante, Trial Court Administrator
Main Judicial Complex
Room 5.2503
205 North Dixie Highway
West Palm Beach, Fl. 33401


Bruce S. Rosenwater, Esq.
As himself and as,
Attorney for Emily J. Gordon
1601 Forum Place, Suite 1200
West Palm Beach, FL. 33401


Emily J. Gordon
2561 Village Boulevard
Apt. 106
West Palm Beach, Florida 33409

**JS 44** (Rev. 11/05)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Gordon, Robert M.

CIV-RYSKAMP

**(b)** County of Residence of First Listed Plaintiff   Baltimore County, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

06-80776

9:06 CV 80776-Ryskamp Vitunac

### DEFENDANTS
Colin, Martin H. personally and as Judge for The Circuit Court of Palm Beach County, FL (2) Rosenwater, Bruce S. (3) Gordon, Emily J.

County of Residence of First Listed Defendant   Palm Beach County, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
Attorneys in this case unknown. (See attached List of Defendants & Def. E. Gordon's previous attorneys (Rosenwater) & (Shea)

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                          DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

See Attachment identified as "Causes of Action"

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD   pro se
DATE   August 8, 2006

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 537952